FILED
SEP 15 2005
U.S. COURT OF FEDERAL CLAIMS

IN THE
UNITED STATES COURT OF FEDERAL CLAIMS

EPSOLON LIMITED, by and through SLIGO (2000) COMPANY, INC., Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

05-999T

**COMPLAINT FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER INTERNAL REVENUE CODE SECTION 6226[1]**

**NATURE OF ACTION**

1. This is a Federal income tax action for readjustment of partnership items brought under section 6226 and Appendix F of the Rules of the United States Court of Federal Claims.

**STATEMENT OF CLAIM**

2. This action is brought with respect to Epsolon Limited ("Plaintiff" or "Epsolon"), by and through its Tax Matters Partner, Sligo (2000) Company, Inc., to contest the untimely issuance of and the determinations in the Notice of Final Partnership Administrative Adjustment (the "FPAA"), dated June 17, 2005, issued by the Commissioner of Internal Revenue (the "Commissioner") through the Internal Revenue Service Center located in Baltimore, Maryland 21201. The proposed adjustments in the FPAA relate to the Form 1065, U.S. Return of Partnership Income, that Epsolon filed for the tax year ended December 31, 2001. A copy of the FPAA, including the accompanying statements and schedules, is attached hereto and marked as

[1] Unless otherwise indicated, all references to "section" or "Code" are to the Internal Revenue Code of 1986, as amended. All "Treas. Reg." and "Treasury Regulation" references are to the Treasury Regulations promulgated under the Code.

"Exhibit A." In the FPAA, the Commissioner determined an increase in income in the amount of $13,890,954 and determined that accuracy related penalties under section 6662 were applicable to the tax resulting from this determination. The entire amount of such determinations (including any such penalty) is in dispute.

## GENERAL ALLEGATIONS

3. Epsolon is a company that is limited by shares, and is organized and existing under the laws of the Republic of Ireland. During 2001, Epsolon was treated as a partnership for United States Federal income tax purposes. Epsolon's principal corporate offices are located at 43 Ailesbury Road, Hallsbridge, Dublin 4, Ireland. Epsolon's Federal employer identification number is 98-0336318. Epsolon's Form 1065 for the tax year ending December 31, 2001 was filed with the Internal Revenue Service Center in Philadelphia, Pennsylvania 19255.

4. The Plaintiff is the Tax Matters Partner of Epsolon, Sligo (2000) Company, Inc., a corporation organized under the laws of Delaware which has made an election under Subchapter S of the Code ("Sligo"). Sligo's address is Department 502, 2644 Capitol Trail, Suite 300; Newark, Delaware 19711. Sligo's Federal employer identification number is 51-0405078.

5. The Defendant is the United States of America, with respect to the claims and actions of its agent, the Internal Revenue Service (the "IRS"), an executive agency within the Department of Treasury. Service of process may be made on Defendant through the Attorney General at the Tax Division of the Department of Justice and upon such other offices or individuals as may be required.

## JURISDICTION

6. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. §1508 and 26 U.S.C. §6226(b).

7. Pursuant to 6226(e)(1), Sligo made a deposit of $6,100,000 with the Internal Revenue Service Center, Cincinnati, Ohio 45999 by mailing, via certified mail with return receipt requested, a check in that amount along with a notifying letter to that address on September 12, 2005. Sligo reserves the right under section 6226(e) to post any greater amount this Court determines to be due.

**PERIOD OF LIMITATIONS DEFENSE**

8. The FPAA is invalid because it was not mailed to the tax matters partner on a timely basis in accordance with Code sections 6225 and 6229, and the determinations therein therefore are barred by the period of limitations. Section 6229 establishes an exclusive partnership-specific period of limitations that is separate from the period of limitations in Code section 6501, and that applies to partnership items reported on the partnership information return (Form 1065). Such partnership items become final upon the expiration of this period of limitations. See, e.g., Transpac Drilling Venture 1983-2 v. United States, 32 Fed. Cl. 810 (Fed. Cl. 1995), aff'd, 83 F.3d 1410 (Fed. Cir. 1996). Code section 6229 provides finality for partnership items and ensures that such partnership items are applied on a unified, consistent, and equal basis to all partners.

12. The limitations period of Code section 6229(a) expires if that period is not suspended by the Commissioner's mailing of a notice of a final partnership administrative adjustment to the tax matters partner before three years after the later of the date on which the partnership return for the taxable year was filed or the last day for filing such return, determined without regard to extensions. There are exceptions elsewhere in section 6229 for limited situations that are not applicable here.

13. The partnership return was properly mailed via certified mail, return receipt requested, to the IRS on or before April 15, 2002, the due date of the return without extension.

The limitations period for assessment under section 6229(a) expired three years thereafter on April 15, 2005.

14. The FPAA was dated June 17, 2005 and was mailed on or about that date, which was more than two months after the expiration of the period of limitations on April 15, 2005.

15. An untimely FPAA cannot suspend the period of limitations specified in Code section 6229(a) after that period has expired and cannot be the basis of any adjustments with respect to partnership items. Because the FPAA was mailed after the requisite period for making any assessment of a deficiency attributable to any partnership item, the FPAA is invalid and cannot suspend the running of the period of limitations under section 6229(a), and the partnership items as originally reported on Epsolon's return have become final.

**ASSIGNMENTS OF ERROR**

16. In the alternative, if the Court determines that the FPAA was mailed to the tax matters partner on a timely basis, the Commissioner's determination of the adjustments, as set forth in the FPAA, is based on the following errors .

a. The Commissioner erred in determining an increase to Other Income in the amount of $13,890,954.

b. The Commissioner erred in determining that penalties under section 6662 are appropriate with respect to the amount of tax that would arise as a result of the adjustment to Other Income referenced in paragraph 16.a of this Complaint.

17. In the FPAA the Commissioner alleged the following partnership items as a basis for its adjustments:

a. That Epsolon failed to establish the actual existence of Epsolon as an entity or that it constituted a partnership for Federal income tax purposes.

b. That Epsolon failed to establish that the basis of Epsolon in any property disposed of by Epsolon was greater than zero for purposes of determining gain or loss.

c. That Epsolon's formation, the acquisition of any interest therein by Epsolon's partners, and Epsolon's foreign currency options transactions lacked any genuine business purpose apart from tax reduction and that Epsolon and its transactions lacked economic substance and constituted economic shams for Federal income tax purposes.

d. That one of Epsolon's partner, Sligo, and an entity wholly owned by Sligo that is disregarded for Federal income tax purposes, Sligo (2000) LLC, as well as the options transactions in which Sligo and Sligo (2000) LLC engaged, lacked any genuine business purpose apart from tax reduction and that Sligo (2000) LLC, Sligo, and the transactions entered into by both entities, lacked economic substance and constituted economic shams for Federal income tax purposes.

e. That pursuant to Treasury Regulation section 1.701-2, Epsolon was formed and/or availed of in connection with a transaction or transactions, a principal purpose of which was to reduce substantially the present value of its partners' aggregate Federal tax liabilities, in a manner inconsistent with the intent of Subchapter K of the Internal Revenue Code. That Epsolon is therefore disregarded for Federal income tax purposes, and that all transactions engaged in by Epsolon are treated as engaged in directly by its partners, such that the assets purportedly acquired by Epsolon, including but not limited to options, are deemed to be acquired directly by its partners, including Sligo.

f. That the closure of the loss legs of any Epsolon foreign currency options was purposely delayed until after the effective date of Epsolon's purported election to be treated as a partnership for U.S. income tax purposes, and that any losses from those positions were

economically incurred and substantially locked in prior to the effective date of the election, when Epsolon was purportedly a controlled foreign corporation ("CFC") of Sligo. That pursuant to Treasury Regulation section 1.988-2(f), any losses from foreign currency options positions of Epsolon are deemed to have been recognized by Epsolon as a CFC prior to its election to be treated as a partnership for United States tax purposes. That based on the foregoing, the partners in Epsolon are not entitled to claim losses from these transactions.

g. That, alternatively, if the substance of any Epsolon foreign currency options indicates that those transactions are not properly considered section 988 transactions, then pursuant to Treasury Regulation section 1.988-1(a)(11)(i), the losses claimed from the options transactions are not treated as derived from section 988 transactions, and (only if otherwise allowable under applicable law) are recharacterized as capital losses.

h. That the options claimed to have been written by Epsolon on December 20, 2000 and December 21, 2000 constitute liabilities for purposes of section 752 and the regulations thereunder, and that such liabilities reduce the basis of the partners in Epsolon accordingly.

i. That pursuant to section 482, in order to clearly reflect income and/or to prevent the avoidance of Federal income taxes, the losses from foreign currency options positions of Epsolon are hereby allocated from Epsolon (the partnership) to Epsolon (the CFC), both of which were owned and controlled by Sligo (2000) Company, Inc. That based on the foregoing, the partners of Epsolon are not entitled to claim losses from these transactions.

j. That the loss claimed by Epsolon and by Sligo is further disallowed because it is has not been established that Sligo became a partner in Epsolon, contributed any assets thereto, or had basis in its alleged partnership interest in Epsolon greater than zero.

k. That it has not been established that Epsolon's other partner, Cumberdale Investments ("Cumberdale"), became a partner in Epsolon, contributed any assets thereto, or had basis in its partnership interest in Epsolon greater than zero.

l. That the losses claimed by Epsolon and its partners are further disallowed because it has not been established that the losses, or any portion thereof, were actually sustained or constituted real economic losses.

m. That Epsolon failed to establish that any foreign currency options transactions that were entered into were entered into primarily for profit and/or that the requirements for deduction of the claimed losses under section 165 were otherwise met.

n. That Epsolon failed to establish that the claimed losses of Epsolon (including but not limited to losses that may have represented investment advisory fees or other transaction costs) are deductible under any provision of the Code, including but not limited to sections 162 and 212.

o. That the losses claimed by Epsolon are further disallowed because Epsolon's method of accounting does not clearly reflect income as required by section 446(b).

p. That Epsolon failed to establish that the overall substance of the transactions, as opposed to the form in which they were cast, entitles Epsolon and its partners to the losses claimed.

q. That Epsolon failed to establish that the claimed losses are not limited by the provisions of section 465.

r. That the adjustments of partnership items of Epsolon are attributable to a "tax shelter" for which no substantial authority has been established for the positions taken, and for which there is no showing of reasonable belief by the partnership or its partners that the

positions taken were more likely than not the correct treatment of the "tax shelter" and related transactions. That all of the underpayments of tax resulting from said adjustments are attributable to, at a minimum, (1) gross valuation misstatement(s), (2) negligence or disregard of rules and regulations, (3) substantial understatement(s) of income tax, or (4) substantial valuation misstatement(s). That there has been no showing by Epsolon or any of its partners that there was reasonable cause for any of the resulting underpayments, that Epsolon or any of its partners acted in good faith, or that any other exceptions to the penalty apply. That, based on the foregoing, the accuracy-related penalty under section 6662 applies to all underpayments of tax attributable to adjustments of partnership items of Epsolon. That a 40 percent penalty should be imposed on the portion of any underpayment attributable to the gross valuation misstatement as provided by sections 6662(a), 6662(b)(3), 6662(e), and 6662(h). That a 20 percent penalty should be imposed on the portion of the underpayment attributable to negligence or disregard of rules and regulations as provided by sections 6662(a), 6662(b)(1), 6662(c). That a 20 percent penalty should be imposed on the underpayment attributable to the substantial understatement of income tax as provided by section 6662(a), 6662(b)(2), and 6662(d). That a 20 percent penalty should be imposed on the underpayment attributable to the substantial valuation misstatement as provided by sections 6662(a), 6662(b)(3), and 6662(e).

18. The facts upon which Plaintiff relies as the basis for this proceeding are as follows:

a. Increase to Other Income.

1. On December 20, 2000, Epsolon purchased from Lehman Brothers, N.A., multiple foreign currency options for a combined net premium of $156,041,001.

2. Also on December 20, 2000, Epsolon sold to Lehman Brothers, N.A., multiple foreign currency options for a combined net premium of $157,500,000.

3. On December 21, 2000, Epsolon sold, for $50,531,399, options that it had acquired for a combined net premium of ($729,056). Epsolon realized a gain of $51,260,455 as a result of the termination of its position in these options.

4. Epsolon was not subject to United States Federal income tax with respect to the gain in the amount of $51,260,455 that Epsolon realized from the sale of options on December 21, 2000 because Epsolon was a foreign corporation that was not engaged in a United States trade or business, and the gain from the sale of the foreign currency options was not "fixed, determinable, annual, or periodic" income as that phrase is defined by sections 881 and 882 of the Code.

5. On December 21, 2000, Epsolon used the $50,531,399 in proceeds from the sale of the options (along with additional funds) to enter into additional foreign currency option transactions with Lehman Brothers, N.A.

6. Pursuant to a timely filed Form 8832, Epsolon elected to be classified as a partnership for United States Federal income tax purposes effective on December 27, 2000. Pursuant to this election, Epsolon was deemed to have distributed its assets and liabilities to its shareholders in a deemed liquidation under section 332 on December 26, 2000, and the former shareholders were deemed to have contributed under section 721 such assets and liabilities to Epsolon in its classification as a partnership. As a result of this deemed distribution and contribution, the shareholders in Epsolon had a basis in their shares of Epsolon (the partnership) equal to the basis that Epsolon had in its assets prior to this transaction.

7. For the year ended December 31, 2000, Epsolon (partnership) realized a loss in the amount of $39,584,511 with respect to various foreign currency options it disposed of during 2000.

8. On January 8, 2001, Epsolon (the partnership) paid $122,401,534 to dispose of options that it had acquired for a combined net premium of $108,510,580. Epsolon (the partnership) thus realized a loss for its taxable year ending December 31, 2001 in the amount of $13,890,954.

9. Accordingly, the Commissioner erroneously proposed an adjustment to increase Other Income by disallowing this loss, realized by Plaintiff and reported on Plaintiff's partnership information return for 2001 in the amount of $13,890,954.

b. Penalty Under Section 6662.

1. The allegations set forth in paragraph 18.a., supra, are incorporated by reference in this paragraph 18.b.1.

2. The adjustment to Other Income determined by the FPAA is erroneous.

3. In the alternative, any such increase to Other Income was not attributable to a substantial understatement of income tax, a gross valuation misstatement, or negligence or disregard of rules or regulations.

4. In the alternative, Epsolon (and its partners) had substantial authority for the tax treatment reflected on their income tax returns for 2001.

5. In the alternative, Epsolon (and its partners) had a reasonable basis for believing that the tax treatment reflected on their income tax returns for 2001 was more likely than not the proper treatment.

6. Accordingly, the Commissioner erroneously determined a section 6662 penalty for 2001.

WHEREFORE, Plaintiff, Epsolon, prays that this Court determine that the FPAA was not mailed within the period of limitations for assessments under section 6229(a) and is invalid, or in the alternative, that the proposed adjustments in the FPAA are erroneous, and that this Court redetermine the FPAA to remove all adjustments to income, losses, distributions, basis, and penalties and grant such other further relief to Plaintiff as this Court may deem proper.

Respectfully submitted,

A. Duane Webber
Attorney of Record

George M. Clarke III
Of Counsel

Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006
(202) 452-7000
(202) 452-7074

Attorneys for Plaintiff,
Epsolon Limited, by and through
Sligo (2000) Company, Inc.
Tax Matters Partner

Dated: September 15, 2005

EXHIBIT A

**Internal Revenue Service** **Department of the Treasury**

Date: JUN 17 2005

ROBERT H. ALBARAL
2300 TRAMMELL CROW CENTER
2001 ROSS AVENUE
DALLAS, TX 75201

Taxpayer Name:
EPSOLON LIMITED
Taxpayer Identification Number:
98-0336318
Form Number:
1065
Year(s):
DECEMBER 31, 2001
Person to Contact/ID Number:
GEORGE PELIKAN/52-06108
Contact Telephone Number:
410-962-3509
Contact Fax Number:
410-962-0967

Dear Mr. Albaral:

We are sending the enclosed material under the provisions of your power of attorney or other authorization we have on file. For your convenience, we have listed the name of the taxpayer to whom this material relates in the heading above.

If you have any questions, please call the contact person at the telephone number shown in the heading of this letter.

Thank you for your cooperation.

Sincerely,

Linda Vranas

LINDA VRANAS
TECHNICAL SERVICES
EXAMINATION GROUP MANAGER

Enclosures:
☒ Letter(s) 1830
☐ Report(s)
☐ Other

**Letter 937 (Rev. 11-2004)**
Catalog Number 30760X

**Internal Revenue Service** **Department of the Treasury**

Refer To:
QMS:GP
Taxpayer Identifying Number:
98-0336318
Name of Partnership:
EPSOLON LIMITED

Partnership Identifying Number:
98-0336318
Tax Year Ended:
DECEMBER 31, 2001

Date FPAA Mailed to Tax Matters Partner:
JUNE 17, 2005
Person to Contact:
GEORGE PELIKAN
EMPLOYEE# 52-06108
Contact Hours:
8AM-4:30PM

Contact Telephone Number:
410-962-3509

Date: JUN 17 2005

**TAX MATTERS PARTNER**
**EPSOLON LIMITED**
**C/O SLIGO (2000) COMPANY INC.**
**DEPARTMENT 502**
**2644 CAPITOL TRAIL, SUITE 300**
**NEWARK, DELAWARE 19711**

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be files after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more than one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

**3. If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

Mark W. Everson
Commissioner
By
Linda Vranas for
Scott E. Irick
Technical Services
Territory Manager

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

**Internal Revenue Service** **Department of the Treasury**

Refer To:
QMS:GP
Taxpayer Identifying Number:
98-0336318
Name of Partnership:
EPSOLON LIMITED

Date: JUN 17 2005

Partnership Identifying Number:
98-0336318
Tax Year Ended:
DECEMBER 31, 2001

TAX MATTERS PARTNER
EPSOLON LIMITED
% KEITH TUCKER
2816 VINE ST APT 253
DALLAS, TX 75204

Date FPAA Mailed to Tax Matters Partner:
JUNE 17, 2005
Person to Contact:
GEORGE PELIKAN
EMPLOYEE# 52-06108
Contact Hours:
8AM-4:30PM

Contact Telephone Number:
410-962-3509

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be files after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more than one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

**3. If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

Mark W. Everson
Commissioner
By
Linda Vranas for
Scott E. Irick
Technical Services
Territory Manager

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

**Internal Revenue Service** | **Department of the Treasury**

Refer To:
QMS:GP
Taxpayer Identifying Number:
98-0336318
Name of Partnership:
EPSOLON LIMITED

Date: JUN 1 7 2005

Partnership Identifying Number:
98-0336318
Tax Year Ended:
DECEMBER 31, 2001

TAX MATTERS PARTNER
EPSOLON LIMITED
43 AILESBURY ROAD
BALLSBRIDGE
DUBLIN 4, IRELAND

Date FPAA Mailed to Tax Matters Partner:
JUNE 17, 2005
Person to Contact:
GEORGE PELIKAN
EMPLOYEE# 52-06108
Contact Hours:
8AM-4:30PM

Contact Telephone Number:
410-962-3509

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership".*

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be files after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more than one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

**3. If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

Mark W. Everson
Commissioner
By
Linda Vranas for
Scott E. Irick
Technical Services
Territory Manager

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

Page of

Form **4605-A**

Department of the Treasury - Internal Revenue Service

**Examination Changes – Partnerships, Fiduciaries, Small Business Corporations, and Domestic International Sales Corporations**

| Name and Address of Taxpayer | Employer Identification Number (TIN) | | Form Number: |
|---|---|---|---|
| Epsolon Limited<br>c/o Sligo (2000) Co. Inc.<br>2644 Capitol Trail Suite 300<br>Newark, Delaware 19711 | 98-0336318 | | 1065 |
| | Person Examination Changes Were Discussed With | Name and Title: | |

| 1. Adjustments to ordinary, distributable net, or taxable income | Tax Period: 12/31/2001 | Tax Period: | Tax Period: |
|---|---|---|---|
| a. Other income (loss) | 13,890,954.00 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| 2. Total adjustment to ordinary, distributable net, or taxable income | 13,890,954.00 | | |
| 3. Ordinary, distributable net, or taxable income as reported | (13,890,954.00) | | |
| 4. Corrected, ordinary, distributable net, or taxable income | 0.00 | | |
| 5. Other adjustments | | | |
| a. Investment income included in portfolio income | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 1,520.00 | | |
| (3) Corrected | 1,520.00 | | |
| b. Distributions - money (cash securities) | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 836,245.00 | | |
| (3) Corrected | 836,245.00 | | |

**Remarks**

Accuracy Related Penalties under IRC Section 6662 are included as a partnership item adjustment. See the explanation of items in paragraph 18 for a description of the penalties. Additionally, please see explanation of items titled Information Regarding Additions to Tax (Penalties) and Affected Items.

| Examiner's Signature: | Employee ID: | Office: | Date: |
|---|---|---|---|
| Shannon Dickerson | 50-04975 | Wheaton, MD | 06/16/2005 |

RGS Version 5.20.00

Form 4605-A-CG

Taxpayer: Epsolon Limited
TIN: 98-0336318

Page of

## Form 4605-A – Other Adjustments (Continued)

| | Tax Period: 12/31/2001 | Tax Period: | Tax Period: |
|---|---|---|---|
| c. IRC Section 6662 Accuracy Related Penalty | | | |
| (1) Adjustment | APPLIES | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |

Explanation of Items For Epsolon Limited
Final Partnership Administrative Adjustment
Tax Year Ended December 31, 2001

1. It is determined that you have failed to establish the actual existence of Epsolon Limited, or that Epsolon Limited otherwise constituted a partnership for federal income tax purposes.

2. You have further failed to establish that the basis of Epsolon Limited in any property disposed of by that entity was greater than zero for purposes of determining gain or loss.

3. In addition, even if Epsolon Limited existed, its formation, the acquisition of any interest therein, and its alleged foreign currency options transactions lacked any genuine business purpose apart from tax reduction. Epsolon Limited and its transactions lacked economic substance and constituted economic shams for federal income tax purposes.

4. It is further determined that Sligo (2000) LLC and Sligo (2000) Company, Inc., as well as the options transactions in which they engaged, lacked any genuine business purpose apart from tax reduction. Sligo (2000) LLC, Sligo (2000) Company, Inc. and their transactions lacked economic substance and constituted economic shams for federal income tax purposes.

5. It is further determined that under § 1.701-2 of the Income Tax Regulations, Epsolon Limited was formed and/or availed of in connection with a transaction or transactions a principal purpose of which was to reduce substantially the present value of its partners' aggregate federal tax liabilities, in a manner inconsistent with the intent of Subchapter K of the Internal Revenue Code. Epsolon Limited is therefore disregarded for federal income tax purposes, and all transactions engaged in by Epsolon Limited are treated as engaged in directly by its purported partners. This includes the determination that assets purportedly acquired by Epsolon Limited, including but not limited to options, were acquired directly by its purported partners, including Sligo (2000) Company, Inc.

Explanation of Items For Epsolon Limited
Final Partnership Administrative Adjustment
Tax Year Ended December 31, 2001

6. It is further determined that closure of the loss legs of any Epsolon Limited foreign currency options was purposely delayed until after the effective date of Epsolon Limited's purported election to be treated as a partnership for U.S. income tax purposes, and that any losses from those positions were economically incurred and substantially locked in prior to the effective date of the election, when Epsolon Limited was purportedly a controlled foreign corporation (CFC) of Sligo (2000) Company, Inc. Pursuant to §1.988-2(f) of the Income Tax Regulations, any losses from foreign currency options positions of Epsolon Limited are deemed to have been recognized by Epsolon Limited CFC prior to its election to be treated as a partnership for United States tax purposes. Accordingly, the partners in Epsolon Limited are not entitled to claim losses therefrom.

7. Alternatively, if the substance of any Epsolon Limited foreign currency options indicates that those transactions are not properly considered Section 988 transactions, then pursuant to section 1.988-1(a)(11)(i) of the Income Tax Regulations, the losses claimed from the options transactions are not treated as derived from section 988 transactions, and (only if otherwise allowable under applicable law) are recharacterized as capital losses.

8. It is further determined that the options claimed to have been written by Epsolon Limited on December 20, 2000 and December 21, 2000 constitute liabilities for purposes of I.R.C. § 752 and the regulations thereunder, and that such liabilities reduce the basis of the partners in Epsolon Limited accordingly.

9. It is further determined pursuant to I.R.C. §482 that in order to clearly reflect income, and/or to prevent the avoidance of federal income taxes, the claimed losses from foreign currency options positions of Epsolon Limited are hereby allocated from Epsolon Limited Partnership to Epsolon Limited CFC, both of which were owned and controlled by Sligo (2000) Company, Inc. Accordingly, the partners of Epsolon Limited are not entitled to claim losses therefrom.

10. The loss claimed by Epsolon Limited and by Sligo (2000) Company, Inc. is further disallowed because it is has not been established that Sligo (2000) Company, Inc. became a partner in Epsolon Limited, contributed any assets thereto, or had basis in its alleged partnership interest in Epsolon Limited greater than zero.

11. In addition, it has not been established that Cumberdale Investments became a partner in Epsolon Limited, contributed any assets thereto, or had basis in its alleged partnership interest in Epsolon greater than zero.

Explanation of Items For Epsolon Limited
Final Partnership Administrative Adjustment
Tax Year Ended December 31, 2001

12. The losses claimed by Epsolon Limited and its partners are further disallowed because it has not been established that the losses, or any portion thereof, were actually sustained, or constituted real economic losses.

13. You have further failed to establish that any foreign currency options transactions that were entered into were entered into primarily for profit, and/or that the requirements for deduction of the claimed losses under I.R.C. § 165 were otherwise met.

14. You have further failed to establish that the claimed losses of Epsolon Limited (including but not limited to losses that may have represented investment advisory fees or other transaction costs) are deductible under any provision of the Internal Revenue Code, including but not limited to I.R.C. §§ 162 and 212.

15. The losses claimed by Epsolon Limited are further disallowed because the partnership's method of accounting does not clearly reflect income as required by I.R.C. § 446(b).

16. You have further failed to establish that the overall substance of the transactions, as opposed to the form in which they were cast, entitles Epsolon Limited and its partners to the losses claimed.

17. You have further failed to establish that the claimed losses are not limited by the provisions of I.R.C. § 465.

18. It is further determined that the adjustments of partnership items of Epsolon Limited are attributable to a tax shelter for which no substantial authority has been established for the position taken, and for which there is no showing of reasonable belief by the partnership or its partners that the position taken was more likely than not the correct treatment of the tax shelter and related transactions. In addition, all of the underpayments of tax resulting from said adjustments are attributable to, at a minimum, (1) gross valuation misstatement(s), (2) negligence or disregard of rules and regulations, (3) substantial understatement(s) of income tax, or (4) substantial valuation misstatement(s). There has been no showing by the partnership or any of its partners that there was reasonable cause for any of the resulting underpayments, that the partnership or any of its partners acted in good faith, or that any other exceptions to the penalty apply. It is therefore determined that, at a minimum, the accuracy-related penalty under Section 6662 of the Internal Revenue Code applies to all underpayments of tax attributable to adjustments of partnership items of Epsolon, Limited. The penalty shall be imposed on the components of underpayment as follows:

Explanation of Items For Epsolon Limited
Final Partnership Administrative Adjustment
Tax Year Ended December 31, 2001

18. (continued)

A. a 40 percent penalty shall be imposed on the portion of any underpayment attributable to the gross valuation misstatement as provided by Sections 6662(a), 6662(b)(3), 6662(e), and 6662(h) of the Internal Revenue Code.
B. a 20 percent penalty shall be imposed on the portion of the underpayment attributable to negligence or disregard of rules and regulations as provided by Sections 6662(a), 6662(b)(1), 6662(c) of the Internal Revenue Code.
C. a 20 percent penalty shall be imposed on the underpayment attributable to the substantial understatement of income tax as provided by sections 6662(a), 6662(b)(2), and 6662(d) of the Internal Revenue Code.
D. a 20 percent penalty shall be imposed on the underpayment attributable to the substantial valuation misstatement as provided by Sections 6662(a), 6662(b)(3), and 6662(e) of the Internal Revenue Code.

It should not be inferred by the determination of the Accuracy Related Penalty in this notice that fraud penalties will not be sought on any portion of an underpayment subsequently determined to be attributable to fraud, or that prosecution for criminal offenses will not be sought under IRC §§ 7201, 7206, or other provisions of federal law, if determined to be appropriate.

Explanation of Items for Epsolon Limited
Final Partnership Administrative Adjustment
Tax Year Ending December 31, 2001
Information Regarding Additions to Tax (Penalties) and Affected Items

The Internal Revenue Code provides, in appropriate cases, for the application of accuracy related penalties under Internal Revenue Code Section 6662, which include, in part, penalties for negligence or disregard of rules or regulations, substantial understatement of income tax, and substantial valuation misstatements.

For partnership taxable years ending ***after*** August 5, 1997, penalties are determined at the partnership level and may be agreed to as part of the partnership proceeding. A court will have jurisdiction over partnership level penalties raised in a Final Partnership Administrative Adjustment petition for a partnership taxable year ending ***after*** August 5, 1997. Any partner level defense to partnership level penalty determinations, however, may only be raised through refund claims following the assessment and collection of such penalties.

For all partnership taxable years, other items affected by partnership adjustments, "affected items," may also be separately determined and assessed after the outcome of the partnership proceeding. Upon the completion of the partnership proceeding or the execution of a Form 870-PT, you may be sent an examination report and/or a statutory notice of deficiency asserting affected items.

Please note: This is an information item only, and is not part of the notice of Final Partnership Administrative Adjustment.

| Form **870-PT** (Rev. 8-2004) | Department of the Treasury — Internal Revenue Service<br>**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO:<br>QMS:GP |
|---|---|---|

| Taxpayer(s) name(s), address and ZIP code: | Name of Partnership: | Tax Year(s) Ended: |
|---|---|---|
| Tax Matters Partner<br>Epsolon Limited<br>c/o Sligo (2000) Company Inc.<br>2644 Capitol Trail, Suite 300<br>Dept. 502<br>Newark, DE 19711 | Epsolon Limited<br>Taxpayer Identifying Number:<br>98-0336318 | December 31, 2001 |
| Taxpayer Identifying Number: | Name of Tax Matters Partner: | |

**Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts**
**&**
**Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts**

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement, plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

| Signature of Taxpayer | Date Signed |
|---|---|
| Signature of Taxpayer | Date Signed |
| By (Signature and Title) | Date Signed |

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

## INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury — Internal Revenue Service

# Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts

## SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| Epsolon Limited<br><br>TAXPAYER IDENTIFYING NUMBER 98-0336318 | 12/31/2001 | | |
| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME | | | |
| Other Income (Loss) | 13,890,954 | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | 13,890,954 | | |
| OTHER ADJUSTMENTS | | | |
| A. Investment Income | | | |
| (1) ADJUSTMENT | 0.00 | | |
| (2) AS REPORTED | 1,520.00 | | |
| (3) CORRECTED | 1,520.00 | | |
| B. Distributions - money (cash/securities) | | | |
| (1) ADJUSTMENT | 0.00 | | |
| (2) AS REPORTED | 836,245.00 | | |
| (3) CORRECTED | 836,245.00 | | |

REMARKS

Accuracy related penalties under IRC Section 6662 are included as a partnership item adjustment. See the explanation of items in paragraph 18 for a description of the penalties. Additionally, please see explanation of items titled Information Regarding Additions to Tax (Penalties) and Affected Items.

## Form 870-PT, Other Adjustments (Continued)

Page ____ of ____

| NAME OF PARTNERSHIP<br>Epsolon Limited<br>TAXPAYER IDENTIFYING NUMBER 98-0336318 | TAX YEAR(S) ENDED<br>12/31/2001 | | |
|---|---|---|---|
| C. IRC Section 6662 Accuracy Related Penalty | | | |
| (1) ADJUSTMENT | APPLIES | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| D. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| E. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| F. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| G. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| H. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| I. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |