**IN THE**
**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **EPSOLON LIMITED, by and through SLIGO (2000) COMPANY, INC., Tax Matters Partner,** | ) | |
| **Plaintiff,** | ) | **No. 05-999 T** |
| **v.** | ) | **Judge Margaret M. Sweeney** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**AND BRIEF IN SUPPORT THEREOF**

**A. Duane Webber**
**George M. Clarke III**
**Baker & McKenzie LLP**
**815 Connecticut Avenue, N.W.**
**Washington, DC 20006**
**(202) 452-7000**

**David G. Glickman**
**Robert H. Albaral**
**Baker & McKenzie LLP**
**2300 Trammel Crow Center**
**2001 Ross Avenue**
**Dallas, TX 75201**
**(214) 978-3000**

**TABLE OF CONTENTS**

**QUESTION PRESENTED…...………………………………………………….………1**

**STATEMENT OF THE CASE…………………………………………………...2**

**ARGUMENT**

**I. THIS MOTION SHOULD BE CONSIDERED ALTHOUGH PROCEEDINGS HAVE BEEN SUSPENDED....………….....…..……4**

**II. THE FPAA IS UNTIMELY AND CANNOT OPERATE TO ADJUST EPSOLON'S RETURN………………………...……..5**

**III. THIS COURT'S OPINION IN AD GLOBAL FUND IS NOT IMPLICATED IN THIS CASE………………………........6**

**CONCLUSION……………………………………………………………….....8**

**APPENDIX:**

**Proposed Findings of Uncontroverted Fact**

**Declaration of Keith A. Tucker**

| Exhibits | Description |
|---|---|
| A | Epsolon Form 1065 for 2001 |
| B | Epsolon Partnership Return Receipt |
| C | Epsolon FPAA |
| D | Keith and Laura Tucker Form 1040 for 2001 |
| E | Keith and Laura Tucker Individual Return Receipt |

**Declaration of George M. Clarke III**

| | |
|---|---|
| F | Date-Stamped Page 1 of Epsolon Form 1065 for 2001 |
| G | Keith and Laura Tucker Alleged SNOD |
| H | Tax Court Order Dismissing Tuckers' 2001 Case |

# TABLE OF AUTHORITIES

**CASES:**

*AD Global Fund, LLC v. United States*, 67 Fed. Cl. 657 (2005)……………………………….....6, 7

*Rhone-Poulenc Surfactants and Specialties, L.P. v. Commissioner*, 114 T.C. 533 (2000)...…..6, 7

*Transpac Drilling Venture 1983-2 v. United States*, 32 Fed Cl. 810 (1995)………….………..6

**STATUTES:**

Internal Revenue Service Code of 1986 (26 U.S.C.):

§ 6072…………………………………………..……………………………….2, 3

§ 6229…………………………………………………..……………………...*passim*

§ 6501……………………………………………………..………………………….5, 6, 7

§ 7502………………………………………………………...………..……………5, 7

**IN THE**
**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **EPSOLON LIMITED, by and through SLIGO (2000) COMPANY, INC., Tax Matters Partner,** | ) | |
| **Plaintiff,** | ) | **No. 05-999 T** |
| **v.** | ) | **Judge Margaret M. Sweeney** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**AND BRIEF IN SUPPORT THEREOF**

Epsolon Limited ("Plaintiff" or "Epsolon"), by and through its Tax Matters Partner, Sligo (2000) Company, Inc., whose managing member is Keith A. Tucker ("Mr. Tucker"), respectfully moves this Court for summary judgment that the Notice of Final Partnership Administrative Adjustment ("FPAA") issued to Plaintiff was untimely and thus that Epsolon's return for the taxable year ended December 31, 2001 has become final and cannot be adjusted to reflect the determinations made in the FPAA.

In support of its motion, Plaintiff respectfully states as follows:

## QUESTION PRESENTED

The sole question presented by Plaintiff's Motion for Summary Judgment (this "Motion") to the Court is whether the FPAA issued to Epsolon was untimely, such that Epsolon's 2001 return is final and cannot now be adjusted.

## STATEMENT OF THE CASE

Epsolon filed its Form 1065, U.S. Return of Partnership Income, for the tax year ending December 31, 2001, on April 10, 2002 (the "Partnership Return"). (A copy of the Partnership Return as retained in Mr. Tucker's files (unsigned) is attached as Exhibit A to the Declaration of Keith A. Tucker (the "Tucker Declaration").)

When the Partnership Return was mailed, a U.S. mail return receipt (the "Partnership Return Receipt") was requested from the Internal Revenue Service (the "Service") upon delivery and was subsequently received back from the Service. That Partnership Return Receipt demonstrates that the Service received the Partnership Return on April 15, 2002. (A copy of the Partnership Return Receipt is attached as Exhibit B to the Tucker Declaration.)

Consistent with the Partnership Return Receipt, the Partnership Return was date-stamped upon receipt by the Service on April 15, 2002. (A copy of the first page of the date-stamped Partnership Return is attached as Exhibit F to the Declaration of George M. Clarke III (the "Clarke Declaration").)

The aforementioned documentation irrefutably establishes that the Partnership Return was mailed to the Service on or before April 15, 2002, the due date of the Partnership Return without extension under Code section 6072(a).[1] The Service issued Epsolon an FPAA dated June 17, 2005, which is more than three years after the Partnership Return was mailed to the Service. (A copy of the FPAA is attached as Exhibit C to the Tucker Declaration.)

The partnership-specific period of limitations provided by section 6229 runs and expires if that period is not suspended by, among other things not implicated in this case, the Service's

---

[1] Unless otherwise indicated, all references to "section" or "Code" are to the Internal Revenue Code of 1986, as amended.

issuance of an FPAA before three years after the later of the date on which the partnership return for the taxable year was filed or the last day for filing such return, determined without regard for extensions. See generally section 6229(d).

Mr. Tucker and his wife filed a joint Form 1040, U.S. Individual Income Tax Return on April 10, 2002 (the "Individual Return"). (A copy of the Individual Return, along with its transmittal letter, as retained in Mr. Tucker's files (unsigned) is attached as Exhibit D to the Tucker Declaration.)

When the Individual Return was mailed, a U.S. Mail return receipt (the "Individual Return Receipt") was requested upon delivery and subsequently received back from the Service. The Individual Return Receipt demonstrates that the Service received the Individual Return. (A copy of the Individual Return Receipt is attached as Exhibit E to the Tucker Declaration.)

The aforementioned documentation irrefutably establishes that the Individual Return was mailed to the Service on or before April 15, 2002, the due date of the Individual Return without extension under section 6072(a). The Service issued what was styled as a Statutory Notice of Deficiency ("SNOD") to Mr. Tucker (and his wife) on April 14, 2005. (A copy of the alleged SNOD is attached as Exhibit G to the Clarke Declaration.) The Service has now conceded that the alleged SNOD was invalid when issued because the SNOD only contained adjustments to prohibited items, and a motion to dismiss Mr. Tucker's Tax Court case for the 2001 taxable year was granted on February 7, 2006. (A copy of the order dismissing that case is attached as Exhibit H to the Clarke Declaration.)

## ARGUMENT

### I. This Motion Should Be Considered Although Proceedings Have Been Suspended.

This Court granted Defendant's Motion to Suspend Proceedings (the "Motion to Stay") in the instant case on February 22, 2006, staying the case until further notice. The Motion to Stay was based on the premise that permitting this case to proceed would prejudice a separate criminal proceeding and would prejudice Defendant's ability to develop its defense in this case. The Court's consideration of this Motion should not in any way interfere with the criminal proceedings that served as the basis for the Motion to Stay and should require, at best, a limited evidentiary review by the Court of documents that already are in the possession of both parties. Moreover, Defendant expressly stated in Defendant's Reply to Plaintiff's Response and Objection to Defendant's Motion to Stay Proceeding ("Defendant's Reply") that it had no objection to an exception to the suspension of proceedings for consideration of a motion for summary judgment directed solely to the question of the FPAA's timeliness. (Defendant's Reply at 13-14.) This Motion is so directed and the consideration of the Motion could not possibly implicate the criminal proceeding. Under such circumstances, an indefinite delay in the proceedings which precludes consideration of this Motion would be inappropriate. Accordingly, this Court should accept, consider, and resolve this Motion.

Prior to filing this Motion, counsel for Plaintiff inquired of counsel for Defendant whether Defendant would, notwithstanding the statement to the contrary in Defendant's Reply, object to consideration of this Motion. Counsel for Defendant represents that he needs to review the Motion in order to determine whether it is directed in a fashion such that it is appropriately considered notwithstanding the stay of proceedings. Defendant does object to the granting of this Motion on the merits and will file a response accordingly.

## II. The FPAA Is Untimely And Cannot Operate to Adjust Epsolon's Return.

The FPAA the Service issued Epsolon on June 17, 2005 is invalid because it was not timely sent in accordance with section 6229. The Partnership Return Receipt attached to the Tucker Declaration as Exhibit B is prima facie evidence of delivery of the Partnership Return to the Service, and the date of the Partnership Return Receipt is the date of such delivery under sections 7502(a) and (c). A timely mailed return is treated as timely filed under section 7502. Because the Partnership Return was timely mailed on or before April 15, 2002, its due date without extension, it is deemed filed on that due date in accordance with section 6501(b)(1). Furthermore, if there were any doubt, the date-stamped copy of the Partnership Return attached to the Clarke Declaration as Exhibit F irrefutably proves that such return was actually received by the Service on April 15, 2002. Because the Partnership Return was deemed filed (and actually received) on April 15, 2002, the limitations period of section 6229(a) expired three years hence, on April 15, 2005. None of the other exceptions to the running and expiration of the section 6229(a) limitations period provided elsewhere in section 6229 are applicable.

The FPAA was issued over two months after the April 15, 2005 expiration of the limitations period, on June 17, 2005. The Commissioner thus failed to take any partnership action prior to the expiration of this limitations period. Therefore, the June 17, 2005 FPAA did not and could not suspend the running and expiration of the section 6229(a) limitations period on April 15, 2005.

The Service's failure to take any action to suspend the running of the limitations period of section 6229(a) by the issuance of the FPAA within that period means that the FPAA is invalid because it was not timely. Section 6229 is an exclusive partnership-specific period of limitations – separate from the limitations period of section 6501 – which is applicable to

partnership items reported on the Partnership Return, so that such partnership items become final on expiration of this period of limitations. See, e.g., Transpac Drilling Venture 1983-2 v. United States, 32 Fed. Cl. 810, 817 (1995). Section 6229 thus provides finality for partnership items and ensures that such partnership items are applied on a unified, consistent, and equal basis to all partners. Because the FPAA is invalid, the section 6229 limitations period has expired, and the partnership items as originally reported on Epsolon's Partnership Return for 2001 have become final and cannot be adjusted to reflect the determinations made in the FPAA.

## III. This Court's Opinion in AD Global Fund Is Not Implicated in This Case.

This Court held in AD Global Fund, LLC v. United States, 67 Fed. Cl. 657 (2005), that section 6229 contained a "minimum period" or "extension" rather than an exclusive limitations period as compared with the limitations period of section 6501. While Plaintiff believes that the holding in that case is wrong, such holding is not implicated in the instant case. The predicate of this Court's decision in AD Global Fund, as well as the Tax Court's decision in Rhone-Poulenc Surfactants and Specialties, L.P. v. Commissioner, 114 T.C. 533 (2000) (holding that section 6229 connoted a minimum period, such that the limitations period is the "longer of" the period in section 6229 or the period in section 6501), was that an individual partner's limitations period under Code section 6501(a) ***was still open***, although the partnership's limitations period under section 6229(a) had closed. The opinion in each case concluded that the relevant limitations period was ***the longer of*** the section 6501(a) and section 6229(a) period. This case is not implicated by the decision in AD Global Fund or Rhone-Poulenc because, in addition to the section 6229(a) period being closed, as described in detail above, the section 6501(a) period with respect to the Tuckers' Individual Return ***was also already closed when the FPAA was issued***.

Here, the Individual Return Receipt attached to the Tucker Declaration as Exhibit E is prima facie evidence of timely mailing and actual delivery of the Individual Return to the Service. As noted above, a timely mailed return is treated as timely filed under section 7502. Because the Individual Return was timely mailed on or before April 15, 2002, its due date without extension, it is deemed filed on that due date in accordance with section 6501(b)(1). And because the Individual Return was deemed filed on April 15, 2002, the limitations period of section 6501(a) expired three years hence, on April 15, 2005. The only exception that could have applied to suspend the Tuckers' statute of limitations under section 6501 was the issuance of a ***valid*** SNOD within the section 6501(a) period (i.e., prior to or on April 15, 2005). The SNOD that was in fact issued to Mr. Tucker on April 14, 2005 was ultimately determined by the Tax Court to be invalid. None of the other detailed and specific exceptions to the running and expiration of the section 6501(a) limitations period provided elsewhere in the Code are applicable here. The section 6501(a) period of limitations for the Tuckers, therefore, had expired more than 60 days prior to the issuance of the FPAA on June 17, 2005.

Accordingly, because ***both*** Epsolon's section 6229 limitations period and Mr. Tucker's section 6501(a) limitations period had already expired prior to issuance of the FPAA, that FPAA (irrespective of the holdings in AD Global Fund and Rhone-Poulenc) is untimely and the Epsolon return is final and cannot be adjusted to reflect the determinations made in the FPAA.

## CONCLUSION

For the reasons set forth above, Plaintiff, Epsolon, respectfully prays that this Court grant this Motion, determine that the FPAA is untimely, and therefore hold that the partnership items as reported on Epsolon's Partnership Return for 2001 have become final and may not be adjusted by the Service.

Respectfully submitted,

/s/ A. Duane Webber
A. Duane Webber
Attorney of Record

George M. Clarke III
Of Counsel

Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006
(202) 452-7000

David G. Glickman
Robert H. Albaral
Of Counsel

Baker & McKenzie LLP
2300 Trammel Crow Center
2001 Ross Avenue
Dallas, TX 75201
(214) 978-3000

Attorneys for Plaintiff,
Epsolon Limited

Dated: April 11, 2006