# Exhibit G

EXHIBIT A

Department of the Treasury
Internal Revenue Service
31 Hopkins Plaza, Room 1208
Baltimore, MD 21201

Date: APR 14 2005

CERTIFIED MAIL

KEITH A & LAURA B TUCKER
3831 TURTLE CREEK BOULEVARD UNIT 6H
DALLAS TEXAS 75219-4412

Letter Number: 531 (DO)
Form Number: 1040
Person to Contact:
G. Pennington
Telephone Number:
(410) 962-3093
Employee Identification Number:
52- 07516
Taxpayer Identifying Number:
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
Refer Reply To:
S:SE:E:TS:SAA:8:SM
Last Day to File a Petition With
the United States Tax Court: JUL 13 2005

| | | PENALTIES | | |
|---|---|---|---|---|
| Tax Year Ended: | Deficiency: Increase In Tax | IRC Section 6662 | IRC Section | IRC Section |
| 12/31/2001 | $4,753,784.00 | $1,901,513.60 | | |

## NOTICE OF DEFICIENCY

We have determined that you owe additional tax or other amounts, or both, for the tax year(s) identified above. This letter is your NOTICE OF DEFICIENCY, as required by law. The enclosed statement shows how we figured the deficiency.

If you want to contest this determination in court before making any payment, you have 90 days from the date of this letter (150 days if this letter is addressed to you outside of the United States) to file a petition with the United States Tax Court for a redetermination of the deficiency. You can get a copy of the rules for filing a petition and a petition form you can use by writing to the address below.

United States Tax Court
400 Second Street, NW
Washington, DC 20217

The Tax Court has a simplified procedure for small tax cases when the amount in dispute for each tax year is $50,000 or less. If you intend to file a petition for multiple tax years and the amount in dispute for any one or more of the tax years exceeds $50,000, this simplified procedure is not available to you. If you use this simplified procedure, you cannot appeal the Tax Court's decision. You can get information pertaining to the simplified procedure for small cases from the Tax Court by writing to the court at the above address or from the court's internet site at www.ustaxcourt.gov.

Send the completed petition form, a copy of this letter, and copies of all statements and/or schedules you received with this letter to the Tax Court at the above address. The Court cannot consider your case if the petition is filed late. The petition is considered timely filed if the postmark date falls within the prescribed 90 or 150 day

period and the envelope containing the petition is properly addressed with the correct postage.

The time you have to file a petition with the court is set by law and cannot be extended or suspended. Thus, contacting the Internal Revenue Service (IRS) for more information, or receiving other correspondence from the IRS won't change the allowable period for filing a petition with the Tax Court.

As required by law, separate notices are sent to husbands and wives. If this letter is addressed to both husband and wife, and both want to petition the Tax Court, both must sign and file the petition or each must file a separate, signed petition. If more than one tax year is shown above, you may file one petition form showing all of the years you are contesting.

You may represent yourself before the Tax Court, or you may be represented by anyone admitted to practice before the Tax Court.

If you decide not to file a petition with the Tax Court, please sign the enclosed waiver form and return it to us at the IRS address on the top of the front of this letter. This will permit us to assess the deficiency quickly and can help limit the accumulation of interest.

If you decide not to sign and return the waiver, and you do not file a petition with the Tax Court within the time limit, the law requires us to assess and bill you for the deficiency after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States).

NOTE: If you are a C-corporation, section 6621(c) of the Internal Revenue Code requires that we charge an interest rate two percent higher than the normal rate on large corporate underpayments of $100,000 or more.

If you have questions about this letter, you may write to or call the contact person whose name, telephone number, and IRS address are shown on the front of this letter. If you write, please include your telephone number, the best time for us to call you if we need more information, and a copy of this letter to help us identify your account. Keep the original letter for your records. If you prefer to call and the telephone number is outside your local calling area, there will be a long distance charge to you.

The contact person can access your tax information and help you get answers. You also have the right to contact the office of the Taxpayer Advocate. Taxpayer Advocate assistance is not a substitute for established IRS procedures such as the formal appeals process. The Taxpayer Advocate is not able to reverse legally correct tax determinations, nor extend the time fixed by law that you have to file a petition in the U.S. Tax Court. The Taxpayer Advocate can, however, see that a tax matter that may not have been resolved through normal channels gets prompt and proper handling. If you want Taxpayer Advocate assistance, please contact the Taxpayer Advocate for the IRS office that issued this notice of deficiency. See the enclosed Notice 1214, *Helpful Contacts for Your "Notice of Deficiency"*, for Taxpayer Advocate telephone numbers and addresses.

Thank you for your cooperation.

Sincerely,

Mark W. Everson
Commissioner
By

Scott E. Irick
Technical Services Territory Manager
South Atlantic Area

Enclosures:
Explanation of tax changes
Waiver
Notice 1214

Form **4089** (Rev. January 1983)

Department of the Treasury – Internal Revenue Service

# Notice of Deficiency – Waiver

Symbols
S:SE:E:TS:SAA:8

Name, SSN or EIN, and Address of Taxpayer(s)
**KEITH A & LAURA B TUCKER** **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**
**3831 TURTLE CREEK BOULEVARD UNIT 6H**
**DALLAS TEXAS 75219-4412**

Kind of Tax: **INCOME**

☐ Copy to Authorized Representative

| Tax Year Ended | Deficiency | Penalties |
|---|---|---|
| | Increase in Tax | IRC 6662 |
| **12/31/2001** | **$4,753,784.00** | **$1,901,513.60** |

**See the attached explanation for the above deficiencies**

I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest provided by law.

Your Signature ➡ ______________________ ______________ (Date signed)

Spouse's Signature, If A Joint Return Was Filed ➡ ______________________ ______________ (Date signed)

Taxpayer's Representative Sign Here ➡ ______________________ ______________ (Date signed)

Corporate Name: ______________________

Corporate Officers Sign Here ➡ ______________________ (Signature) (Title) (Date signed)

➡ ______________________ (Signature) (Title) (Date signed)

**Note:**

If you consent to the assessment of the amounts shown in this waiver, please sign and return it in order to limit the accumulation of interest and expedite our bill to you. Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are entitled to a refund. It will not prevent us from later determining, if necessary, that you owe additional tax; nor extend the time provided by law for either action.

If You later file a claim and the Internal Revenue Service disallows it, you may file suit for refund in a district court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

**Who Must Sign**

If this waiver is for any year(s) for which you filed a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a person acting in a fiduciary capacity (executor, administrator, or a trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized sign.

**If you agree, please sign one copy and return it; keep the other copy for your records.**

IRS Department of the Treasury
Internal Revenue Service

Notice 1214 (Rev. 2-2004)
Catalog Number 26162Z

# Helpful Contacts for Your "Notice of Deficiency"

Do you have questions/concerns about this *"Notice of Deficiency?"* **First contact the person whose name and telephone number appear at the top of your letter.** This person can directly access your tax information and help you get answers.

Do you want assistance by a Taxpayer Advocate? This assistance is **not** a substitute for established IRS procedures, formal Appeals processes, etc. The Taxpayer Advocate **cannot** reverse legal or technically correct tax determinations, nor extend the time allowed by law to file a petition in the U.S. Tax Court. However, the Taxpayer Advocate **can** give your tax matter proper and prompt handling when unresolved through normal channels. You can call toll-free 1-877-777-4778 and ask for Taxpayer Advocate assistance, or call the telephone number of the Taxpayer Advocate for the IRS office listed below that issued this *"Notice of Deficiency."*

**ALABAMA**
**Birmingham Office**
Taxpayer Advocate
801 Tom Martin Dr.
Birmingham, AL 35211
(205) 912-5631

**ALASKA**
**Anchorage Office**
Taxpayer Advocate
949 East 36th Ave., Stop A-405
Anchorage, AK 99508
(907) 271-6877

**ARIZONA**
**Phoenix Office**
Taxpayer Advocate
210 E. Earll Drive, Stop 1005-PHX
Phoenix, AZ 85012
(602) 207-8240

**ARKANSAS**
**Little Rock Office**
Taxpayer Advocate
700 West Capitol St., Stop 1005-LIT
Little Rock, AR 72201
(501) 324-6269

**CALIFORNIA**
**Laguna Niguel Office**
Taxpayer Advocate
24000 Avila Road-Room 3362
Laguna Niguel, CA 92677
(949) 389-4804

**Los Angeles Office**
Taxpayer Advocate
300 N. Los Angeles St.
Stop 6710 Room 5109
Los Angeles, CA 90012
(213) 576-3140

**Oakland Office**
Taxpayer Advocate
1301 Clay St. # 1540S
Oakland, CA 94612
(510) 637-2703

**Sacramento Office**
Taxpayer Advocate
4330 Watt Ave.
Sacramento, CA 95821
(916) 974-5007

**San Jose Office**
Taxpayer Advocate
55 S. Market St., Stop HQ000-4
San Jose, CA 95113
(408) 817-6850

**COLORADO**
**Denver Office**
Taxpayer Advocate
600 17th St., Stop 1005-DEN
Denver, CO 80202-2490
(303) 446-1012

**CONNECTICUT**
**Hartford Office**
Taxpayer Advocate
135 High St., Stop 219
Hartford, CT 06103
(860) 756-4555

**DELAWARE**
**Wilmington Office**
Taxpayer Advocate
409 Silverside Rd.
Wilmington, DE 19809
(302) 791-4502

**DISTRICT OF COLUMBIA**
**Baltimore Office**
Taxpayer Advocate
31 Hopkins Plaza Room 940
Baltimore, MD 21201
(410) 962-2082

**FLORIDA**
**Ft. Lauderdale Office**
Taxpayer Advocate
7850 SW 6th Court
Plantation, FL 33324
(954) 423-7677

**Jacksonville Office**
Taxpayer Advocate
841 Prudential Dr., Suite 100
Stop: TA:Atlanta/Intl: JAX
Jacksonville, FL 32207
(904) 665-1000

**GEORGIA**
**Atlanta Office**
Taxpayer Advocate
401 W. Peachtree St., NW,
Summit Building
Stop 202-D
Atlanta, GA 30308
(404) 338-8099

**HAWAII**
**Honolulu Office**
Taxpayer Advocate
Stop H-405
300 Ala Moana Blvd., #50089
Honolulu, HI 96850
(808) 539-2870

**IDAHO**
**Boise Office**
Taxpayer Advocate
550 West Fort St., Box 041
Boise, ID 83724
(208) 334-1324

**ILLINOIS**
**Chicago Office**
Taxpayer Advocate
230 S. Dearborn St.
Stop 1005-CHI
Chicago, IL 60604
(312) 566-3800

**Springfield Office**
Taxpayer Advocate
320 W. Washington St.
Stop 1005-SPD
Springfield, IL 62701
(217) 527-6382

**INDIANA**
**Indianapolis Office**
Taxpayer Advocate
575 N. Pennsylvania St., Stop TA770
Indianapolis, IN 46204
(317) 226-6332

**IOWA**
**Des Moines Office**
Taxpayer Advocate
210 Walnut St., Stop 1005- DSM
Des Moines, IA 50309
(515) 284-4780

**KANSAS**
**Wichita Office**
Taxpayer Advocate
271 W. 3rd St., North
Stop 1005-WIC
Wichita, KS 67202
(316) 352-7506

**KENTUCKY**
**Louisville Office**
Taxpayer Advocate
600 Dr. MLK Jr. Place
Federal Building-Room 622
Louisville, KY 40202
(502) 582-6030

**LOUISIANA**
**New Orleans Office**
Taxpayer Advocate
600 South Maestri Pl., Stop 2
New Orleans, LA 70130
(504) 558-3001

**MAINE**
**Augusta Office**
Taxpayer Advocate
68 Sewall St., Room 313
Augusta, ME 04330
(207) 622-8528

**MARYLAND**
**Baltimore Office**
Taxpayer Advocate
31 Hopkins Plaza Room 940
Baltimore, MD 21201
(410) 962-2082

**MASSACHUSETTS**
**Boston Office**
Taxpayer Advocate
25 New Sudbury St.
Boston, MA 02203
(617) 316-2690

**MICHIGAN**
**Detroit Office**
Taxpayer Advocate
McNamara Federal Building
477 Michigan Ave. - Room 1745
Detroit, MI 48226
(313) 628-3670

**MINNESOTA**
**St. Paul Office**
Taxpayer Advocate
Stop 1005-STP
316 North Robert St.
St. Paul, MN 55101
(651) 312-7999

IRS

Department of the Treasury
**Internal Revenue Service**

Notice 1214 (Rev. 2-2004)
Catalog Number 26162Z

**MISSISSIPPI**
**Jackson Office**
Taxpayer Advocate
100 W. Capitol St., Stop JK31
Jackson, MS 39269
(601) 292-4800

**MISSOURI**
**St. Louis Office**
Taxpayer Advocate
Robert A. Young Building
1222 Spruce Street, Stop 1005-STL
St. Louis, MO 63103
(314) 612-4610

**MONTANA**
**Helena Office**
Taxpayer Advocate
10 West 15th St., Suite 2319
Helena, MT 59626
(406) 441-1022

**NEBRASKA**
**Omaha Office**
Taxpayer Advocate
1313 Farnam St., Stop 1005-OMA
Omaha, NE 68102
(402) 221-4181

**NEVADA**
**Las Vegas Office**
Taxpayer Advocate
4750 West Oakey Blvd.
Stop 1005-LVG
Las Vegas, NV 89102
(702) 455-1241

**NEW HAMPSHIRE**
**Portsmouth Office**
Taxpayer Advocate
Federal Office Building
80 Daniel St.
Portsmouth, NH 03801
(603) 433-0571

**NEW JERSEY**
**Springfield Office**
Taxpayer Advocate
955 S. Springfield Ave.
Springfield, NJ 07081
(973) 921-4043

**NEW MEXICO**
**Albuquerque Office**
Taxpayer Advocate
5338 Montgomery Blvd. N.E.
Stop 1005-ALB
Albuquerque, NM 87109
(505) 837-5505

**NEW YORK**
**Albany Office**
Taxpayer Advocate
Leo O'Brien Federal Building
1 Clinton Square
Albany, NY 12207
(518) 427-5413

**Brooklyn Office**
Taxpayer Advocate
10 Metro Tech Center
625 Fulton St.
Brooklyn, NY 11201
(718) 488-2080

**Buffalo Office**
Taxpayer Advocate
201 Como Park Blvd.
Buffalo, NY 14227
(716) 686-4850

**Manhattan Office**
Taxpayer Advocate
290 Broadway - 7th Floor
New York, NY 10007
(212) 436-1011

**NORTH CAROLINA**
**Greensboro Office**
Taxpayer Advocate
320 Federal Place, Room 125
Greensboro, NC 27401
(336) 378-2180

**NORTH DAKOTA**
**Fargo Office**
Taxpayer Advocate
657 2nd Ave. N., Stop 1005-FAR
Fargo, ND 58102
(701) 239-5141

**OHIO**
**Cincinnati Office**
Taxpayer Advocate
550 Main St., Room 3530
Cincinnati, OH 45202
(513) 263-3260

**Cleveland Office**
Taxpayer Advocate
1240 E. Ninth St., Room 423
Cleveland, OH 44199
(216) 522-7134

**OKLAHOMA**
**Oklahoma City Office**
Taxpayer Advocate
55 N. Robinson, Stop 1005-OKC
Oklahoma City, OK 73102
(405) 297-4055

**OREGON**
**Portland Office**
Taxpayer Advocate
1220 S.W. 3rd Ave., Stop O-405
Portland, OR 97204
(503) 326-2333

**PENNSYLVANIA**
**Philadelphia Office**
Taxpayer Advocate
600 Arch St., Room 7426
Philadelphia, PA 19106
(215) 861-1304

**Pittsburgh Office**
Taxpayer Advocate
1000 Liberty Ave., Room 1602
Pittsburgh, PA 15222
(412) 395-5987

**RHODE ISLAND**
**Providence Office**
Taxpayer Advocate
380 Westminster St.
Providence, RI 02903
(401) 525-4200

**SOUTH CAROLINA**
**Columbia Office**
Taxpayer Advocate
1835 Assembly St.
466
Columbia, SC 29201
(803) 253-3029

**SOUTH DAKOTA**
**Aberdeen Office**
Taxpayer Advocate
115 4th Ave. Southeast
Stop 1005-ABE
Aberdeen, SD 57401
(605) 226-7248

**TENNESSEE**
**Nashville Office**
Taxpayer Advocate
801 Broadway, Stop 22
Nashville, TN 37203
(615) 250-5000

**TEXAS**
**Austin Office**
Taxpayer Advocate
300 E. 8th St., Stop 1005-AUS
Austin, TX 78701
(512) 499-5875

**Dallas Office**
Taxpayer Advocate
1114 Commerce St.
10th Floor MC1005
Dallas, TX 75242
(214)413-6500

**Houston Office**
Taxpayer Advocate
1919 Smith St., Stop 1005-HOU
Houston, TX 77002
(713) 209-3660

**UTAH**
**Salt Lake City Office**
Taxpayer Advocate
50 South 200 East, Stop 1005-SLC
Salt Lake City, UT 84111
(801) 799-6958

**VERMONT**
**Burlington Office**
Taxpayer Advocate
Courthouse Plaza
199 Main St.
Burlington, VT 05401
(802) 860-2089

**VIRGINIA**
**Richmond Office**
Taxpayer Advocate
400 North 8th St., Room 916
Richmond, VA 23240
(804) 916-3501

**WASHINGTON**
**Seattle Office**
Taxpayer Advocate
915 2nd Ave., Stop W-405
Seattle, WA 98174
(206) 220-6037

**WEST VIRGINIA**
**Parkersburg Office**
Taxpayer Advocate
425 Juliana St.
Parkersburg, WV 26101
(304) 420-6616

**WISCONSIN**
**Milwaukee Office**
Taxpayer Advocate
310 West Wisconsin Ave.
Stop 1005-MIL
Milwaukee, WI 53203
(414) 297-3046

**WYOMING**
**Cheyenne Office**
Taxpayer Advocate
5353 Yellowstone Rd.
Stop 1005-CHE
Cheyenne, WY 82009
(307) 633-0800

**TAXPAYERS LIVING ABROAD OR IN U.S. TERRITORIES**
**International**
Taxpayer Advocate
7 Tabonuco Street
San Patricio Office Building
Room 200
Guaynabo, Puerto Rico 00966
or
P.O. Box 193479
San Juan, Puerto Rico 00919-3479
(787) 622-8930 English
(787) 622-8940 Spanish

**CENTERS**
**Andover Center**
Taxpayer Advocate
P.O. Box 9055, Stop 120
Andover, MA 01810-9055
(978) 474-5549

**Atlanta Center**
Taxpayer Advocate
P.O. Box 48-549, Stop 29A
Doraville, GA 30362
(770) 936-4500

**Austin Center**
Taxpayer Advocate
P.O. Box 934, Stop 1005-AUSC
Austin, TX 78767
(512) 460-8300

**Brookhaven Center**
Taxpayer Advocate
P.O. Box 960, Stop 102
Holtsville, NY 11742
(631) 654-6686

**Cincinnati Center**
Taxpayer Advocate
P.O. Box 1235, Stop 11-G
Cincinnati, OH 45201-1235
(859) 669-5316

**Fresno Center**
Taxpayer Advocate
P.O. Box 12161, Stop 1394
Fresno, CA 93776
(559) 442-6400

**Kansas City Center**
Taxpayer Advocate
P.O. Box 24551
Stop 1005 - ROF
Kansas City, MO 64131
(816) 926-2493

**Memphis Center**
Taxpayer Advocate
P.O. Box 30309AMF, Stop 13M
Memphis, TN 38130
(901) 395-1900

**Ogden Center**
Taxpayer Advocate
P.O. Box 1640
Stop 1005
Ogden, UT 84402
(801) 620-7168

**Philadelphia Center**
Taxpayer Advocate
P.O. Box 16053, DP #1300
Philadelphia, PA 19114
(215) 516-2499

| Form 4549A | Department of the Treasury - Internal Revenue Service<br>**Income Tax Examination Changes** | Page 1 of 2 |
|---|---|---|

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| Keith A. & Laura B. Tucker<br>3831 Turtle Creek Blvd. Unit 6H<br>Dallas TX 75219 | 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 | 1040 |
| | Person with whom examination changes were discussed. | Name and Title: |

| 1. Adjustments to Income | Period End 12/31/2001 | Period End | Period End |
|---|---|---|---|
| a. Itemized Deductions | 140,808.00 | | |
| b. Sch E-Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve | 13,742,247.00 | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2. **Total Adjustments** | 13,883,055.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | -76,150.00 | | |
| 4. **Corrected Taxable Income** | 13,806,905.00 | | |
| Tax Method | SCHEDULE D | | |
| Filing Status | Joint | | |
| 5. Tax | 4,753,784.00 | | |
| 6. Additional Taxes / Alternative Minimum Tax | | | |
| 7. Corrected Tax Liability | 4,753,784.00 | | |
| 8. **Less** Credits a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| 9. **Balance** (Line 7 less total of lines 8a through 8d) | 4,753,784.00 | | |
| 10. Plus Other Taxes a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| 11. **Total Corrected Tax Liability** (line 9 plus line 10a - 10d) | 4,753,784.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 0.00 | | |
| 13. Adjustments to: a. Special Fuels Credit | | | |
| b. | | | |
| c. | | | |
| 14. **Deficiency-Increase in Tax** or (**Overassessment** Decrease in Tax) (Line 11 less 12 adjusted by 13) | 4,753,784.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. **Balance Due or (Overpayment)** (Line 14 adjusted by Line 15) ( Excluding interest and penalties) | 4,753,784.00 | | |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

Form CG-4549A

RGS Version 5.20.00

| Form 4549A | Department of the Treasury - Internal Revenue Service<br>**Income Tax Examination Changes** | Page 2 of 2 |
|---|---|---|

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| Keith A. & Laura B. Tucker | 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 | 1040 |

| 17. Penalties | Period End 12/31/2001 | Period End | Period End |
|---|---|---|---|
| a. Accuracy-IRC 6662 | 1,901,513.60 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| 18. **Total Penalties** | 1,901,513.60 | | |
| Underpayment attributable to negligence: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | | | |
| Underpayment attributable to fraud: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | | | |
| Underpayment attributable Tax Motivated Transactions TMT interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC 6621(c) | 0.00 | | |
| 19. **Summary of Taxes, Penalties and Interest:** | | | |
| a. Balance due or Overpayment Taxes – Line 16, Page 1 | 4,753,784.00 | | |
| b. Penalties (Line 18, Page2)-computed to 03/22/2005 | 1,901,513.60 | | |
| c. Interest (IRC§ 6601)-computed to 04/21/2005 | 1,340,799.00 | | |
| d. TMT Interest – computed 04/21/2005 on TMT underpayment | 0.00 | | |
| e. Amount due or refund (sum of lines a, b, c and d) | 7,996,096.60 | | |

**Other Information:**

For tax period(s) 200112, the tax liability shown in this report may be subject to IRC section 6404(g). Interest on the amount due will not be charged during the suspension period applicable to your tax liability. When your tax bill is issued, it will reflect the reduced amount of interest based on IRC section 6404(g), if such suspension period has resulted.

Interest for the tax year 2001 will be suspended from 10/15/2002 until 21 days after the mailing or personal delivery of this report, in accordance with IRC Section 6404(g). This suspension of interest is not reflected in the interest calculation.

| Examiner's Signature: | Employee ID: | Office: | Date: |
|---|---|---|---|
| Shannon Dickerson | 50-04975 | Wheaton, MD | 03/22/2005 |

RGS Version 5.20.00

Form CG-4549A

ADJUSTMENT: SCHEDULE A – ITEMIZED DEDUCTIONS

| | | 2001 |
|---|---|---|
| PER RETURN: | $ | 532,862 |
| PER EXAM: | | 392,054 |
| ADJUSTMENT: | $ | 140,808 |

EXPLANATION:

An adjustment to your itemized deductions in the amount of $140,808 resulted since your adjusted gross income increased. This is an automatic adjustment applied in accordance with the provisions of IRC § 68.

| | | |
|---|---|---|
| Name Of Taxpayer: Keith A. & Laura B. Tucker | | 03/22/2005 |
| Identification Number: 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 | Total | 5.20.00 |

## 2001 - SCHEDULE A - ITEMIZED DEDUCTIONS

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 0.00 | 0.00 | 0.00 |
| 2. 7.50% of Adjusted Gross Income | 34,253.00 | 1,064,922.00 | |
| 3. Net Medical and Dental Expense | 0.00 | 0.00 | 0.00 |
| 4. Taxes | 27,264.00 | 27,264.00 | 0.00 |
| 5. Home Interest Expense | 0.00 | 0.00 | 0.00 |
| 6. Investment Interest | 381,190.00 | 381,190.00 | 0.00 |
| 7. Other Interest Expense | 0.00 | 0.00 | 0.00 |
| 8. Total Interest Expense | 381,190.00 | 381,190.00 | 0.00 |
| 9. Contributions | 27,055.00 | 27,055.00 | 0.00 |
| 10. Casualty and theft Losses | 0.00 | 0.00 | 0.00 |
| 11. Miscellaneous deductions subject to AGI limit | 116,200.00 | 116,200.00 | 0.00 |
| 12. 2.00% of Adjusted Gross Income | 9,134.00 | 283,979.00 | |
| 13. Excess Miscellaneous deductions | 107,066.00 | 0.00 | 107,066.00 |
| 14. Other Miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 15. Total itemized deductions (Sum of Lines 3,4,8, 9,10,11,14, and 15 less any applicable limitation) | 532,862.00 | 392,054.00 | 140,808.00 |

### ITEMIZED DEDUCTIONS WORKSHEET - PER EXAM

| | |
|---|---|
| A. Total of lines 3, 4, 8, 9, 10, 11, 14, and 15 | 435,509.00 |
| B. Total of lines 3, 6, 10, (plus any gambling losses included on line 15) | 381,190.00 |
| C. Line A less Line B | 54,319.00 |
| D. Multiply the amount on line C by 80% | 43,455.00 |
| E. Adjusted Gross Income from Form 1040 | 14,198,959.00 |
| F. Itemized Deduction Limitation | 132,950.00 |
| G. Line E less Line F | 14,066,009.00 |
| H. Multiply the amount on Line G by 3% | 421,980.00 |
| I. Enter the smaller of Line D or Line H | 43,455.00 |
| J. Total Itemized Deductions (entered on line 16 above) | 392,054.00 |

ADJUSTMENT: SCHEDULE E-INCOME/LOSS-PARTNERSHIP/S-CORPORATION

| | 2001 |
|---|---|
| PER RETURN: | ($ 13,742,247) |
| PER EXAM: | -0- |
| ADJUSTMENT: | $ 13,742,247 |

EXPLANATION:

It has been determined that the loss you claimed from your 100% ownership interest in Sligo (2000) Company, Inc. is not allowed as a deduction.

Further, it has not been established that you are entitled to the deduction or loss under any section of the Internal Revenue Code.

Accordingly, your taxable income is increased by $13,742,247 for the taxable year ending December 31, 2001.

1. You have failed to establish that the loss claimed on your return from Sligo (2000) Company, Inc., in the amount of $13,742,247, or any portion thereof, was actually sustained by you, or by any entity in which Sligo (2000) Company Inc. purports to have held a direct or indirect interest, including, but not limited to, Epsolon Limited.

2. It is further determined that you have failed to establish the actual existence of Epsolon Limited.

3. You have further failed to establish that the basis of Epsolon Limited in any property disposed of by that entity was greater than zero for purposes of determining gain or loss.

4. In addition, even if Epsolon Limited existed, its formation, the acquisition of any interest therein, and its alleged foreign currency options transactions lacked any genuine business purpose apart from tax reduction. Epsolon Limited and its transactions lacked economic substance and constituted an economic sham for federal income tax purposes.

5. It is further determined that under § 1.701-2 of the Income Tax Regulations, Epsolon Limited was formed and/or availed of in connection with a transaction or transactions a principal purpose of which was to reduce substantially the present value of its partners' aggregate federal tax liabilities, in a manner inconsistent with the intent of Subchapter K of the Internal Revenue Code. Epsolon Limited is therefore disregarded for federal income tax purposes, and all transactions engaged in by Epsolon Limited are treated as engaged in directly by its purported partners. This includes the determination that assets purportedly acquired by Epsolon Limited, including but not limited to options, were acquired directly by its purported partners, including Sligo (2000) Company, Inc. Accordingly, the loss deduction that flowed through to you in connection with the Sligo (2000) Company, Inc. investment in Epsolon Limited is disallowed.

6. It is further determined that closure of the loss legs of any Epsolon Limited foreign currency options was purposely delayed until after the effective date of Epsolon Limited's purported election to be treated as a partnership for U.S. income tax purposes, and that any losses from those positions were economically incurred and substantially locked in prior to the effective date of the election, when Epsolon Limited was purportedly a controlled foreign corporation (CFC) of Sligo (2000) Company, Inc. Pursuant to §1.988-2(f) of the Income Tax Regulations, any losses from foreign currency options positions of Epsolon Limited are deemed to have been recognized by Epsolon Limited CFC prior to its election to be treated as a partnership for United States tax purposes. Accordingly, neither Sligo (2000) Company, Inc. nor petitioners are entitled to claim losses therefrom.

7. It is further determined, in the alternative, that the substance of the Epsolon Limited foreign currency options indicates that those transactions are not properly considered Section 988 transactions. Accordingly, pursuant to section 1.988-1(a)(11)(i) of the Income Tax Regulations, the losses claimed from the options transactions are not treated as derived from section 988 transactions, and (only if otherwise allowable under the Code) are recharacterized as capital losses.

8. It is further determined that the options claimed to have been written by Epsolon Limited on December 20, 2000 and December 21, 2000 constitute liabilities for purposes of I.R.C. § 752 and the regulations thereunder, and that such liabilities reduce the basis of Sligo (2000) Company, Inc. in Epsolon Limited accordingly.

9. It is further determined pursuant to I.R.C. §482 that in order to clearly reflect income, and/or to prevent the avoidance of federal income taxes, the claimed losses from foreign currency options positions of Epsolon Limited are hereby allocated from Epsolon Limited Partnership to Epsolon Limited CFC, both of which were owned and controlled by Sligo (2000) Company, Inc. Accordingly, neither Sligo (2000) Company, Inc. nor petitioners are entitled to claim losses therefrom.

10. The claimed loss from Sligo (2000) Company, Inc. is further disallowed because you have failed to establish that Sligo (2000) Company, Inc. had basis in its alleged partnership interest in Epsolon Limited greater than zero.

11. You have further failed to demonstrate that the claimed loss from Sligo (2000) Company, Inc. is not limited by the provisions of I.R.C. § 1366(d).

12. The claimed loss from Sligo (2000) Company, Inc. is further disallowed because you have failed to establish that you had a basis in Sligo (2000) Company, Inc. greater than zero.

13. It is further determined that the Japanese Yen options claimed to have been held by Sligo (2000) Company, Inc. are in substance a single integrated financial transaction. Pursuant to §1.988-2(f) of the Income Tax Regulations, the Japanese Yen options are hereby recharacterized as a single integrated financial transaction to correspond with their substance. Accordingly, any basis of Sligo (2000) Company, Inc. derived from the Yen options is limited to the excess of any premium paid for the purchased Japanese Yen option over any premium received for the written Japanese Yen option.

14. It is further determined that Sligo (2000) LLC and Sligo (2000) Company, Inc., as well as the options transactions in which they engaged, lacked any genuine business purpose apart from tax reduction. Sligo (2000) LLC, Sligo

(2000) Company, Inc. and their transactions lacked economic substance and constituted economic shams for federal income tax purposes.

15. You have further failed to establish that the foreign currency options transactions were entered into primarily for profit (whether directly or through Sligo (2000) Company, Inc., Epsolon Limited, or any other entity), that a bona fide loss was sustained, and/or that the requirements for deduction of the claimed loss under I.R.C. § 165 were otherwise met.

16. You have further failed to establish that the claimed losses from Sligo (2000) Company, Inc. and Epsolon Limited (including but not limited to losses that may have represented investment advisory fees or other transaction costs) are deductible under any provision of the Internal Revenue Code, including but not limited to I.R.C. §§ 162 and 212.

17. You have failed to establish that the losses claimed from Sligo (2000) Company, Inc. and Epsolon Limited are not limited by the provisions of I.R.C. §269.

18. You have further failed to establish that the loss claimed from Sligo (2000) Company, Inc. is not limited by the provisions of I.R.C. § 465.

19. You have not proven that the overall substance of the transaction entitles you to the loss claimed.

20. It is further determined that the adjustments to petitioners' income are attributable to a tax shelter for which no substantial authority has been established for the position taken, and for which there is no showing of reasonable belief by petitioners that the position taken was more likely than not the correct treatment of the tax shelter and related transactions. In addition, all of the underpayments of tax resulting from said adjustments are attributable to, at a minimum, (1) gross valuation misstatement(s), (2) negligence or disregard of rules and regulations, (3) substantial understatement(s) of income tax, or (4) substantial valuation misstatement(s). There has been no showing by petitioners that there was reasonable cause for any of the resulting underpayments, that they or their controlled entities acted in good faith, or that any other exceptions to the penalty apply. It is therefore determined that, at a minimum, the accuracy-related penalty under Section 6662 of the Internal Revenue Code applies to all underpayments of tax. The penalty shall be imposed on the components of underpayment as follows:

A. a 40 percent penalty shall be imposed on the portion of any underpayment attributable to the gross valuation misstatement as provided by Sections 6662(a), 6662(b)(3), 6662(e), and 6662(h) of the Internal Revenue Code.
B. a 20 percent penalty shall be imposed on the portion of the underpayment attributable to negligence or disregard of rules and

regulations as provided by Sections 6662(a), 6662(b)(1), 6662(c) of the Internal Revenue Code.

C. a 20 percent penalty shall be imposed on the underpayment attributable to the substantial understatement of income tax as provided by sections 6662(a), 6662(b)(2), and 6662(d) of the Internal Revenue Code.

D. a 20 percent penalty shall be imposed on the underpayment attributable to the substantial valuation misstatement as provided by Sections 6662(a), 6662(b)(3), and 6662(e) of the Internal Revenue Code.

It should not be inferred by the determination of the Accuracy Related Penalty in this notice that fraud penalties will not be sought on any portion of an underpayment subsequently determined to be attributable to fraud, or that prosecution for criminal offenses will not be sought under IRC § 7201, 7206 or other provisions of federal law if determined to be appropriate.

| | | | |
|---|---|---|---|
| Name Of Taxpayer: | Keith A. & Laura B. Tucker | | 03/22/2005 |
| Identification Number: | 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 | Total | 5.20.00 |

## 2001 - PERSONAL EXEMPTION WORKSHEET

| | |
|---|---|
| 1. Multiply $ 2,900.00 by the total number of exemptions claimed on Form 1040, line 6e | 5,800.00 |
| 2. Adjusted Gross Income | 14,198,959.00 |
| 3. Limitation based on Filing Status | 199,450.00 |
| 4. Subtract line 3 from line 2 | 13,999,509.00 |
| 5. Divide line 4 by $2,500 ($1,250 if married filing separate) | 0.00 |
| 6. Multiply line 5 by 2% and enter the result as a decimal | 0.00 |
| 7. Multiply line 1 by line 6 | 0.00 |
| 8. Deduction for exemptions (Subtract line 7 from line 1) | 0.00 |

Note: If Line 4 is more than $122,500. or ($61,250. if married filling separately), a deduction for exemptions cannot be taken.

Name of Taxpayer: Keith A. & Laura B. Tucker 03/22/2005
Identification Number: 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 Total 5.20.00

## SUMMARY OF THE ACCURACY-RELATED PENALTY

2001 - 20% PENALTY ISSUES - Section 6662(a) and 6662(b)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following elements of the accuracy-related penalty: (1) negligence or disregard of rules or regulations, (2) substantial understatement of income tax, or (3) substantial valuation overstatement, therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | |
|---|---|
| 1. Total tax computed with non-penalty adjustments and adjustments subject to penalty under Section 6662(b) | 0.00 |
| 2. Total tax computed with non-penalty adjustments only | 0.00 |
| 3. Line 1 less line 2 - Underpayment to which Section 6662(a) applies | 0.00 |
| 4. Allocable Prepayment Credits (other than EIC and Special Fuels Credits included in lines 1 & 2) | 0.00 |
| 5. Line 3 less line 4 - Underpayment subject to penalty | 0.00 |
| 6. Applicable penalty rate | 20.00% |
| 7. Line 5 multiplied by line 6 | 0.00 |
| 8. Previously assessed 20% Accuracy Penalty | 0.00 |
| 9. Line 7 less line 8 - 20% Accuracy-related penalty | 0.00 |

2001 - 40% PENALTY ISSUES - Section 6662(h)

It has been determined that the underpayment of tax shown on line 14 below is attributable to a gross valuation misstatement, therefore, an addition to tax is imposed as provided by Section 6662(h) of the Internal Revenue Code.

| | |
|---|---|
| 10. Total tax computed with non-penalty adjustments, adjustments subject to penalty under IRC 6662(a) and adjustments subject to penalty under IRC 6662(h) | 4,753,784.00 |
| 11. Total tax from line 1 above | 0.00 |
| 12. Line 10 less line 11 - Underpayment to which Section 6662(h) applies | 4,753,784.00 |
| 13. Allocable Prepayment Credits (other than EIC and Special Fuels Credits included in lines 10 & 11) | 0.00 |
| 14. Line 10 less line 11 - Underpayment subject to penalty | 4,753,784.00 |
| 15. Applicable penalty rate | 40.00% |
| 16. Line 14 multiplied by line 15 | 1,901,513.60 |
| 17. Previously assessed 40% Accuracy Penalty | 0.00 |
| 18. Line 16 less line 17 - 40% Accuracy-related penalty | 1,901,513.60 |
| 19. Line 9 plus line 18 - Total ACCURACY-RELATED PENALTY | 1,901,513.60 |

| | | | |
|---|---|---|---|
| Name Of Taxpayer: | Keith A. & Laura B. Tucker | | 03/22/2005 |
| Identification Number: | 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 | Total | 5.20.00 |

2001 - **ACCURACY RELATED PENALTY-SECTION 6662(A) AND 6662(H) (CONTINUED)**

ADJUSTMENTS TO WHICH THE ACCURACY RELATED PENALTY APPLIES:

| | PENALTY RATES 20% | 40% | | |
|---|---|---|---|---|
| Sch E-Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve | | X | 13,742,247.00 | IRC 6662(g) |

Name of Taxpayer: Keith A. & Laura B. Tucker 03/22/2005
Identification Number: 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 Total 5.20.00

## 2001 - FORM 6251 - ALTERNATIVE MINIMUM TAX COMPUTATION

| | |
|---|---|
| 1. Total Adjustments and Preferences | 27,264.00 |
| 2. Tax Table Income (from Form 1040, line 37) | 13,806,905.00 |
| 3. Net Operating Loss Deduction | 0.00 |
| 4. Itemized Deduction Limitation (from Schedule A Worksheet) | ($43,455.00) |
| 5. Combine lines 1 through 4 | 13,790,714.00 |
| 6. Alternative Tax Net Operating Loss Deduction | 0.00 |
| 7. Alternative Minimum Taxable Income | 13,790,714.00 |
| 8. Exemption Amount | 0.00 |
| 9. Subtract line 8 from line 7 (if 0 or less, enter 0) | 13,790,714.00 |
| 10. If line 9 is $175,000 or less ($87,500 or less if married filing separate) multiply line 9 by 26% | 3,599,572.00 |
| 11. Alternative Minimum Tax Foreign Tax Credit | 0.00 |
| 12. Tentative Minimum Tax (Subtract 11 form 10) | 3,599,572.00 |
| 13. Regular Tax Before Credits (less Foreign Tax Credit) | 4,753,784.00 |
| 14. Alternative Minimum Tax (before credit) | 0.00 |
| 15. Empowerment Zone Employment Credit | 0.00 |
| 16. Net Alternative Minimum Tax (line 14 less line 15) | 0.00 |

## EXEMPTION WORKSHEET (Line 8)

| | |
|---|---|
| A. Exemption amount based on filing status | 49,000.00 |
| B. Alternative Minimum Taxable Income (line 7) | 13,790,714.00 |
| C. Enter $112,500 ($150,000 if married filing jointly or qualifying widow(er), $75,000 if married filing separate) | 150,000.00 |
| D. Subtract line C from line B | 13,640,714.00 |
| E. Multiply line D by 25% | 3,410,179.00 |
| F. Subtract line E from line A (if zero or less, enter 0) | 0.00 |

Name of Taxpayer: Keith A. & Laura B. Tucker 03/22/2005
Identification Number: 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 Total 5.20.00

2001 - **FORM 6251 - CONTINUATION, USING MAXIMUM CAPITAL GAINS RATES COMPUTATION OF LINE 10 WHEN SCHEDULE D IS COMPLETED**

| | |
|---|---|
| 1. Amount from Form 6251 Report, line 9 | 13,790,714.00 |
| 2. Amount from Schedule D Report, line 18 (refigured for AMT) | 3,229,105.00 |
| 3. Amount from Schedule D Report, line 14 (refigured for AMT) | 0.00 |
| 4. Add line 2 and 3 | 3,229,105.00 |
| 5. Amount from Schedule D Report, line 18 (refigured for AMT) | 3,229,105.00 |
| 6. Smaller of line 4 or line 5 | 3,229,105.00 |
| 7. Subtract line 6 from line 1 | 10,561,609.00 |
| 8. If line 7 is $175,000 or less ($87,500 if MFS) multiply line 7 by 26%. Otherwise, multiply line 7 by 28% and subtract $3,500 ($1,750 if MFS) from result | 2,953,751.00 |
| 9. Amount from Schedule D Report, line 23 (refigured for AMT) | 0.00 |
| 10. Smallest of line 1, 2, or line 9 | 0.00 |
| 11. Qualified 5-year gain from Schedule D Report, line 24 (refigured for AMT) | 0.00 |
| 12. Smaller of line 10 or line 11 | 0.00 |
| 13. Multiply line 12 by 8% | 0.00 |
| 14. Subtract line 12 from line 11 | 0.00 |
| 15. Multiply line 14 by 10% | 0.00 |
| 16. Smaller of line 1 or line 2 | 3,229,105.00 |
| 17. Amount from line 10 | 0.00 |
| 18. Subtract line 17 from line 16 | 3,229,105.00 |
| 19. Multiply line 18 by 20% | 645,821.00 |
| 20. Amount from line 1 | 13,790,714.00 |
| 21. Total of lines 7, 10, and 18 | 13,790,714.00 |
| 22. Subtract line 21 from line 20 | 0.00 |
| 23. Multiply line 22 by 25% | 0.00 |
| 24. Total of lines 8, 13, 15, 19, and 23 | 3,599,572.00 |
| 25. If line 1 is $175,000 or less ($87,500 if MFS) multiply line 1 by 26%. Otherwise, multiply line 1 by 28% and subtract $3,500 ($1,750 if MFS) from result | 3,857,900.00 |
| 26. Smaller of line 24 or 25, enter here and on line 10 of Form 6251 Report | 3,599,572.00 |

Name of Taxpayer: Keith A. & Laura B. Tucker 03/22/2005
Identification Number: 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 Total 5.20.00

2001 - SCHEDULE D - CAPITAL GAINS AND LOSSES

| | |
|---|---|
| 1. Short-term capital gain or loss | (97,020.00) |
| 2. Short-term capital loss carryover | 0.00 |
| 3. Net Short-term Gain or Loss (Add line 1 and 2) | (97,020.00) |
| 4. Long-term capital gain or loss | 3,326,125.00 |
| 5. Long-term capital gain or loss carryover | 0.00 |
| 6. Net long-term Gain or Loss (Add line 4 and 5) | 3,326,125.00 |
| 7. Sum of lines 3 and 6 - Net Capital Gain or Loss | 3,229,105.00 |
| 8. Capital loss limitation | 0.00 |
| 9. Capital Gain or Loss - As Corrected | 3,229,105.00 |
| 10. Capital Gain or Loss - Per Return | 3,229,105.00 |
| 11. Line 9 less line 10 - Adjustment to Income | 0.00 |
| CORRECTED CARRYOVER | |
| 12. Short-term Carryover to Subsequent Year | 0.00 |
| 13. Long-term Carryover to Subsequent Year | 0.00 |
| COMPUTATION OF ALTERNATIVE TAX | |
| 14. Unrecaptured 1250 gain | 0.00 |
| 15. Taxable Income | 13,806,905.00 |
| 16. Smaller of line 6 or line 7 | 0.00 |
| 17. Form 4952, line 4e | 0.00 |
| 18. Subtract line 17 from line 16 (not less than 0) | 3,229,105.00 |
| 19. Subtract line 18 from line 15 (not less than 0) | 10,577,800.00 |
| 20. Tax on the amount on line 19 | 4,107,963.00 |
| 21. Smaller of line 15 or 45,200.00 | 45,200.00 |
| 22. Amount from line 19 | 10,577,800.00 |
| ~~23. Subtract line 22 from line 21 (not less than 0)~~ | ~~0.00~~ |
| 24. Qualified 5-year gain | 0.00 |
| 25. Smaller of line 23 or line 24 | 0.00 |
| 26. Multiply line 25 by 8% | 0.00 |
| 27. Subtract line 25 from line 23 | 0.00 |
| 28. Multiply line 27 by 10% | 0.00 |
| 29. Smaller of line 15 or line 18 | 3,229,105.00 |
| 30. Amount from line 23 | 0.00 |
| 31. Subtract line 30 from line 29 (not less than 0) | 3,229,105.00 |
| 32. Multiply line 31 by 20% | 645,821.00 |
| 33. Alternative Tax, sum of lines 20, 26, 28, and 32 | 4,753,784.00 |

ATTACHMENT TO WAIVER

STATUTORY NOTICE
STATEMENT

INTEREST ON DEFICIENCY

Interest at the legal rate is owed upon the amount due.