IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Sweeney)

No. 05-999 T

EPSOLON LIMITED, by and through
SLIGO (2000) COMPANY, INC.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

# DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56 of the Rules of the United States Court of Federal Claims, the United States submits these Proposed Findings of Uncontroverted Fact. These proposed findings are based upon plaintiffs' complaint and the declaration of John A. Lindquist ("Lindquist Declaration") with exhibits, attached hereto. Although reference is made in these Proposed Findings to the "partnership" and various purported entities, defendant does not concede that, under the applicable law, a viable partnership or the alleged entities existed.

1. Keith Tucker ("Tucker") is the individual who, by means of the Epsolon entity, utilized the tax shelter at issue in this case in an effort to reduce his individual tax liabilities. He is also one of the persons receiving the Notice of Final Partnership Administrative Adjustment. (Exhibit A to plaintiff's Complaint.)

2. On October 14, 2003, the United States District Court for the Northern District of Illinois issued an order granting leave for the IRS to serve a "John Doe" summons upon Sidley Austin Brown & Wood, LLP (now known as Sidley Austin, LLP ("Sidley Austin")). (Lindquist Declaration, para. 3, Ex. 1.)

3. On October 15, 2003, the IRS served a "John Doe" summons on Sidley Austin ("John Doe" summons). (Lindquist Declaration, para. 4, Ex. 2.)

4. As set forth in the rider to the "John Doe" summons, the summons required Sidley Austin to produce:

> the name, address and taxpayer identification number for each United States taxpayer who, during any part of the period January 1, 1996 through October 15, 2003, participated in a transaction which was or later became a 'listed transaction' or other 'potentially abusive tax shelter' organized or sold by the law firm of Sidley Austin Brown & Wood LLP and its predecessor Brown & Wood LLP.

(Lindquist Declaration, para. 5, Ex. 2.)

5. Tucker has conceded that Brown & Wood was engaged to perform services in connection with the SOS shelter in which Epsolon participated. (Affidavit of Keith Tucker, attached as Exhibit 6 to the Government's Motion to Suspend.)

6. By letter dated October 27, 2003, Sidley Austin provided the Service with the identities of some, but not all, of the participants in the described transactions. Sidley Austin represented that it was withholding the identities of those who had either failed to consent or refused to consent to its disclosure of their identities pursuant to the "John Doe" summons. Tucker's identity was not among the identities revealed by Sidley Austin to the IRS in its letter dated October 27, 2003. (Lindquist Declaration, para. 6, Ex. 3. )

7. On December 27, 2004, the United States filed a petition to enforce the "John Doe" summons in the United States District Court for the Northern District of Illinois. (Lindquist Declaration, para. 7, Ex. 4.)

8. On January 14, 2004, the Court ordered Sidley Austin to give its clients who were subject to the "John Doe" summons until January 23, 2004, to advise Sidley Austin of their intention to assert that their identities were protected by privileges. (Lindquist Declaration, para. 8, Ex. 5.)

9. Pursuant to the Order of January 14, 2004, Sidley Austin was also directed to provide copies of all letters received to the United States, with client names redacted. (Lindquist Declaration, para. 9.)

10. Pursuant to the Order of January 14, 2004 (attached to the Lindquist Declaration as Exhibit 5), the United States received multiple redacted letters from Sidley Austin, including two letters dated January 22, 2004, from Thomas Linguanti of Baker & McKenzie. (Lindquist Declaration, para. 10, Ex. 6.)

11. On February 6, 2004, the Court issued an Order pursuant to which all persons who objected to the disclosure of their identities to the IRS would be permitted to intervene in the summons enforcement proceeding. (Lindquist Declaration, para. 11, Ex. 7.)

12. Pursuant to the February 6, 2004 Order, a motion to intervene was filed on February 26, 2004, by Baker & McKenzie on behalf of by two clients whom it identified as "Baker Doe 1" and "Baker Doe 2." (Lindquist Declaration, para. 12, Ex. 8.)

13. On April 14, 2004, "Baker Doe 1" and "Baker Doe 2" filed a Motion to Withdraw their Motion to Intervene in the summons enforcement action. (Lindquist Declaration, para. 13, Ex. 9.)

14. At paragraph 4 of the Motion to Withdraw, it was represented that the Baker Does will "no longer be pursuing protection of their identities," and that counsel for the Does had instructed counsel for Sidley Austin to provide the clients' names to the Government if Sidley Austin believed that the names were responsive to the John Doe Summons. (Lindquist Declaration, para. 14.)

15. The Motion to Withdraw was granted on April 15, 2004. (Lindquist Declaration, para. 15.)

16. Upon withdrawal of the Baker Does' motion to intervene, counsel for the Government requested that counsel for Sidley Austin turn over the identities of the Baker Does and counsel for Sidley Austin responded that it would not turn over the identities to the Service without a court order or written consent from the Baker Does. (Lindquist Declaration, para. 16.)

17. Shortly thereafter, counsel for Sidley Austin informed Government counsel that Sidley Austin had requested that counsel for the Baker Does provide Sidley Austin with written consent to disclose the summoned identities of the Baker Does to the Service and the Baker Does had refused to provide Sidley Austin with written consent. (Lindquist Declaration, para. 17.)

18. On April 28, 2004, the Illinois District Court granted the Government's Petition to enforce the "John Doe" summons. (Lindquist Declaration, para. 18, Ex. 10.)

19. On April 30, 2004, the Court issued a further Order staying the Court's April 28, 2004 order "for the period during which this proceeding remains pending, including all appeals, including the period until all appeals are disposed of, or until expiration of the period in which all appeals may be taken or a request for rehearing may be made." (Lindquist Declaration, para. 19, Ex. 11.)

20. On June 29, 2004, after the expiration of the period during which an appeal from the Illinois District Court's April 28, 2004 order could be taken under FRAP 26(a), Sidley Austin, via electronic mail, disclosed to Government counsel what it represented to be the "balance of the names and address of the interveners in the John Doe action," to which was attached a list which included the name "Keith Tucker." (Lindquist Declaration, para. 20, Ex. 12.)

21. In the list produced by Sidley Austin to Government counsel on June 29, 2004, was the name "Keith Tucker" under the heading "Diversified - Spread Options." The information produced by Sidley Austin on June 29, 2004, did not include Tucker's Social Security Number, or the names and identifying Employment Identification Numbers for any participating entities, including, but not limited to the controlled U.S. entities Sligo (2000) and Epsolon. (Lindquist Declaration, para. 21.)

22. At the time the list was produced, counsel for Sidley Austin, upon inquiry by Government counsel, represented that the additional summoned material was not readily available because its New York offices had been destroyed on September 11, 2001. Upon demand by Government Counsel, Sidley Austin was subsequently able to recover the names of the taxpayer entities that participated in these transactions. (Lindquist Declaration, para. 22.)

23. On March 3, 2005, counsel for Sidley Austin hand delivered to Government counsel a supplemental production in response to the "John Doe" summons in which Sidley Austin for the first time identified the names of participating entities, including, but not limited to, the controlled U.S. entities Sligo (2000) and Epsolon. (Lindquist Declaration, para. 23, Ex. 13.)

24. The FPAA with respect to Epsolon's taxable year ending December 31, 2001, was mailed June 17, 2005. Exhibit A to plaintiff's complaint.

Respectfully submitted,

s/ David R. House

DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366
(202) 540-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section