No. 05-999 T
(Judge Margaret Sweeney)

---

# *IN THE UNITED STATES COURT OF FEDERAL CLAIMS*

EPSOLON LIMITED, BY AND THROUGH
SLIGO (2000) COMPANY, INC.,
TAX MATTERS PARTNER,

Plaintiff

v.

THE UNITED STATES,

Defendant

## *DECLARATION OF JOHN LINDQUIST*

EILEEN J. O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
DAVID R. HOUSE
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3366

Page

## TABLE OF CONTENTS

Declaration of John Lindquist . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

| Exhibits | Description |
|---|---|
| 1 | A true and correct copy of the Court Order issued by United States Court for the Northern District of Illinois, granting leave for IRS to serve a John Doe Summons upon Sidley Austin. |
| 2. | A true and corrected copy of the "John Doe" summons. |
| 3. | True and corrected copy of letter dated October 27, 2003, provided by Sidley Austin with some the identities of the participants in the described transaction. |
| 4. | A true and corrected copy of petition filed in the United States v. Sidley Austin Brown & Wood LLP, No.03-9355 (USDC N.D. Ill.) to enforce the "John Doe" summons. |
| 5. | True and corrected copy of Court's Order informing Sidley Austin Brown & Wood to follow the procedures in connection with petitioner's application for enforcement of the Joh Doe Summons. |
| 6. | A true and corrected copies of redacted letters from John Linguanti of Baker & McKenzie to Sidley Austin. |
| 7. | True and corrected copy of Court's Agreement Order dated February 6, 2004. |
| 8. | True and corrected copy of "Motion to Intervene. |
| 9. | True and corrected copy of "Motion to Withdraw Motion to Intervene and Motion for Protective Order." |

**TABLE OF CONTENTS**
**(Continuation)**

10. True and corrected copy of Judgment granting United States' Petition to enforce the "John Doe" summons.

11. True and corrected copy of Court's Order staying the Court's April 28, 2004, Order.

12. True and corrected copy of redacted e-mail from Austin Sidley To John Lindquist.

13. Redacted true and corrected copy of Sidley Austin's supplemental production.



1499470.1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Sweeney)

No. 05-999 T

EPSOLON LIMITED, by and through
SLIGO (2000) COMPANY, INC.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

DECLARATION OF JOHN LINDQUIST

I, John A. Lindquist, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Trial Attorney with the U.S. Department of Justice, employed in the Tax Division, Northern Region, with a post of duty at Washington, D.C.

2. As part of my duties as a trial attorney with the Tax Division, I was responsible for obtaining authorization for service by the IRS of a "John Doe" summons upon Sidley Austin Brown & Wood, LLP (now known as Sidley Austin, LLP) ("Sidley Austin"). As part of my duties, I was also assigned to enforce the "John Doe" summons.

3. On October 14, 2003, the United States District Court for the Northern District of Illinois, issued an order granting leave for the IRS to serve a John Doe summons upon Sidley Austin. A true and correct copy of the Court Order is attached as Exhibit 1.

4. On October 15, 2003, the IRS served a "John Doe" summons upon Sidley Austin (the "John Doe" summons). A true and correct copy of the "John Doe" summons is attached as Exhibit 2.

5. As set forth in the rider to "John Doe" summons, attached hereto as Exhibit 2, the summons required Sidley Austin to produce:

> the name, address and taxpayer identification number for each United States taxpayer who, during any part of the period January 1, 1996 through October 15, 2003, participated in a transaction which was or later became a 'listed transaction' or other 'potentially abusive tax shelter' organized or sold by the law firm of Sidley Austin Brown & Wood LLP and its predecessor Brown & Wood LLP.

6. By letter dated October 27, 2003, Sidley Austin provided the Service with the identities of some, but not all, of the participants in the described transactions. Sidley Austin represented that it was withholding the identities of those who had either failed to consent or refused to consent to its disclosure of their identities pursuant to the "John Doe" summons. Tucker's identity was not among the identities revealed by Sidley Austin to the IRS in its letter dated October 27, 2003. A true and correct copy of that letter is attached as Exhibit 3.

7. On December 27, 2004, I filed a petition on behalf of the United States to enforce the "John Doe" summons. A true and correct copy of that petition that I filed in United States v. Sidley Austin Brown & Wood LLP, No. 03-9355 (USDC N.D. Ill.)("the Court") is attached as Exhibit 4.

8. On January 14, 2004, the Court ordered Sidley Austin to give its clients who were subject to the "John Doe" summons until January 23, 2004, to advise Sidley Austin of their

intention to assert that their identities were protected by privileges.[1] A true and correct copy of that Order is attached as Exhibit 5.

9. Pursuant to the Order attached as Exhibit 5, Sidley Austin was also directed to provide copies of all such letters it received to the United States, with client names redacted. See Order attached as Exhibit 5.

10. Pursuant to the Order attached as Exhibit 5, the United States received multiple redacted letters from Sidley Austin, including two letters dated January 22, 2004, from Thomas Linguanti of Baker & McKenzie. True and correct copies of these two letters are attached as Exhibit 6.

11. On February 6, 2004, the Court issued an Order pursuant to which all persons who objected to the disclosure of their identities to the Internal Revenue Service ("Service") would be permitted to intervene in the summons enforcement proceeding. A true and correct copy of that Order is attached as Exhibit 7.

12. Pursuant to the February 6, 2004 Order, a motion to intervene was filed on February 26, 2004, by Baker & McKenzie on behalf of two clients whom it identified as "Baker Doe 1" and "Baker Doe 2." A copy of the Motion to Intervene is attached as Exhibit 8.

13. On April 14, 2004, "Baker Doe 1" and Baker Doe 2" filed a Motion to Withdraw their Motion to Intervene in the summons enforcement action. A true and correct copy of that Motion is attached as Exhibit 9.

14. At paragraph 4 of the Motion attached as Exhibit 9, it was represented that the Baker

---

[1]Although the Order referenced "clients" of Sidley Austin, the summons required production of the identities of all U.S. taxpayers that had participated in the transactions specified in the "John Doe" summons.

Does would "no longer be pursuing protection of their identities," and that counsel for the Does had instructed counsel for Sidley Austin to provide the clients' names to the Government if Sidley Austin believed that the names were responsive to the John Doe Summons.

15. The motion to withdraw was granted on April 15, 2004.

16. Upon withdrawal of the Baker Does' motion to intervene, I requested that counsel for Sidley Austin turn over the identities of the Baker Does. In response to this request, counsel for Sidley Austin apprised me that Sidley Austin would not turn over the identities of the Baker Does to the Service without a court order or written consent from the Baker Does.

17. Shortly thereafter, counsel for Sidley Austin informed me that Sidley Austin had requested that counsel for the Baker Does provide Sidley Austin with written consent to disclose the summoned identities of the Baker Does to the Service and that the Baker Does had refused to provide Sidley Austin with written consent.

18. On April 28, 2004, the Court entered judgment granting the United States' Petition to enforce the "John Doe" summons. A copy of that judgment is attached as Exhibit 10.

19. On April 30, 2004, the Court issued a further Order staying the Court's April 28, 2004 order "for the period during which this proceeding remains pending, including all appeals, including the period until all appeals are disposed of, or until expiration of the period in which all appeals may be taken or a request for rehearing may be made." A copy of that Order is attached as Exhibit 11.

20. On June 29, 2004, after the expiration of the period during which an appeal from the Court's April 28, 2004 order could be taken under FRAP 26(a), Sidley Austin sent me an e-mail in which it represented that it was disclosing the "balance of the names and address of the

interveners in the John Doe action," to which was attached a list which included the name "Keith Tucker." A redacted true and correct copy of that email and list are attached as Exhibit 12.

21. In the list attached as Exhibit 12, Sidley Austin disclosed the name "Keith Tucker" under the heading "Diversified - Spread Options," but did not disclose the identifying Social Security Number for Keith Tucker. Nor did Sidley Austin disclose, at this time, the names and identifying Employment Identification Numbers for any participating entities, including, but not limited to, the controlled U.S. entities Sligo (2000) and Epsolon.

22. At that time, upon my inquiry, counsel for Sidley Austin represented to me that this additional summoned information was not readily available because the New York offices of Sidley Austin had been destroyed on September 11, 2001. However, upon my demand, Sidley Austin was subsequently able to recover the names of the participating entities from its retained copies of the opinions which it had issued.

23. On March 3, 2005, counsel for Sidley Austin hand delivered to me a supplemental response to the "John Doe" summons in which Sidley Austin for the first time identified the names of participating entities, including, but not limited to, the controlled U.S. entities Sligo (2000) and Epsolon. A redacted true and correct copy of Sidley Austin's supplemental production on March 3, 2005, is attached as Exhibit 13.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Washington, D.C., on this 9th day of May, 2006.

JOHN A. LINDQUIST
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, DC 20044