*EXHIBIT 1*

*DECLARATION OF JOHN LINDQUIST*

EXHIBIT B
DOCKET No. 16571-04

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| | | | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Suzanne B. Conlon |
| CASE NUMBER | 03 C 7226 | DATE | 10/14/2003 |
| CASE TITLE | In Re: John Does | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The government's *ex parte* petition for leave to serve Internal Revenue Service "John Doe" summons is granted. ENTER ORDER.

GOVERNMENT EXHIBIT 2

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | number of notices |
| | No notices required. | | date docketed |
| ✓ | Notices mailed by judge's staff. | EXHIBIT 1 | docketing deputy initials |
| ✓ | Notified counsel by telephone. | | 10/14/2003 date mailed notice |
| | Docketing to mail notices. | | CB mailing deputy initials |
| | Mail AO 450 form. | | |
| ✓ | Copy to judge. | | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | |

Document Number

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN THE MATTER OF THE TAX LIABILITIES OF:

JOHN DOES, United States taxpayers who, during any part of the period January 1, 1996 through October 15, 2003, participated in a transaction which was or later became a "listed transaction" or other "potentially abusive tax shelter" organized or sold by the law firm of Sidley Austin Brown & Wood LLP and its predecessor, Brown & Wood LLP.

______________________________/

**ORDER GRANTING UNITED STATES' *EX PARTE* PETITION FOR LEAVE TO SERVE IRS "JOHN DOE" SUMMONS**

Upon the *ex parte* petition of the United States of America for leave to serve a "John Doe" summons, with the declaration of Richard Bosch and the exhibits presented in support of the petition, this Court has determined: (1) that the summons relates to the investigation of an ascertainable group or class of persons; (2) that there is a reasonable basis for believing that such group or class of persons may fail or may have failed to comply with various provisions of the Internal Revenue Code; and (3) that the information sought to be obtained from the examination of the records and the identity of the persons with respect to whose liability the summons relates are not readily available from other sources. It is, therefore

ORDERED, ADJUDGED and DECREED that the Internal Revenue Service, through an authorized officer or agent, may serve the "John Doe" summons, a copy

of which was presented concurrently with the petition, on Sidley Austin Brown & Wood LLP; and

IT IS FURTHER ORDERED that a copy of this order, the petition, declaration with exhibits and supporting memorandum be served with the summons served pursuant to this order.

DATED this 14th day of October, 2003, at Chicago, Illinois.

Suzanne B. Conlon
UNITED STATES DISTRICT JUDGE

*EXHIBIT 2*

*DECLARATION OF JOHN LINDQUIST*

EXHIBIT A
DOCKET No. 16571-04

# Summons

In the matter of the tax liabilities of John Does * see below

Internal Revenue Service (Division): Large and Mid-Size Business Division

Industry/Area (name or number): Financial Services Industry

Periods: January 1, 1996 through October 15, 2003

**The Commissioner of Internal Revenue**

To: Sidley Austin Brown & Wood, LLP (formerly Brown & Wood, LLP)

At: Bank One Plaza, 10 South Dearborn Street, Chicago, IL 60603

You are hereby summoned and required to appear before Revenue Agent Robert K. Schroder (I.D. No. 36-09404) or authorized designee an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See Attached Rider.

* IN THE MATTER OF THE TAX LIABILITIES OF JOHN DOES, United States taxpayers who, during any part of the period January 1, 1996 through October 15, 2003, participated in a transaction which was or later became a "listed transaction" or other "potentially abusive tax shelter" organized or sold by the law firm of Sidley Austin Brown & Wood LLP and its predecessor, Brown & Wood LLP.

**Do not write in this space**

EXHIBIT
2

PENGAD-Bayonne, N. J.

**Business address and telephone number of IRS officer before whom you are to appear:**

Internal Revenue Service, 2001 Butterfield Road, 4512 WSB, 13th Floor, Downers Grove, IL 60515 Telephone: (630) 493-5077

**Place and time for appearance at** Internal Revenue Service, 2001 Butterfield Road, 4512 WSB, 13th Floor, Downers Grove, IL 60515

on the 27th day of October, 2003 (year) at 10:00 o'clock a m.

Issued under authority of the Internal Revenue Code this 9th day of October, 2003 (year)

Robert C Skiba — Signature of issuing officer

Territory Manager LMSB:F — Title

Signature of approving officer (*if applicable*) — Title

IRS
Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

**Original** — to be kept by IRS

# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date October 15, 2003 | Time 11:00 am |
|---|---|

**How Summons Was Served**

1. ☒ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): ______

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: ______

| Signature James M. Johnson | Title Internal Revenue Agent |
|---|---|

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: ______ Time: ______

Name of Noticee: ______

Address of Noticee (if mailed): ______

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☒ No notice is required.

| Signature | Title |
|---|---|

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|

# RIDER

Please produce the name, address and taxpayer identification number for each United States taxpayer who, during any part of the period January 1, 1996 through October 15, 2003, participated in a transaction which was or later became a "listed transaction" or other "potentially abusive tax shelter" organized or sold by the law firm of Sidley Austin Brown & Wood LLP and its predecessor, Brown & Wood LLP.

Definitions

As a guide to your compliance, as used herein:

A. The term "potentially abusive tax shelter" is defined by 26 U.S.C. § 6112 and Treas. Reg. § 301.6112-1(b), without regard to the effective date of this regulation;

B. The term "listed transaction" is defined by Treas. Reg. § 301.6111-2(b)(2) and 301.6112-1(b)(2)(i)(A), incorporating by reference a transaction defined in Treas. Reg. § 1.6011-4(b)(2), without regard to the effective dates of these regulations.

C. The terms "organizer" and "seller" are defined by Treas. Reg. § 301.6112-1(c), without regard to the effective date of this regulation.

# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| October 15, 2003 | 11:00 am |

**How Summons Was Served**

1. ☒ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.
2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): ____________
3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: ____________

| Signature | Title |
|---|---|
| James M. Johnson | Internal Revenue Agent |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: ____________ Time: ____________

Name of Noticee: ____________

Address of Noticee (if mailed): ____________

**How Notice Was Given**

- ☐ I gave notice by certified or registered mail to the last known address of the noticee.
- ☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).
- ☐ I gave notice by handing it to the noticee.
- ☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.
- ☒ No notice is required.

| Signature | Title |
|---|---|
| | |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
| | |

# *EXHIBIT 3*

# *DECLARATION OF JOHN LINDQUIST*

EXHIBIT C
DOCKET No. 16571-04

SIDLEY AUSTIN BROWN & WOOD LLP

BEIJING
BRUSSELS
CHICAGO
DALLAS
GENEVA
HONG KONG
LONDON

787 SEVENTH AVENUE
NEW YORK, NEW YORK 10019
TELEPHONE 212 839 5300
FACSIMILE 212 839 5599
www.sidley.com

FOUNDED 1866

LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
TOKYO
WASHINGTON, D.C.

WRITER'S DIRECT NUMBER
212 839 5537

WRITER'S E-MAIL ADDRESS
rpietrzak@sidley

CONFIDENTIAL

October 27, 2003

John A. Lindquist, Esq.
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington DC 20044

Re: John Doe Summons

Dear Mr. Lindquist:

This letter is in response to the "John Doe summons", seeking the identities of certain taxpayers, that was served on Sidley Austin Brown & Wood LLP ("SAB&W") on October 15, 2003, pursuant to IRC § 7609(f).

As we discussed during our telephone conversation of October 23, 2003, SAB&W sent letters to all known former clients involved in specific transactions stating SAB&W's intention to disclose their identities to the IRS absent an objection from such former client. Illustrative copies of those letters are enclosed as Exhibit A. SAB&W has determined that the identities of its former clients who participated in the FLIPS, BLIPS and OPIS transactions have already been disclosed in the course of other proceedings and/or such clients have not objected to the disclosure of their identities. Because SAB&W has not been instructed to assert such a claim, and given the foregoing circumstances, we do not believe that there exists a valid claim of attorney-client privilege which prevents us from providing the identities of former clients we were able to contact who participated in the FLIPS, BLIPS and/or OPIS transactions. Accordingly, enclosed as Exhibit B are the identities of such SAB&W clients who participated in the FLIPS, BLIPS and OPIS transactions.



PENGAD-Bayonne, N. J.
EXHIBIT
3

With respect to the other transactions where we are unaware of any waiver of the attorney-client privilege, we have received numerous objections from former clients to the disclosure of their identities. In addition, there are a number of former clients we were unable to reach, despite reasonable efforts to do so, and SAB&W is also treating those former clients as not consenting to the disclosure of their identities.

As to these two categories of former clients, SAB&W is a stakeholder. Any potential claim of attorney-client privilege belongs to our former clients, not SAB&W, and, accordingly, our professional and ethical obligations as lawyers require that we maintain such privileges unless they have been waived, our clients knowingly do not object to the disclosure of their privileged information or a Court determines that no privilege is applicable. We recognize and respect the holding in United States v. BDO Seidman, 337 F.3d 802 (7th Cir. 2003), and will so advise the District Court. At the same time, we must – absent judicial direction – guard our former clients claims of attorney-client privilege. Consequently, as noted above, we will not be producing the identities of former clients except as to FLIPS, BLIPS and OPIS.

When we spoke on October 23, we explained that SAB&W had sent letters to each identifiable former client involved in the pertinent transactions listed on the schedule attached to our letter to Mr. Bosch of the Internal Revenue Service dated August 12, 2003. We call your attention to that schedule which was intended to capture the transactions on which we understood the Service was focused. The transactions reflected in that schedule exclude transactions that involve five (5) or fewer opinions. For your ease of reference, I am enclosing as Exhibit C a copy of that letter which reflects the definition used in identifying transactions in which the IRS appeared focused at that time. Consequently, the schedule attached to the August 12, 2003 letter to Mr. Bosch did not include structures which did not fit within the definition in that letter. Following that same categorization, we did not send letters to former clients who did not participate in the transactions on the schedule and are not treating them as within the scope of the John Doe summons. As we also noted in our August 12 letter, we did not include transactions involving distressed/high basis assets, even though they met the criteria set forth in the letter, because those transactions are not the subject of any IRS notice. Accordingly, former clients who participated in those distressed/high basis transactions did not receive the recent letter asking for their position on the attorney-client privilege.

As we have pointed out on a number of occasions and as our conduct reflects, SAB&W has sought to cooperate with the Service in the course of the ongoing Section 6707/6708 examination and wishes to continue doing so, without compromising our professional responsibilities. Consistent with our professional responsibilities, SAB&W must assert the attorney client privilege until instructed by action or inaction that the former client no longer wishes to invoke that privilege or until a Court rules that no privilege applies. In this regard, as discussed, we propose that simultaneous with the initiation of a petition to enforce the John Doe summons, the parties seek an agreed order from the Court. Under that order, SAB&W will notify its former clients of the pending John Doe summons and ask that they either assert or waive by action or

inaction any applicable privileges with respect to their identities within a fixed time period (e.g. 15 days). Enclose for your review as Exhibit D is a draft agreed order implementing such procedures. If any former clients waive by action or inaction their applicable privileges with respect to their identities, SAB&W will then immediately produce the identities of those former clients to the Service. If any former clients affirm their assertion of applicable privileges with respect to their identities, they will be advised of the opportunity to seek to intervene in the enforcement proceeding and invoke their claims of privilege for consideration by the Court. Our firm would not represent these former clients. Our firm will, of course, follow the directions of the Court as to production of those identities. This approach will allow SAB&W to respond to the summons in a manner consistent with its professional responsibilities.

Of course, SAB&W must reserve its right to assert any and all objections and defenses to the John Doe summons, and the other summonses issued pursuant to the Section 6707/6708 examination, including but not limited to the fact that such summonses seek information already in the possession of the Service, as well as the production of information that requires a legal conclusion as to the ultimate issue in dispute in the Service's examination. This reservation should not be taken as a limitation on our cooperation with the Department of Justice or the Internal Revenue Service; rather it is simply a recognition of our professional obligations to our former clients.

We look forward to discussing this letter and its attachments with you today.

Sincerely,

A. Robert Pietrzak

WFC:k

cc: Stephen R. Winningham, Esq.
Mr. Bisamber Misir

*EXHIBIT 4*

*DECLARATION OF JOHN LINDQUIST*

EXHIBIT D
DOCKET No. 16571-04

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

Petitioner,

v.

SIDLEY AUSTIN BROWN & WOOD LLP, with respect to the matter of the tax liabilities of:

JOHN DOES, United States taxpayers who, during any part of the period January 1, 1996 through October 15, 2003, participated in a transaction which was or later became a "listed transaction" or other "potentially abusive tax shelter" organized or sold by the law firm of Sidley Austin Brown & Wood LLP and its predecessor, Brown & Wood LLP.

Respondent.

______________________________/

**PETITION TO ENFORCE JOHN DOE SUMMONS TO SIDLEY AUSTIN BROWN & WOOD LLP**

The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, petitions this Court for an order enforcing a John Doe Summons issued to and served upon Sidley Austin Brown & Wood LLP.

## I. Introduction

1. This proceeding is brought pursuant to §§7402(b) and 7604(a) of the Internal

PENGAD-Bayonne, N. J.
EXHIBIT
4

Revenue Code (26 U.S.C.),[1] to enforce a "John Doe Summons" issued to and served upon Sidley Austin Brown & Wood LLP (SAB&W)[2]. SAB&W does business in this district at Bank One Plaza, 10 South Dearborn Street, Chicago, Illinois 60603.

2. Pursuant to §7601, the Secretary of the Treasury is directed to "cause officers or employees of the Treasury Department to proceed, from time to time, through each internal revenue district and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax." Pursuant to §7602, the Secretary or his delegate is authorized to summon records and testimony "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability." The IRS may summon any person "the Secretary may deem proper . . . to produce such books, papers, records or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry." §7602(a)(2).

3. The United States makes a *prima facie* case for enforcement of a summons when it demonstrates that the summons has been issued for a legitimate purpose, that the information sought is relevant to the purpose, that the summoned

---

[1] All "§" references are to the Internal Revenue Code, 26 U.S.C., unless otherwise specified. All "Govt. Ex." references are to the Appendix of Exhibits submitted in support of the Petition to Enforce Summonses. Some of those exhibits have been redacted to protect the privacy of tax shelter participants or to eliminate matters not relevant to this petition. However, none of these exhibits have been otherwise modified and are reproduced here in the form in which they were obtained.

[2] On April 30, 2001, Sidley & Austin merged with Brown & Wood LLP and is referred to herein as "SAB&W."

information is not already in its possession, and the administrative requirements for issuance of the summons have been satisfied. *United States v. Powell*, 379 U.S. 48 (1964). In addition, §7602(d) precludes the enforcement of a summons if there is a "Justice Department referral" in effect with respect to the taxpayer under investigation for the periods under investigation.

4. The IRS is conducting an investigation to determine the correctness of returns filed by, and the correct federal tax liabilities of, certain United States taxpayers who, during any part of the period January 1, 1996 through October 15, 2003, participated in a transaction which was or later became a "listed transaction" or other "potentially abusive tax shelter" organized or sold by SAB&W, *i.e.*, the John Doe class. Revenue Agent Florence Kan has been assigned responsibility to gather information from which the identities of the participants in the "potentially abusive tax shelters" can be determined.[3]

5. The IRS is also investigating the role of SAB&W in organizing and selling tax shelters to determine SAB&W's compliance with the registration and list maintenance requirements of §§6111 and 6112 and its potential liability for penalties imposed by §§6707 and 6708, during the period January 1, 1996 through the present. Revenue Agent Kan has also been assigned to the promoter investigation of SAB&W.

---

[3] Revenue Agent Richard Bosch was previously assigned to conduct the John Doe investigation. In September, 2003, Revenue Agent Kan was assigned primary responsibility for the investigation.

6. To learn the identities of unknown participants in "listed transactions" and other "potentially abusive tax shelters" organized or sold by SAB&W, as part of IRS investigation to determine the correctness of returns filed by, and the correct liabilities of, participants in tax shelter transactions organized or sold by SAB&W, on October 9, 2003, a John Doe summons was issued to SAB&W. [Govt. Ex. 1].

7. On October 14, 2003, the IRS was authorized by this Court to serve the John Doe summons upon SAB&W, upon the *United States' Ex Parte Petition for Leave to Serve IRS "John Doe" Summons*, (Civil No. 03C-7226, N.D. Il). [Govt. Ex. 2]. On October 15, 2003, the John Doe summons was served on SAB&W by delivering a copy to Thomas W. Albrecht at the Chicago office of SAB&W. [Govt. Ex. 1, p. 2].

8. The John Doe summons demands that SAB&W provide the identities of United States taxpayers who, during any part of the period January 1, 1996 through October 15, 2003, participated in a transaction which was or later became a "listed transaction" or other "potentially abusive tax shelter" organized or sold by SAB&W.

9. The John Doe Summons demanded compliance by October 27, 2003. Although SAB&W has provided the identities of some tax shelter participants to the IRS, SAB&W has not fully complied with the John Doe summons and represents that it has withheld the identities of over three-hundred and seventy (370) participants in these transactions because they have failed and/or refused to consent to SAB&W's disclosure of their identity to the IRS.

## II. SAB&W was Organizing and Selling Tax Shelters

10. The Congress and the Treasury have established a statutory and regulatory system designed to combat the use of abusive tax shelters. Two of the key statutory provisions are the registration and list maintenance requirements of §§6111 and 6112, respectively. [See Staff of the Senate Comm. on Finance, *Explanation of the Provisions Approved by the Committee on March 21, 1984*, S. Prt. No. 98-169, Vol. I at 425-426 (1984); *see also,* H.R. Conf. Rep. No. 98-861 at 982 (1984), *reprinted in* 1984-3 C.B. (vol. 2) 1, 236 (the relevant portions of both reports are reproduced in Govt. Exs. 32 & 33)]. Pursuant to §6111, "any tax shelter organizer" must register certain tax shelters with the IRS. Pursuant to §6112, "organizers and sellers" of potentially abusive tax shelters must maintain a list of investors (including certain identifying information) and other information about the tax shelter the Treasury has by regulation required. The identities and other information are to be provided to the IRS upon request. Shelters for which list maintenance is required are those for which registration is required under §6111(c) or (d), and "listed transactions," *i.e.*, those which the IRS has through notice, regulation or other published guidance, identified as tax avoidance transactions. Failure to comply with the registration and list maintenance requirements subjects the organizer or seller to monetary penalties pursuant to §§6707 and 6708.

11. The term "organizer," for purposes of §§6111 and 6112, includes persons principally responsible for organizing a tax shelter as well as persons who participate in the organization, management or sale of a tax shelter. "Any person

who discovers, creates, investigates or initiates the investment, devises the business or financial plans for the investment, or carries out those plans through negotiations or transactions with others" is an "organizer." Temp. Treas. Reg. §301.6111-1T, Q&A 27. Participation in the organization, management or sale of a tax shelter includes, among other things, "preparation of any document establishing the tax shelter (for example, articles of incorporation, a trust instrument, or a partnership agreement)," "preparation of any prospectus [or] offering memorandum," and "preparation of a tax or other legal opinion relating to the tax shelter" when, for example, the person performing the acts is related to the tax shelter or participated in the entrepreneurial risks or benefits of the tax shelter. A person will be considered related to the tax shelter or its principal organizer if the person is employed by the shelter or organizer. Temp. Treas. Reg. §301.6111-1T, Q&A 28 & 30. "Participation in the management of a tax shelter includes managing the assets of the tax shelter [or] directing the business activity of the tax shelter." Temp. Treas. Reg. §301.6111-1T, Q&A 28. Participation in the sale of a tax shelter includes "instructing or advising sales persons regarding the tax shelter." Temp. Treas. Reg. §301.6111-1T, Q&A 31.

12. The term "seller" generally includes any person other than the organizer "who receives consideration in connection with another person's right to participate in a tax shelter, [or] for services necessary to the organization or structure of such tax shelter. . ." Temp. Treas. Reg. §301.6112-1T, Q&A 5&6.

13. For example, the types of activities which may constitute organization and/or sale are:

a. management of assets or business of the corporations (including subchapter S corporations) or partnerships involved in the tax shelter, direction of activities of banks involved with the shelter, or instructing or advising sales persons;

b. involvement during the conception of the transactions and/or marketing to potential participants, or solicitation of investors;

c. relatedness to the tax shelter or any principal organizer of the tax shelter, which would include employment by the shelter or its organizer, including being paid by the shelter or its organizer;

d. participation in the entrepreneurial risks or benefits of the tax shelter, including whether compensation was based, in whole or in part, on whether interests in the tax shelter actually were sold or the value of the investment in the shelter.

*See e.g.*, Temp. Treas. Regs. §§301.6111-1T, Q&A 27-30.

14. Recently, Treasury issued final regulations under §6112, which define an "organizer" or "seller" of tax shelters to which the list maintenance requirements apply to include any person who is a "material advisor" with respect to that transaction. Treas. Reg. §301.6112-1(c). A "material advisor" is any person who is required to register a tax shelter under §6111. In addition a "material advisor" is any person who expects to receive a "minimum fee" in excess of certain amounts set forth in the regulations with respect to a transaction and provides a "tax statement" regarding a "potentially abusive tax shelter" to another material advisor or to a participant.

15. Pursuant to §6111(c), a tax shelter organizer must register a shelter which is expected to provide the purchaser over the first five years with more than two

dollars in tax benefits for every dollar invested and is required to be registered, or is sold pursuant to an exemption, under Federal or State law regulating securities, or is a substantial investment (a "substantial investment" is one in which the aggregate amount which may be offered for sale exceeds $250,000, and there are expected to be 5 or more investors). Pursuant to §6111(d), a tax shelter organizer must register "confidential corporate shelters." A confidential corporate shelter includes any "entity, plan, arrangement, or transaction," a significant purpose of which is "the avoidance or evasion of Federal income tax for a direct or indirect participant which is a corporation," which is offered under conditions of confidentiality and for which the promoter may receive fees in excess of $100,000 in the aggregate.

16. The IRS, through regulation, notice or other published guidance, has identified certain transactions as having a potential for tax avoidance or evasion, subjecting them to the list maintenance requirements of §6112 (in addition to §6111(c) and (d) shelters). Temp. Treas. Regs. §301.6111-2T(b)(2) and §301.6112-1T Q&A 3&4; Treas. Regs. §§301.6111-2(b)(2) and 301.6112-1(b)(2)(i)(A). Such transactions are called "listed transactions." The IRS considers a "listed transaction" and all substantially similar transactions to have been structured for a significant tax avoidance purpose. Listed transactions may also be §6111(c) or (d) shelters. The IRS has from time to time published notices of such "listed transactions." [See, e.g., Notices 2003-76 (summary of notices), Govt. Ex. 3].

17. SAB&W was involved in the organization and sale of potentially abusive tax shelters through, principally, its then-partner R. J. Ruble.

18. Based upon the IRS' investigation of SAB&W, its investigation of other promoters, and its examination of taxpayers who have engaged in certain "listed transactions" or other potentially abusive tax shelters, it appears that during the period January 1, 1996 through October 15, 2003, SAB&W was organizing and/or selling potentially abusive tax shelters, including those that are the same as or similar to transactions described by the IRS and identified as "listed transactions" in Notice 99-59 (Boss), Notice 2000-44 (Son-of-Boss, BLIPS, COBRA), Notice 2001-16 (MIDCO),Notice 2001-45 (basis shifting shelter, FLIPS/OPIS), and Notice 2002-21 (CARDS), as well as certain other transactions identified as Spread Options, Common Trust Fund, and Option Transfer that were organized or sold in conjunction with accounting firms and investment advisors.

19. It appears that SAB&W developed potentially abusive tax shelters with others, including KPMG, Ernst & Young, Diversified Group, Inc., Price Waterhouse, Bricolage/ICA, Arthur Andersen, Ahrens & DeAngeli, BDO Seidman, Multi-National Strategies, Chenery Associates, Presidio Advisors, Deutsche Bank, and Grant Thornton.

20. SAB&W has represented to the Government that upon the merger of the two law firms, Sidley & Austin and Brown & Wood, on April 30, 2001, SAB&W determined that it would no longer issue opinions to non-corporate tax shelter participants and that Ruble had agreed to discontinue issuing such opinions.

21. It appears, however, that Ruble, as a partner of the firm, continued to issue opinions to non-corporate tax shelter participants, and he continued to organize and sell transactions which were or later became potentially "listed transactions" or other potentially abusive tax shelters.

22. SAB&W has represented to the Government that on October 24, 2003, it expelled Ruble from the firm for breach of fiduciary duty and breach of the partnership agreement. SAB&W also represented that it expelled Ruble because, among other reasons, it learned that Ruble had continued after the merger to issue opinions to individuals with respect to "listed transactions" or other "potentially abusive tax shelters."

23. Further, SAB&W has represented to the Government that Ruble was unwilling to address questions raised by SAB&W about certain of the representations it had made to the IRS, based in large part on information provided by Ruble, and therefore, to the extent that these representations could not be fully verified, they should not be relied upon by the IRS. [See SAB&W letter dated November 4, 2003, Govt. Ex. 4].

24. SAB&W's reservations about the correctness and completeness of prior representations about SAB&W's involvement with "listed transactions" based on information provided by Ruble appear to have merit. For example, in a prior written description given to the IRS to explain SAB&W's involvement with the basis-shifting shelter described in Notice 2001-45 (FLIP/OPIS), it was represented that SAB&W's role was limited to issuing independent legal opinions to shelter

participants for a flat fee. The description contained no discussion of Ruble's involvement in the organization or sale of FLIP or OPIS. As set forth in detail in the Declaration of Revenue Agent Kan, however, it appears that SAB&W, primarily through Ruble, was involved in the organization and/or sale of FLIP and OPIS.

25. In addition, SAB&W and KPMG jointly developed the Bond Linked Indexed Premium Strategy (a/k/a BLIPS), which is the same as or substantially similar to transactions described in Notice 2000-44. SAB&W, through Ruble, also helped develop and promote with Diversified Group, Inc. the Option Partnership Strategy (OPS), which is the same as or substantially similar to transactions described in Notice 2000-44. Ruble also "licensed" as "technology" a CARDS tax shelter, which is the same as or substantially similar to transactions described in Notice 2002-21, in exchange for a royalty payment.

## III. The John Doe Summons Should Be Enforced

### A. The John Doe Summons Has Been Issued For a Legitimate Purpose.

26. The IRS is conducting an investigation to determine the correctness of returns filed by and the correct federal tax liabilities of certain United States ta xpayers who, during any part of the period January 1, 1996 through October 15, 2003, participated in a transaction which was or later became a "listed transaction" or other "potentially abusive tax shelter" organized or sold by SAB&W.

27. As set forth above and in the Declaration of Revenue Agent Kan, it appears that SAB&W, during the period under investigation, was organizing and selling

"listed transactions" and other "potentially abusive tax shelters." The IRS has determined that such transactions have been structured for significant tax avoidance purposes.

**B. The Information Sought is Relevant to the Investigation of the John Does.**

28. Once the participants in the "listed transactions" or other "potentially abusive tax shelters" are identified, the IRS can begin to determine the correctness of federal tax returns filed by the participants and determine the correct federal tax liabilities of the participants. Identification of the participants is the first necessary step to determining the correctness of the participants' returns and their correct tax liabilities.

**C. All Other Requirements for Enforcement Have Been Satisfied.**

29. The IRS does not have possession of all identities of participants in "listed transactions" or other potentially abusive tax shelters organized or sold by SAB&W during the period January 1, 1996 through October 15, 2003. The IRS has identified a number of the participants, but not all of the participants.

30. The IRS has attempted to identify the participants in these potentially abusive tax shelters from its own records, but has found that such information cannot be located and/or is not readily available. This is due, in part, because inspection of a particular purchaser's return may not readily disclose the purchaser's involvement in the transaction or the potential understatement or

misstatement of income from involvement in the transaction. And, in any event, it is not feasible for the IRS to inspect every filed tax return or audit every taxpayer.

31. On December 22, 2001, the IRS published Announcement 2002-2, 2002-1 C.B. 304 (Disclosure Initiative), in which it encouraged taxpayers to disclose their participation in and tax treatment of tax shelters in exchange for the IRS' waiver of certain penalties under 26 U.S.C. §6662, if the IRS determined that the taxpayers made an underpayment of tax. As part of the IRS's Disclosure Initiative, taxpayers were required to identify the parties that promoted, solicited or recommended that they participate in the tax shelter. In response to the Disclosure Initiative, the IRS received approximately 80 Disclosure Statements identifying SAB&W as promoting, soliciting, or recommending their participation in certain tax shelters.

32. The IRS has also attempted to identify the participants from third-party records, including, but not limited to, KPMG, Ernst & Young, Diversified Group, Inc., BDO Seidman, and Presidio Advisors, but it does not appear that it has identified everyone.

33. On October 27, 2003, SAB&W responded to the "John Doe" Summons by providing the IRS with the names and addresses of some, but not all, of the participants in potentially abusive tax shelter transactions for which it had issued legal opinions.

34. While the IRS has identified a number of the participants in these transactions, it does not believe that it has identified all of the participants. SAB&W acknowledges that it issued over six-hundred and twenty (620) opinions during the period January 1, 1996 through October 15, 2003, with respect "listed transactions" or other potentially abusive tax shelters. SAB&W also acknowledges that it has withheld the identities of over three-hundred and seventy (370) participants in these transactions because they have failed and/or refused to consent to SAB&W's disclosure of their identity to the IRS.

35. As best as can be determined when a person's identity is unknown, there is no "Justice Department referral," as that term is described in §7602(d)(2), in effect with respect to any unknown "John Doe" for the periods under investigation.

36. All administrative prerequisites for issuance of the John Doe Summon have been met.

WHEREFORE, the petitioner respectfully prays that:

1. This Court enter an order directing respondent to show cause, if any it may have, why it should not comply with and obey the John Doe Summons served upon it and each and every requirement thereof;

2. This Court enter an order directing the respondent to obey the John Doe Summons served upon it, and each and every requirement thereof, and ordering attendance and testimony by a duly authorized representative of the respondent and the production of books, records, documents and other data as required by the terms of the summonses before Revenue Agent Kan, or any

authorized officer of the Internal Revenue Service, at such time and place as may hereinafter be fixed by Revenue Agent Kan, or any authorized officer of the Internal Revenue Service, or by this Court;

3. The United States recover its costs in maintaining this action; and

4. The Court render such other and further relief as is just and proper.

PATRICK J. FITZGERALD
United States Attorney

CRAIG OSWALD
Assistant U.S. Attorney

JOHN LINDQUIST
JENNIFER G. COHEN
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6561/6403

*EXHIBIT 5*

*DECLARATION OF JOHN LINDQUIST*

Minute Order Form (06/97) Case 1:03-cv-09355 Document 6 Filed 01/12/2004 Page 1 of 6

# United States District Court, Northern District of Illinois

| | | | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
| CASE NUMBER | 03 C 9355 | DATE | 1/12/2004 |
| CASE TITLE | USA vs. Sidley Austin Brown & Wood | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 2/26/04 at 9:30 a.m. Enter Proposed Order: Petitioner United States of America and respondent Sidley Austin Brown & Wood are hereby ordered to follow the procedures set forth on the attached order in connection with petitioner's application for enforcement of the John Doe Summons issued on 10/15/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | EXHIBIT 5 (PENGAD-Bayonne, N.J.) | number of notices | Document Number |
| | No notices required. | | JAN 16 2004 date docketed | 6 |
| | Notices mailed by judge's staff. | U.S. DISTRICT COURT CLERK | VW docketing deputy initials | |
| | Notified counsel by telephone. | 04 JAN 15 AM 5:10 | JAN 16 2004 date mailed notice | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
Petitioner, )
) Civil Action No. 03 C 9355
v. )
)
SIDLEY AUSTIN BROWN & WOOD LLP, )
)
Respondent. )

DOCKETED
JAN 1 6 2004

**PROPOSED ORDER**

Petitioner United States of America and respondent Sidley Austin Brown & Wood LLP, are hereby ordered to follow the procedures set forth below in connection with petitioner's application for enforcement ("Petition to Enforce") of the John Doe summons issued on October 15, 2003 and served upon respondent, seeking the identities of certain former clients of respondent or its predecessor to whom opinions respecting certain tax transactions were provided.

1. On or before January 13, 2004, respondent shall, to the extent practicable, send notice to its former clients, whose identities have not been disclosed to petitioner and who received opinions from Brown & Wood LLP or respondent with respect to the transactions identified on Appendix A hereto ("Former Clients"), of the requirement of this Order that respondent disclose the identity of those Former Clients to petitioner. The form of notification is attached hereto as Appendix B and shall be sent by overnight delivery service.

2. On or before January 23, 2004, any Former Client who wishes to assert a privilege with respect to the Former Client's identity shall so inform respondent in writing by overnight delivery service, which assertion must be received by respondent no later than January 23, 2004.

3. On or before January 29, 2004, except to the extent privilege claims are made to respondent in accordance with paragraph 2 above, and except to the extent respondent, after reasonable efforts, is unable to provide notification of this Order to a Former Client, respondent shall provide the identities of its Former Clients to petitioner.

4. On or before January 29, 2004, with respect to those Former Clients to whom respondent is unable to provide notice despite reasonable efforts, respondent shall inform the Court and petitioner of such inability.

6

5. On or before January 29, 2004, with respect to those Former Clients who make a privilege claim to respondent in accordance with paragraph 2 above, respondent shall produce with respect to said Former Client the written privilege claim, redacted to the extent necessary to protect the identity claimed to be subject to the privilege. Such redacted, written privilege claims, if any, shall be delivered to counsel for petitioner.

6. After January 29, 2004, and on or before February 9, 2004, petitioner may move the Court to order production by respondent of the identity of any Former Client not produced on the basis of an asserted privilege. Petitioner shall serve such motion by overnight delivery service on respondent. Upon receipt of such motion, respondent shall serve by overnight delivery service a copy of such motion on counsel for each Former Client asserting a privilege. If a Former Client asserting a privilege does not have counsel, respondent shall forward a copy of petitioner's motion to such Former Client by overnight delivery service on the day respondent receives petitioner's motion.

7. In the event that the petitioner files a motion in accordance with paragraph 6, any Former Client asserting a privilege may seek to be heard to support the privilege claim by filing a motion with the Court on or before February 19, 2004. This order shall not be construed as creating a right to intervene.

8. The Court finds the foregoing procedures to be fair and in the interests of justice.

9. The Court shall retain jurisdiction to enforce compliance with this Order and for the entry of such other orders as may be appropriate.

10. This case is set for status on February 26, 2004, at 9:30 a.m. On or before such date, respondent shall reply to the Petition to Enforce.

**IT IS SO ORDERED.**

Dated: 12 Jan., 2004

[signature]
United States District Judge

**Your counsel will be able to advise you on how to comply with these procedures. Again, we urge you to seek counsel immediately.**

Dated: ______________, 2004

SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
(312) 853-7036 (fax)

*EXHIBIT 6*

*DECLARATION OF JOHN LINDQUIST*

EXHIBIT G
DOCKET No. 16571-04

REDACTED

# BAKER & McKENZIE

ATTORNEYS AT LAW

**Europe Middle East:** Amsterdam, Bahrain, Barcelona, Berlin, Brussels, Budapest, Cairo, Düsseldorf, Frankfurt, Geneva, Kyiv, London, Madrid, Milan, Moscow, Munich, Paris, Prague, Riyadh, Rome, St. Petersburg, Stockholm, Warsaw, Zurich

**Asia Pacific:** Almaty, Baku, Bangkok, Beijing, Hanoi, Ho Chi Minh City, Hong Kong, Hsinchu, Manila, Melbourne, Singapore, Sydney, Taipei, Tokyo

ONE PRUDENTIAL PLAZA
SUITE 3500
130 EAST RANDOLPH DRIVE
CHICAGO, ILLINOIS 60601
TELEPHONE (312) 861-8000
FACSIMILE (312) 861-2899
www.bakerinfo.com

**North and South America:** Bogota, Brasilia, Buenos Aires, Caracas, Chicago, Dallas, Guadalajara, Houston, Juarez, Mexico City, Miami, Monterrey, New York, Palo Alto, Rio de Janeiro, San Diego, San Francisco, Santiago, Sao Paulo, Tijuana, Toronto, Valencia, Washington, D.C.

THOMAS V.M. LINGUANTI
(312) 861-2623
thomas.v.linguanti@bakernet.com

January 22, 2004

**VIA HAND DELIVERY**
Michael Sweeney
Sidley Austin Brown & Wood, LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603

Re: United States v. Sidley Austin Brown & Wood
No. 03-C-9355 (N.D. Ill.)
Notification

Dear Mr. Sweeney:

In accordance with the January 13, 2004, Order of the Court in the captioned matter, we hereby advise Sidley Austin Brown & Wood, LLP, that our client, will continue to assert the attorney-client privilege to protect his identity from being disclosed to the Internal Revenue Service. As such, you are instructed not to disclose identity unless and until there is a final Order from the Court that requires such disclosure.

If you have any questions, please contact me at (312) 861-2623.

Sincerely,

Thomas V.M. Linguanti

TVML/mm

cc:

EXHIBIT
6

EXHIBIT F
DOCKET No. 16571-04

REDACTED

# BAKER & McKENZIE

ATTORNEYS AT LAW

ONE PRUDENTIAL PLAZA
SUITE 3500
130 EAST RANDOLPH DRIVE
CHICAGO, ILLINOIS 60601
TELEPHONE (312) 861-8000
FACSIMILE (312) 861-2899
www.bakerinfo.com

Europe Middle East: AMSTERDAM, BAHRAIN, BARCELONA, BERLIN, BRUSSELS, BUDAPEST, CAIRO, DÜSSELDORF, FRANKFURT, GENEVA, KYIV, LONDON, MADRID, MILAN, MOSCOW, MUNICH, PARIS, PRAGUE, RIYADH, ROME, ST. PETERSBURG, STOCKHOLM, WARSAW, ZURICH

Asia Pacific: ALMATY, BAKU, BANGKOK, BEIJING, HANOI, HO CHI MINH CITY, HONG KONG, HSINCHU, MANILA, MELBOURNE, SINGAPORE, SYDNEY, TAIPEI, TOKYO

North and South America: BOGOTA, BRASILIA, BUENOS AIRES, CARACAS, CHICAGO, DALLAS, GUADALAJARA, HOUSTON, JUAREZ, MEXICO CITY, MIAMI, MONTERREY, NEW YORK, PALO ALTO, RIO DE JANEIRO, SAN DIEGO, SAN FRANCISCO, SANTIAGO, SAO PAULO, TIJUANA, TORONTO, VALENCIA, WASHINGTON, D.C.

THOMAS V.M. LINGUANTI
(312) 861-2623
thomas.v.linguanti@bakernet.com

January 22, 2004

**VIA HAND DELIVERY**
Michael Sweeney
Sidley Austin Brown & Wood, LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603

Re: United States v. Sidley Austin Brown & Wood
No. 03-C-9355 (N.D. Ill.)
Notification

Dear Mr. Sweeney:

In accordance with the January 13, 2004, Order of the Court in the captioned matter, we hereby advise Sidley Austin Brown & Wood, LLP, that our client, will continue to assert the attorney-client privilege to protect his identity from being disclosed to the Internal Revenue Service. As such, you are instructed not to disclose identity unless and until there is a final Order from the Court that requires such disclosure.

If you have any questions, please contact me at (312) 861-2623.

Sincerely,

Thomas V.M. Linguanti

TVML/mm

cc:

*EXHIBIT 7*

*DECLARATION OF JOHN LINDQUIST*

EXHIBIT H
DOCKET No. 16571-04



Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 9355 | DATE | 2/6/04 |
| CASE TITLE | USA vs. Sidley Austin Brown & Wood | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Agreed Order in connection with petitioner's 12/29/03 application for enforcement of the John Doe summons issued by petitioner and served upon respondent, as approved by the Court.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | EXHIBIT 7 (PENGAD-Bayonne, N. J.) | number of notices | Document Number |
| | No notices required. | U.S. DISTRICT COURT CLERK | APR 05 2004 date docketed | 61 |
| | Notices mailed by judge's staff. | 2004 APR -4 AM 10:39 | UU docketing deputy initials | |
| | Notified counsel by telephone. | | APR 05 2004 date mailed notice | |
| ✓ | Docketing to mail notices. | | mailing deputy initials | |
| | Mail AO 450 form. | Date/time received in central Clerk's Office | | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | | |

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 03 C 9355 |
| v. | ) | Judge Matthew F. Kennelly |
| | ) | |
| SIDLEY AUSTIN BROWN & WOOD LLP, | ) | |
| | ) | |
| Respondent. | ) | APR 0 5 2004 |

**AGREED ORDER**

Petitioner United States of America and respondent Sidley Austin Brown & Wood LLP, are hereby ordered to follow the procedures set forth below in connection with petitioner's December 29, 2003 application for enforcement of the John Doe summons issued by petitioner and served upon respondent.

1. On or before February 7, 2004, respondent shall, to the extent practicable, send notice to all persons: (a) who fell within the scope of this Court's Order dated January 13, 2004 (as amended by the Court's Order dated February 5, 2004) ("January 13 Order") and to whom respondent believes it is now able to send notice through reasonable efforts, despite its previous inability to do so; and (b) who objected to the January 13 Order on the grounds that they did not fall within the scope of Appendix A thereto, but who, during any part of the period January 1, 1996 through October 15, 2003, participated in a transaction which was or later became a "listed transaction" or other "potentially abusive tax shelter" with respect to which petitioner or Brown & Wood LLP was paid a fee. The notice to be sent to such persons ("Persons") shall advise them of the requirement of this Order that respondent disclose the identity of those Persons to petitioner. The form of notice is attached hereto as Appendix 1 and shall be sent by overnight delivery service.

2. On or before February 13, 2004, any Person receiving the notice specified in paragraph 1 who wishes to object to the disclosure of such Person's identity shall so inform respondent in writing by facsimile or overnight delivery service, which assertion must be received by respondent no later than February 13, 2004.

3. On or before February 16, 2004, except to the extent objections are made to respondent in accordance with paragraph 2 above, and except to the extent respondent, after reasonable efforts, is unable to provide notification of this Order to a Person, respondent shall provide the identities of such Persons to petitioner.

61

4. On or before February 16, 2004, with respect to those Persons who make objections to respondent in accordance with paragraph 2 above, respondent shall produce to counsel for petitioner said Person's written objection, redacted to the extent necessary to protect the Person's identity.

5. On or before February 17, 2004, with respect to those Persons to whom respondent is unable to provide notice despite reasonable efforts, respondent shall inform the Court and petitioner of such inability.

6. On or before February 17, 2004, petitioner may move the Court to order production by respondent of the identity of any Person not produced on the basis of a written objection. Petitioner shall serve such motion by overnight delivery service on respondent. Upon receipt of such motion, respondent shall serve by overnight delivery service a copy of such motion on counsel for each Person asserting an objection. If a Person asserting an objection does not have counsel, respondent shall forward a copy of petitioner's motion to such Person by overnight delivery service on the day respondent receives petitioner's motion.

7. In the event that the petitioner files a motion in accordance with paragraph 6, any Person asserting an objection may seek to intervene to be heard to support the objection by filing a motion with the Court on or before February 27, 2004. This order shall not be construed as creating a right to intervene or to be heard.

8. The disclosure of identities and production of documents by respondent pursuant to this Order or the January 13 Order do not constitute a concession by respondent that it is an "organizer" or "seller" of tax shelters under §§ 6111-6112 of the Internal Revenue Code. Neither this Order nor the Court's January 13, 2004 shall be construed as making any finding as to whether respondent is an "organizer" or "seller" of tax shelters under §§ 6111-6112 of the Internal Revenue Code.

9. The Court finds the foregoing procedures to be fair and in the interests of justice.

10. The Court shall retain jurisdiction to enforce compliance with this Order and for the entry of such other orders as may be appropriate.

**IT IS SO ORDERED.**

Dated: February 6, 2004

United States District Judge

**APPENDIX 1**

## IMPORTANT NOTICE

### THIS REQUIRES YOUR IMMEDIATE ATTENTION

The Department of Justice has instituted a proceeding in the United States District Court for the Northern District of Illinois to enforce a summons seeking the identities of certain former clients of Brown & Wood LLP and/or Sidley Austin Brown & Wood LLP who engaged in certain tax transactions that the Internal Revenue Service is now investigating. We have asserted the attorney-client privilege on your behalf, because we have not received instructions to the contrary from you.

**To persist in that claim or otherwise to assert an objection to the disclosure of your identity, you must act in a manner and in the time frame set by the Court in an Order dated February 6, 2004. A copy of that Order is enclosed. Also enclosed are previous Court Orders dated January 13, 2004 and February 5, 2004.**

**You may have received a previous notice regarding the Court Order dated January 13, 2003 and taken action on the basis of that notice. THE COURT HAS ENTERED A NEW ORDER WHICH REQUIRES FURTHER ACTION ON YOUR PART. We urge you to immediately seek advice from counsel regarding your rights under this new Order dated February 6, 2004.**

**The Order provides that, if you wish to continue to assert the attorney-client privilege to protect your identity from being disclosed to the Internal Revenue Service or otherwise object to such disclosure, you must so advise us by written notification, sent by facsimile or overnight delivery service and received by us no later than February 13, 2004.** Your written notification should be sent to the following:

Michael Sweeney
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

If you provide us with timely notification, we will advise the Department of Justice of our receipt of your instructions not later than February 16, 2004. Thereafter, on or before February 17, 2004, the Department of Justice may move the Court for an order directing that your identity be disclosed. If you have engaged counsel and have provided your counsel's name and address in your written notification to us, we will serve such motion on your counsel by overnight delivery service on the day that we receive it Otherwise, we will forward the Department of Justice's motion to you by overnight delivery service on the day that we receive it.

**Following filing of the Department of Justice's motion that your identity be disclosed, you will have until February 27, 2004 to file a motion with the Court to seek to be heard as to why your identity should be protected from disclosure.**

**If we do not receive your written assertion of privilege or other objection to disclosure of your identity by February 13, 2004 in accordance with the procedure described above, the Court has directed that we provide your identity to the Department of Justice.**

**Your counsel will be able to advise you on how to comply with these procedures. Again, we urge you to seek counsel immediately.**

Dated: February ___, 2004

SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
(312) 853-7036 (fax)