# *EXHIBIT 8*

# *DECLARATION OF JOHN LINDQUIST*

EXHIBIT I
DOCKET No. 16571-(



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
FEB 2 6 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Petitioner, v. SIDLEY AUSTIN BROWN & WOOD, LLP, Respondent. | ) | No. 03-C-9355 Honorable Matthew F. Kennelly Mag. Judge Mason |
| "BAKER" DOE 1 AND "BAKER" DOE 2 Intervenors. | ) | |

DOCKETED
MAR 1 5 2004

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on March 9, 2004, at 9:30 a.m., we shall appear before the Honorable Matthew F. Kennelly in the courtroom usually occupied by him at the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present **"Baker" Doe 1 and "Baker" Doe 2's Motion to Intervene and Motion for Protective Order**, copies of which are attached hereto and served upon you.

Gregory S. Lynam
Baker & McKenzie
One Prudential Plaza
130 East Randolph Drive
Chicago, Illinois 60601
(312) 861-8229

EXHIBIT
8

48

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **No. 02-C-9355** |
| **SIDLEY AUSTIN BROWN & WOOD, LLP,** | ) | **Honorable Matthew F. Kennelly** |
| **Respondent.** | ) | **Mag. Judge Mason** |
| **"BAKER" DOE 1 AND "BAKER" DOE 2** | ) | |
| **Intervenors.** | ) | |

**CERTIFICATE OF SERVICE**

I, Gregory S. Lynam, an attorney, certify that I caused copies of the foregoing **Notice of Motion, "Baker" Doe 1 and "Baker" Doe 2's Motion to Intervene and Motion for Protective Order "Baker" Doe 1 and "Baker" Doe 2's Brief in Support of Intervenor's Motion To Intervene and Motion for a Protective Order and Objection to United States's Motion for Summary Enforcement of Summons, "Baker" Doe 1 and "Baker" Doe 2's Proposed Order** to be served upon the below listed parties by sending copies of same by the method described below this 26th day of February, 2004.

John Lindquist, Esq.
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
(via U.S. Express Mail)

William F. Conlon, Esq.
Sidley Austin Brown & Wood, LLP
10 South Dearborn
Chicago, IL 60603
(via Messenger)

Gregory S. Lynam
Baker & McKenzie
130 East Randolph Drive
Chicago, Illinois 60601
(312) 861-8229

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED
FEB 2 6 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **No. 03-C-9355** |
| **SIDLEY AUSTIN BROWN & WOOD LLP,** | ) | **Honorable Matthew F. Kennelly** |
| | ) | **Mag. Judge Mason** |
| **Respondent.** | ) | |
| **"BAKER" DOE 1 AND "BAKER" DOE 2,** | ) | |
| **Intervenors.** | ) | |

DOCKETED
MAR 1 5 2004

**MOTION TO INTERVENE AND**
**MOTION FOR A PROTECTIVE ORDER**

"Baker" Doe 1 and "Baker" Doe 2 (individually, the "Client;" collectively, the "Clients") hereby move this Court for an Order permitting them to intervene in the above-captioned matter in accordance with Rule 24(a) of the Federal Rules of Civil Procedure and for a protective order to prevent disclosure by Sidley Austin Brown & Wood LLP (the "Law Firm") of the Clients' identities.

Petitioner, United States of America, brought this action to enforce a "John Doe" summons and to obtain from the Law Firm the identities of certain of the Law Firm's clients that the government claims have engaged in, among other things, "potentially abusive tax shelters." This summons was issued by the Internal Revenue Service ("IRS") on October 9, 2003, and the Court authorized service of the summons on October 14, 2003, with service to the Law Firm on October 15, 2003. On December 29, 2003, the government petitioned this Court to enforce this summons. The Law Firm has advised the Clients in accordance with the Court's Order of its

48

intent to provide to the IRS the identities of the Clients unless this Court protects their identities through application of some privilege. The government moved on February 17, 2004, for summary enforcement of the John Doe summons.

The Clients seek to intervene for the purpose of asserting their privilege as to their identities under the attorney-client privilege, and, if necessary, to assert their attorney-client privilege with respect to documents in the Law Firm's possession and to demonstrate that the Clients' transactions and the related documents are not responsive to the John Doe summons at issue in this case. The Clients support this motion to intervene and for a protective order as follows and as set forth in the brief in support filed concurrently herewith. Each Client has submitted declarations in support as well.[1]

1. This action arises from the government's petition to enforce the John Doe summons that the IRS issued to the Law Firm as part of the IRS investigation into participants in "listed transactions" and "potentially abusive tax shelters," as defined by the IRS. The summons demands that the Law Firm reveal the identities of clients that entered into certain specifically described transactions.

2. Each Client is a client of the Law Firm, for whom Brown & Wood LLP, predecessor to the Law Firm, provided legal advice.

3. Each Client requested legal advice from the Law Firm in 2000.

4. In response to a request for legal advice by "Baker" Doe 1, the Law Firm provided legal advice to "Baker" Doe 1 in connection with an investment transaction undertaken by him in 2000.

[1] The Declarations have been redacted given the nature of this motion. Should the Court wish copies of the original, unredacted Declarations, they will of course be made available for in camera review.

5. In response to a request for legal advice by "Baker" Doe 2, the Law Firm provided legal advice to "Baker" Doe 2 in connection with an investment transaction undertaken by him in 2000.

6. The Clients intended and reasonably expected that their communications with the Law Firm with respect to their respective investment transactions would be kept confidential by the Law Firm.

7. The Clients understood that the Law Firm would keep such transactions and communications confidential and would not disclose the Clients' communications in breach of any privilege.

8. The Clients have not waived their privileges with respect to the legal advice received from the Law Firm, and, to the best of the Clients' knowledge, the Law Firm has not disclosed such advice.

9. On January 13, 2004, the Law Firm advised the Clients that it was going to disclose the Clients' names and the investment transactions upon which the Law Firm rendered legal advice to the IRS unless "Baker" Doe 1 and "Baker" Doe 2 sought the protection of this Court.

10. On January 22, 2004, in accordance with this Court's January 13, 2004, order, "Baker" Doe 1 and "Baker" Doe 2 informed, in writing, Michael Sweeney of the Law Firm of the Clients' intent to assert the attorney-client privilege with respect to their communications, which includes their identities.

11. The Clients are moving the Court to intervene in this matter for a protective order to prevent the Law Firm from disclosing the Clients' confidential communications, i.e., their identities and the details of the legal advice provided by the Law Firm. The attorney-client

privilege applies to protect from disclosure to the IRS the Clients' identities and details concerning the Law Firm's advice with respect to the investment transactions in which the Clients engaged.

12. Rule 24(a)(2) of the Federal Rules of Civil Procedure provides that intervention as of right shall be permitted --

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

13. A third-party's right to protect its privileges is routinely recognized as giving rise to intervention as of right. In re Grand Jury Matter (ABC), 735 F.2d 1330, 1331 (11th Cir. 1984) ("We have recognized that a district court should allow intervention by a client in the first instance . . . as soon as the attorney-client privilege issue is raised. That the client refuses to give his name is no bar to intervention.") (citations omitted); In re Grand Jury Subpoena (Newparent), 274 F.3d 563, 570 (1st Cir. 2001) ("Colorable claims of attorney-client and work product privilege qualify as sufficient interest to ground intervention as of right."); United States v. Ritchie, 15 F.3d 592, 597 (6th Cir. 1994) (a "John Doe" taxpayer may intervene in a summons enforcement proceeding brought by the IRS against a third party); In re Grand Jury Proceedings (Malone), 655 F.2d 882, 885 (8th Cir. 1981) (the intervenor's "personal interest obviously would have warranted allowing him to intervene in the District Court. The attorney-client privilege, after all, belongs to the client and exists for his benefit."). Similarly, the Supreme Court has recognized the potential for intervention in a summons enforcement proceeding when the taxpayer's records were in the hands of his attorney or his accountant. Donaldson, FKA Sweet v. United States, 400 U.S. 517, 523 (1971) (rejecting intervention for a taxpayer who was not

issued the summons directly, was not asserting a claim of privilege, and was not seeking to enjoin the release of his own records held by his attorney or his accountant).

14. If the Court permits the Law Firm to disclose to the IRS the identities of the Clients, then the Clients will lose any claims of privilege that they had with respect to their communications with the Law Firm. A "secret once lost is, of course, lost forever." FMC Corp. v. Taiwan Tainan Giant Indus. Co., 730 F.2d 61, 63 (2nd Cir. 1984).

15. The parties to this action, the government and the Law Firm, are not in a position to protect adequately the Clients' privileges with respect to their confidential communications with the Law Firm. Indeed, the Law Firm has advised the Clients that it will not protect their communications ***unless*** the Clients affirmatively assert their rights in this action.

16. If the Clients are not permitted to intervene in this action, then they may be left with no recourse and no manner by which to protect that which is rightfully theirs – their attorney-client privilege. Accordingly, the Clients should be permitted to intervene, and an appropriate protective order to prevent the disclosure by the Law Firm of the Clients' privileged communications, including their identities, should be granted.

WHEREFORE, the Clients request that this Court grant them the right to intervene in this matter, grant an appropriate protective order to protect against the disclosure of privileged communications of the Clients, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

February 26, 2004

Thomas V. M. Linguanti
Gregory S. Lynam
Baker & McKenzie
130 East Randolph Drive
Chicago, IL 60601
(312) 861-2623

Attorneys for "Baker" Doe 1 and
"Baker" Doe 2

**DECLARATION OF [redacted]**

I, [redacted], declare:

1. My current residence is [redacted]

2. In 2000 and 2001, I was a client of the law firm Sidley Austin Brown & Wood LLP and sought legal advice from its predecessor, Brown & Wood, LLP.

3. In 2000, I engaged Brown & Wood in writing as my counsel to provide legal advice with respect to Federal income tax law.

4. I engaged Brown & Wood to obtain legal advice specifically regarding the Federal income tax consequences of an investment transaction that I was considering and that had been developed for me by another advisor.

5. Brown & Wood did not market the investment transaction to me and did not plan or develop the investment transaction on my behalf.

6. Pursuant to the engagement, Brown & Wood provided a written opinion to me that contained legal advice as to the Federal income tax consequences of the investment transaction. The fees for the legal advice were not contingent on the "success" of the opinion in any later dispute with the Internal Revenue Service or any taxing authority.

7. I engaged in the investment transaction upon which Brown & Wood provided legal advice and a written opinion.

8. I understood and believed that Brown & Wood would keep confidential all details of the legal advice that the firm provided to me with respect to the Federal income tax consequences of the investment transaction and all related documents.

9. I understood and believed that Brown & Wood did not have any obligation to disclose the fact that I obtained legal advice from the firm or that I engaged in the investment

transaction upon which Brown & Wood provided me legal advice.

10. I understood and believed that the investment transaction in which I engaged was not a "listed transaction," a "tax shelter," or a "potentially abusive tax shelter" under the Federal income tax laws.

11. Neither I nor, to my knowledge, Brown & Wood has made a non-privileged disclosure of the details of my privileged and confidential communications, and I have not authorized Brown & Wood to make such a non-privileged disclosure.

I declare under penalty of perjury that to the best of my knowledge, the foregoing is true and correct. Executed this 25th of February, 2004.

[redacted]

[redacted]

## DECLARATION OF [redacted]

I, [redacted] declare:

1. My current legal residence is [redacted]

2. In 2000 and 2001, I was a client of the law firm Sidley Austin Brown & Wood LLP and sought legal advice from its predecessor, Brown & Wood, LLP.

3. In 2000, I engaged Brown & Wood in writing as my counsel to provide legal advice with respect to Federal income tax law.

4. I engaged Brown & Wood to obtain legal advice specifically regarding the Federal income tax consequences of an investment transaction that I was considering and that had been developed for me by another advisor.

5. Brown & Wood did not market the investment transaction to me and did not plan or develop the investment transaction on my behalf.

6. Pursuant to the engagement, Brown & Wood provided a written opinion to me that contained legal advice as to the Federal income tax consequences of the investment transaction. The fees for the legal advice were not contingent on the "success" of the opinion in any later dispute with the Internal Revenue Service or any taxing authority.

7. I engaged in the investment transaction upon which Brown & Wood provided legal advice and a written opinion.

8. I understood and believed that Brown & Wood would keep confidential all details of the legal advice that the firm provided to me with respect to the Federal income tax consequences of the investment transaction and all related documents.

9. I understood and believed that Brown & Wood did not have any obligation to disclose the fact that I obtained legal advice from the firm or that I engaged in the investment

transaction upon which Brown & Wood provided me legal advice.

10. I understood and believed that the investment transaction in which I engaged was not a "listed transaction," a "tax shelter," or a "potentially abusive tax shelter" under the Federal income tax laws.

11. Neither I nor, to my knowledge, Brown & Wood has made a non-privileged disclosure of the details of my privileged and confidential communications, and I have not authorized Brown & Wood to make such a non-privileged disclosure.

I declare under penalty of perjury that to the best of my knowledge, the foregoing is true and correct. Executed this 25 of February, 2004.

[redacted]

*EXHIBIT 9*

*DECLARATION OF JOHN LINDQUIST*

EXHIBIT K
DOCKET No. 16571-04

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
APR 1 4 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Petitioner, v. SIDLEY AUSTIN BROWN & WOOD LLP, Respondent. | ) | No. 03-C-9355 Honorable Matthew F. Kennelly Mag. Judge Mason |
| "BAKER" DOE 1 AND "BAKER" DOE 2, Intervenors. | ) | |

**MOTION TO WITHDRAW MOTION TO INTERVENE AND MOTION FOR PROTECTIVE ORDER**

"Baker" Doe 1 and "Baker" Doe 2 (the "Clients"), respectfully move this Court to allow them to withdraw their Motion to Intervene and Motion for Protective Order in the above-captioned case on the following grounds:

1. On February 26, 2004, the Clients filed their Motion to Intervene and Motion for Protective Order.
2. On or about April 12, 2004, the Clients' identities were disclosed to the Government by a person other than Respondent.
3. On April 13, 2004, counsel for the Government, John Lindquist, informed the Clients' counsel via telephone message that in light of the disclosure to the Government of the Clients' names, this "resolves your issues in this case," and that the Government would not oppose a motion to withdraw.
4. As the Government knows the identities of the "Baker" Does, this matter is moot.
5. Counsel for the Clients left a telephone message to William F. Conlon, counsel for

66

EXHIBIT
9

Respondent, on April 13, 2004, and informed him that the Clients will no longer be pursuing protection of their identities and instructed him to provide the Clients' names to the Government if Respondent believes the names are responsive to the John Doe summons. On April 14, 2004, counsel for the Clients spoke with Michael J. Sweeney, counsel for Respondent, who stated that Respondent had no objection to the motion to withdraw.

WHEREFORE, it is prayed that this Motion be granted and that "Baker" Doe 1 and "Baker" Doe 2 be allowed to withdraw their Motion to Intervene and Motion for Protective Order.

Respectfully submitted,

April 14, 2004

Thomas Linguanti by [signature]

Thomas V.M. Linguanti
Gregory S. Lynam
Baker & McKenzie
130 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2623

Attorneys for "Baker" Doe 1
and "Baker" Doe 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
APR 1 4 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **No. 03-C-9355** |
| **SIDLEY AUSTIN BROWN & WOOD LLP,** | ) | **Honorable Matthew F. Kennelly** |
| | ) | **Mag. Judge Mason** |
| **Respondent.** | ) | |
| **"BAKER" DOE 1 AND "BAKER" DOE 2,** | ) | |
| **Intervenors.** | ) | |

**CERTIFICATE OF SERVICE**

I, Gregory S. Lynam, an attorney, certify that I caused copies of the foregoing **"Baker" Does' Notice of Motion and Motion to Withdraw Motion to Intervene and Motion for Protective Order and Proposed Order** to be served upon the below listed parties by sending copies of same via facsimile and U S. Mail this 14th day of April, 2004.

John Lindquist, Esq.
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
FAX: (202) 514-5238

Harvey Silets
Katten Muchin Zavis Rosenman
525 W. Monroe Street
Suite 1660
Chicago, IL 60661-3693
FAX: (312) 902-1061

William F. Conlon, Esq.
Sidley Austin Brown & Wood, LLP
10 South Dearborn
Chicago, IL 60603
FAX: (312) 853-7036

Ronald Safer
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
FAX: (312) 258-5600

Michael I. Saltzman
Kathleen M. Pakenham
Danielle M. Smith
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036-2728
FAX: (212) 354-8133

Steven S. Brown
Daniel T. Hartnett
Royal B. Martin
Martin, Brown & Sullivan, Ltd.
321 South Plymouth Court
Chicago, IL 60604
FAX: (312) 360-5026

Robert E. McKenzie
Richard K. Hellerman
Shekar Adiga
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
FAX: (312) 876-0288

Jasper G. Taylor III
Prescott B. Pohl
Richard Lee Hunn
Fulbright & Jaworski LLP
1301 McKinney, Suite 5100
Houston, TX 77010-3095
FAX: (713) 651-5246

George W. Connely
Juan F. Vasquez, Jr.
Chamberlain, Hrdlicka, White,
Williams & Martin
1200 Smith Street, Suite 1400
Houston, TX 77002
FAX: (713) 658-2553

Gregory S. Lynam
Baker & McKenzie
130 East Randolph Drive
Chicago, Illinois 60601
(312) 861-8229

*EXHIBIT 10*

*DECLARATION OF JOHN LINDQUIST*

Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| | | | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
| CASE NUMBER | 03 C 9355 | DATE | 4/15/2004 |
| CASE TITLE | USA vs. Sidley Austin Brown & Wood | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Baker Does' motion to withdraw motion to intervene is granted. Government's oral motion to stay statute of limitations is granted. On the Government's oral motion, the statute of limited is tolled from now through the ruling date of 4/29/04.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | EXHIBIT 10 | number of notices | Document Number |
| | No notices required. | | APR 2 · 2004 date docketed | 67 |
| | Notices mailed by judge's staff. | | docketing deputy initials | |
| | Notified counsel by telephone. | | date mailed notice | |
| | Docketing to mail notices. | | mailing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | | |

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

USA

v.

Sidley Austin Brown & Wood LLP

**JUDGMENT IN A CIVIL CASE**

Case Number: 03 C 9355

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the Court grants the Government's petition to enforce the summons. The Government's motion for reconsideration of order granting permissive intervention is denied. Judgment is entered ordering Sidley Austin Brown & Wood to comply with the summons.

DOCKETED
APR 29 2004

Michael W. Dobbins, Clerk of Court

Date: 4/28/2004

Olga Rouse, Deputy Clerk

*EXHIBIT 11*

*DECLARATION OF JOHN LINDQUIST*

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| | | | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Matthew Kennelly | Sitting Judge if Other than Assigned Judge | |
| CASE NUMBER | 03 C 9355 | DATE | 4/30/2004 |
| CASE TITLE | United States vs. Sidley Austin Brown & Wood | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter order on motion for stay pending appeal. Emergency motion of Intervenors to issue a stay pending appeal is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | EXHIBIT 11 (PENGAD-Bayonne, N. J.) | number of notices | Document Number |
| | No notices required. | | date docketed | 78 |
| | Notices mailed by judge's staff. | | docketing deputy initials (UW) | |
| | Notified counsel by telephone. | U.S. DISTRICT | date mailed notice | |
| ✓ | Docketing to mail notices. | | mailing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TP | courtroom deputy's initials | Date/time received in central Clerk's Office | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

Petitioner,

v.

Case No. 03 C 9355

SIDLEY AUSTIN BROWN & WOOD LLP, with respect to the matter of the tax liabilities of:

Judge Matthew F. Kennelly

JOHN DOES, United States taxpayers who, during any part of the period January 1, 1996 through October 15, 2003, participated in a transaction which was or later became a "listed transaction" or other "potentially abusive tax shelter" organized or sold by the law firm of Sidley Austin Brown & Wood LLP and its predecessor, Brown & Wood LLP.

Respondent.

MAY 03 2004

**ORDER ON MOTION FOR STAY PENDING APPEAL**

This matter having come before the Court on April 29, 2004, on the Motion of the Intervenor Does (specifically, Arnstein Doe 1 and Arnstein Doe 2 (the "Arnstein Does"), Chamberlain Doe 1, Chamberlain Doe 2, Chamberlain Doe Company 1 and Chamberlain Doe Company 2 (the "Chamberlain Does"), Fulbright Doe 1, Fulbright Doe 2, Fulbright Doe Corp., Fulbright Doe 3, Fulbright Doe Trust 1, Fulbright Doe Trust 2 and Fulbright Doe L.L.C. (the "Fulbright Does"), John and Jane Does 1-27, and Martin Doe 1, Martin Doe 3, Martin Doe 4 and Martin Doe 5 (the "Martin Does") (hereinafter referred to collectively as



78

the "Intervenor Does")) for a stay of this Court's Order of April 28, 2004, enforcing the John Doe summons issued to Sidley Austin Brown & Wood LLP, pending appeal, the United States having concurrently requested a suspension of all statutes of limitations with respect to the Does if the Court were to grant such a stay, and the Court having considered the matter, it is hereby

ORDERED that the Court's Order of April 28, 2004, enforcing the summons issued to Sidley Austin Brown & Wood LLP is stayed with respect to the Intervenor Does, and shall be stayed for the period during which this proceeding remains pending, including all appeals, including the period until all appeals are disposed of, or until expiration of the period in which all appeals may be taken or a request for rehearing may be made; and it is further

ORDERED, pursuant to the authority of 26 U.S.C. § 7402, that the running of any period of limitations under 26 U.S.C. §§ 6501 and 6531 with respect to each of the Intervenor Does continues to be suspended pursuant the Court's Order of April 15, 2004 and shall remain suspended for 30 days after the later of (1) the time for taking an appeal from this Court's Order of April 28, 2004, has expired, or (2) if an appeal is taken, the expiration of the time allowed for filing a petition for certiorari after disposition of the appeal by the court of appeals, or (3) if a petition for certiorari is filed and denied, the date the petition for certiorari is denied, or (4) if a petition for certiorari is filed and granted, the date 30 days after the mandate of the Supreme Court is issued. This suspension is in addition to any suspensions or extensions of such statute of limitations with respect to the Intervenor Does by virtue of the provisions of any other provision of law or order of this Court.

DATED: 4-30-04

MATTHEW F. KENNELLY
U.S. DISTRICT JUDGE

888534_2

*EXHIBIT 12*

*DECLARATION OF JOHN LINDQUIST*

**Lindquist, John A. (TAX)**

**From:** dgronsman@sidley.com
**Sent:** Tuesday, June 29, 2004 3:04 PM
**To:** Lindquist, John A. (TAX)
**Cc:** wconlon@Sidley.com; rpietrzak@sidley.com; TMiller@Sidley.com
**Subject:** SAB&W Tax Matter - Final Disclosure

tmp.htm (1 KB) 5567780_1.DOC (40 KB)

John: attached is the balance of the names and addresses of the interveners in the John Doe action. Please let me know if you have any questions.

<<5567780_1.DOC>>

Sidley Austin Brown & Wood LLP mail server made the following annotations on 06/29/2004, 02:04:07 PM

---

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

EXHIBIT 12

EXHIBIT 8

EXHIBIT F
Docket No. 12307-04

6/29/04

**Arthur Andersen**

**Chenery - CARDS**

**Diversified - Spread Options**

6/29/04

| |
|---|
| |
| |
| |
| Mr. Keith Tucker<br>c/o Waddell & Reed Financial, Inc.<br>6300 Lamar Avenue<br>Shawanee Mission, KS 66202 |

**Multi-National Strategies – COMMON TRUST**

| |
|---|
| |
| |
| |

**Valdez - 43549.1**

| |
|---|
| |
| |

**CONFIDENTIAL – ATTORNEY/CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**

6/29/04

| |
|---|
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |

CONFIDENTIA.. – ATTORNEY/CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT

6/29/04

| |
|---|
| |
| |
| |
| |
| |
| |

*EXHIBIT 13*

*DECLARATION OF JOHN LINDQUIST*

| No. | Client Name | Any Other Person or Entity Identified in Opinion as Involved in Transaction |
|---|---|---|
| 67 | Tucker, Keith | Sligo (2000) Company, Inc<br>Cumberdale Investments Limited<br>Epsolon Limited<br>Lehman Brothers |
| 68 | | |
| 69 | | |
| 70 | | |
| 71 | | |
| 72 | | |
| 73 | | |
| 74 | | |
| 75 | | |
| 76 | | |

DIVERSIFIED

PENGAD-Bayonne, N. J.
EXHIBIT
13