IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Sweeney)

No. 05-999 T

EPSOLON LIMITED, by and through
SLIGO (2000) COMPANY, INC.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

DEFENDANT'S RESPONSE TO PLAINTIFF'S
PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to RCFC 56(h)(2), defendant responds to plaintiff's Proposed Findings of Uncontroverted fact as follows:

1. Epsolon Limited ("Epsolon"), by and through its Tax Matters Partner, Sligo (2000) Company, Inc., whose managing member is Keith A. Tucker ("Mr. Tucker"), filed its Partnership Income, for the tax year ending December 31, 2001, on April 10, 2002 (the "Partnership Return"). (A copy of the Partnership Return as retained in Mr. Tucker's files (unsigned) is attached as Exhibit A to the Declaration of Keith A. Tucker (the "Tucker Declaration").)

Response:

Defendant agrees only that a Form 1065 for the period ending December 31, 2001, was filed on behalf of Epsolon Limited on April 10, 2001. Defendant disagrees that Epsolon was a valid “partnership” and that Sligo (2000) was a valid entity. It is possible that plaintiff’s Motion for Summary Judgment and Defendant’s Cross-Motion for Summary Judgment could be decided with respect to whether the FPAA was issued while the statute of limitations of § 6501(a) was open without determining the validity of the Epsolon and Sligo entities. However, in the event the Court reaches the question of whether Mr. Tucker filed a false or fraudulent return resulting in the application of the unlimited statute of limitations of § 6501(c)(1), then the validity of these entities may well be issues of material fact--for which the Government would require discovery. For that reason, the Government has moved in the alternative, pursuant to RCFC 56(f) that the Court refuse plaintiff’s application for judgment in the event it reaches the issue of whether the unlimited statute of limitations of § 6501(c)(1) should be applied.

2. When the Partnership Return was mailed, a U.S. mail return receipt (the "Partnership Return Receipt") was requested from the Internal Revenue Service (the "Service") upon delivery and was subsequently received back from the Service. That Partnership Return Receipt demonstrates that the Service received the Partnership Return on April 15, 2002. (A copy of the Partnership Return Receipt is attached as Exhibit B to the Tucker Declaration.)

Response:

Defendant agrees only that a Form 1065 for the period ending December 31, 2001, was received by the Service on April 15, 2002. With respect to the validity of the Epsolon and Sligo (2000), defendant incorporates its response to Plaintiff’s Proposed Finding 1as if more fully set forth at length.

3. Consistent with the Partnership Return Receipt, the Partnership Return was date-stamped upon receipt by the Service on April 15, 2002. (A copy of the first page of the date-stamped Partnership Return is attached as Exhibit F to the Declaration of George M. Clarke II (the "Clarke Declaration").)

Response:

The Government's response to Plaintiff's Proposed Finding 2 is incorporated herein by reference as if more fully set forth at length.

4. The documentation referred to in paragraphs 1-3 demonstrates that the Partnership Return was mailed to the Service on or before April 15, 2002, the due date of the Partnership Return without extension under Code section 6072(a).[1]

Response:

The Government's response to Plaintiff's Proposed Finding 2 is incorporated herein by reference as if more fully set forth at length.

---

[1] Unless otherwise indicated, all references to "section" or "Code" are to the Internal Revenue Code of 1986, as amended. 4

5. The Service issued Epsolon an FPAA dated June 17, 2005, which is more than three years after the Partnership Return was mailed to the Service. (A copy of the FP AA is attached as Exhibit C to the Tucker Declaration.)

Response:

Defendant agrees that the FPAA issued on June 17, 2005, but disagrees with the implication that the date of the Partnership Return is material with respect to plaintiff's motion.

6. Mr. Tucker and his wife filed a joint Form 1040, U.S. Individual Income Tax Return on April 10, 2002 (the "Individual Return"). (A copy of the Individual Return, along with its transmittal letter, as retained in Mr. Tucker's files (unsigned) is attached as Exhibit D to the Tucker Declaration.)

Response:

Defendant agrees that the Form 1040 was filed on or about April 10, 2002, but disagrees that the return as filed was accurate.

7. When the Individual Return was mailed, a U.S. Mail return receipt (the "Individual Return Receipt") was requested upon delivery and subsequently received back from the Service. The Individual Return Receipt shows that the Service received the Individual Return. (A copy of the Individual Return Receipt is attached as Exhibit E to the Tucker Declaration.)

Response:

Defendant agrees.

8. The documentation referred to in paragraphs 6-7 demonstrates that the Individual Return

was mailed to the Service on or before April 15, 2002, the due date of the Individual Return without extension under section 6072(a).

Response:

Defendant agrees.

9. The Service issued what was styled as a Statutory Notice of Deficiency ("SNOD") to Mr. Tucker (and his wife) on April 14, 2005. (A copy of the alleged SNOD is attached as Exhibit G to the Clarke Declaration.)

Response:

Defendant agrees that the statutory notice of deficiency was issued on April 14, 2005, but disagrees that the statutory notice of deficiency is relevant to this matter.

10. The Service has now conceded that the alleged SNOD was invalid when issued because the SNOD only contained adjustments to prohibited items, and a motion to dismiss Mr. Tucker's Tax Court case for the 2001 taxable year was granted on February 7, 2006. (A copy of the order dismissing that case is attached as Exhibit H to the Clarke Declaration.)

Response:

Defendant disagrees with this proposed finding as stated and further disagrees that the proposed finding is relevant to this issue. Defendant agrees that the Tucker's Tax Court case for the 2001 taxable year was dismissed on February 7, 2006, and that the Service agreed that the protective statutory notice of deficiency was invalid when issued. The Order dismissing the case states the petitioners filed the motion in that case on the grounds that the notice of deficiency was invalid "inasmuch as the only adjustments therein relate to a partnership item required to be taken into account in the related TEFERA partnership proceeding, which was not yet completed when respondent issued the notice, or to affected items."

Respectfully submitted,

s/ David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366
(202) 540-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims