**IN THE**
**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **EPSOLON LIMITED, by and through SLIGO (2000) COMPANY, INC., Tax Matters Partner,** | |
| **Plaintiff,** | **No. 05-999 T** |
| **v.** | **Judge Margaret M. Sweeney** |
| **THE UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

**PLAINTIFF'S STATUS REPORT**

Pursuant to the Court's Order, dated May 23, 2006, Plaintiff, Epsolon Limited, files this status report. As instructed, Plaintiff responds specifically to the concern that the Court's consideration of Plaintiff's Motion for Summary Judgment and Brief in Support Thereof ("Plaintiff's Motion") and the Cross-Motion of the United States for Partial Summary Judgment or, in the Alternative, Motion Under Rule 56(f) ("Defendant's Motion," together with Plaintiff's Motion, "the Motions") will raise issues that will impede Stein v. United States, Docket No. 05-888 (S.D.N.Y.) and the ongoing criminal investigation related thereto (collectively, the "SDNY Matter").

## I. PROCEDURAL HISTORY AND BACKGROUND.

On September 15, 2005, in response to a Notice of Final Partnership Administrative Adjustment issued to Plaintiff by the Internal Revenue Service ("IRS"), dated June 17, 2005 (the "FPAA"), Plaintiff filed the Complaint in this action. On January 13, 2006, after requesting an extension of time to file its Answer, Defendant filed a Motion to Suspend Proceedings (the "Motion to Stay"), instead of an Answer. As grounds for its Motion to Stay, Defendant alleged

that staying the instant case would: (i) "prevent prejudice to the Government's criminal case and ongoing investigation;" and (ii) protect Defendant from the fact that "critical witnesses . . . have already and/or will likely assert their Fifth Amendment privilege and refuse to provide testimony necessary for the Government to fully and fairly defend this case." (Id. at 2.)

Plaintiff opposed the granting of the Motion to Stay. The primary basis for this opposition was that the "core activities at the center of the [SDNY Matter]," as set out in the documents filed in that matter and as explained by high ranking Internal Revenue Service officials did not "have anything to do with the proper tax treatment under the Internal Revenue Code of the transactions entered into by [Epsolon]." (Plaintiff's Response and Objection to Defendant's Motion to Suspend Proceedings ("Plaintiff's Objection") at 6.) Because the latter was the only matter at issue in the instant case, Plaintiff explained that there were no grounds for a stay under this Court's jurisprudence. (See generally Plaintiff's Objection.) In spite of Plaintiff's position, the Court summarily granted Defendant's Motion to Stay. (See Order, dated February 22, 2006.)

In Plaintiff's Objection, in the alternative, Plaintiff asserted that in the event a stay was granted, Plaintiff nonetheless should be allowed to file a motion for summary judgment to challenge the timeliness of the FPAA upon which this case is based. (Id. at 21.) Because the resolution of such a motion would require no testimony from any person involved in the SDNY Matter and would require only the review of documents already in the possession of both parties, Plaintiff did not believe it was appropriate, under any circumstances, to delay justice with respect to such a motion. In its Reply to Plaintiff's Response and Objection to Defendant's Motion to Stay Proceeding ("Defendant's Reply"), Defendant represented that, if Plaintiff's "contentions regarding the evidentiary basis for such a Motion" were correct, Defendant would not object to

the consideration of a summary judgment motion "directly solely to the question of the timeliness of the issuance of the FPAA." (Defendant's Reply at 14.) Defendant did note a possible scenario in which the Court might prudentially wish to defer ruling on such a motion (pending the outcome of the Federal Circuit's ruling in AD Global Fund v. United States, Fed. Cir. No. 06-5046, which Defendant alleged was relevant to the determination of the timeliness of the FPAA in the instant case). (Defendant's Reply at 14.) Defendant did not, however, raise any other objection to the potential consideration by the Court of such a motion.

On April 11, 2006, Plaintiff filed Plaintiff's Motion. That motion is directed solely to the question of whether the FPAA in the instant case was timely issued. The only facts implicated by Plaintiff's Motion concern the time various tax returns were filed and the time various IRS notices were issued. (See Plaintiff's Motion at 2-3.) On May 12, 2006, Defendant filed Defendant's Motion. That motion also is directed solely to the question of whether the FPAA in the instant case was timely issued. The only facts implicated by Defendant's Motion concern the facts implicated in Plaintiff's Motion (with which Defendant generally agrees, see Defendant's Response to Plaintiff's Proposed Findings of Uncontroverted Fact) and additional facts that concern when and how the IRS and the Department of Justice learned the identity and other identifying information of the ultimate beneficial owner of Epsolon (Mr. Keith A. Tucker). (See Defendant's Motion at 3-8.) Although Plaintiff will address these allegations, and the relevance thereof, in Plaintiff's Pending Response/Reply to Defendant's Motion ("Plaintiff's Pending Response"), it is sufficient to note at this time that Defendant believes this further information is relevant because Defendant believes that a relevant period of limitations was tolled and the period over which that period of limitation was tolled is implicated by the disclosure of Mr. Tucker's identity. (See generally Defendant's Motion at 11-26; Defendant's Proposed Findings

of Uncontroverted Fact.)[1] Thus, the facts referenced in Plaintiff's Motion and the facts referenced in Defendant's Motion relate solely to questions of the timing of return filing (largely agreed), IRS notice issuance (largely agreed), and identity disclosure (at least partially agreed and of disputed relevance). None of the facts implicated in either motion concern, touch on, or require the testimony of any witness associated with, the SDNY Matter.

In addition to the foregoing, Defendant's Motion alleges, in the alternative, that "[i]f the Court were to determine that the general 3 year statute of limitations contained in §6501(a) was not open on the date the FPAA was issued, then the United States would need to conduct discovery to determine whether the unlimited statute of limitations on § 6501(c)(1) applies because Mr. Tucker had filed a false or fraudulent return with intent to evade tax." (Defendant's Motion at 26.) It is on this basis that Defendant moves, in the alternative, for relief pursuant to R. Ct. Fed. Cl. 56(f) for further discovery and it is on this basis, ***and this basis alone***, that Defendant alleges that there could be ***any*** interference between the instant case and the SDNY Matter. (Id.) As explained by Defendant in Defendant's Status Report:

> With respect to all issues in the case ***not addressed by*** the Motion for Summary Judgment, and Cross-Motion and Rule 56(f) Motion, defendant believes that the suspension of this case continues to be appropriate until resolution of the criminal case and the ongoing criminal investigation.

(Id. at 2 (emphasis added).) Accordingly, Defendant's position, as set out in its own filings, is that the Court can consider "all issues in the case ***[that are] addressed by***" the Motions without interfering with the SDNY Matter.

---

[1] This erroneous view of the law is also the reason Defendant believes that the ruling in AD Global is ***necessary*** to resolve this case. (Defendant's Reply at 14.) As Plaintiff will explain in detail in Plaintiff's Pending Response, a resolution of that case that is in favor of the taxpayer therein is sufficient to resolve the instant case in favor of Epsolon, but a ruling in favor of Defendant in that case does not resolve the instant case in favor of Defendant.

## II. THIS COURT'S CONSIDERATION OF THE MOTIONS RAISES NO ISSUES THAT WILL INTERFERE WITH THE SDNY MATTER.

The facts implicated by Plaintiff's Motion and Defendant's Motion as to summary judgment do not involve any matter that even remotely affects (or is affected by) the SDNY Matter. As set out by the parties in those motions and in the proposed findings of uncontroverted fact filed therewith, the facts referenced therein are constrained to the timing of return filing, notice issuance, and identity disclosure and have nothing to do with the criminal case or witnesses therein. Even Defendant alleges only one circumstance in which the criminal case will be implicated by consideration of the Motions, viz., "***[i]f*** the Court were to determine that the general 3 year statute of limitations contained in §6501(a) was not open on the date the FPAA was issued," i.e., if the Court were to determine ***that Plaintiff wins***, ***then*** the Court should withhold that judgment pending discovery concerning potential fraud. (Defendant's Motion at 26 (emphasis added).) Said differently, the only potential fact pattern in which Defendant foresees a potential conflict with respect to the Motions is in the event that the Court, after considering the Motions, determines that it should rule in favor of Plaintiff on the law. In that lone circumstance, Defendant is concerned that the Court should withhold its ruling and grant the Defendant time (under RCFC 56(f)) to issue discovery to determine whether the period of limitations for Plaintiff's 2001 taxable year should be tolled based on fraud. Up to that point, however, based on its own filings, Defendant has no objection to the Court's consideration of the Motions.

Defendant's allegations of potential fraud are specious and Defendant has no basis for making them. A case related to the instant one is set for trial September 6th in the United States Tax Court (Tucker v. Commissioner, Docket No. 12307-04). In that case, the IRS has issued extraordinarily voluminous and detailed discovery. In response to that discovery, approximately

3,000 pages of documents have already been submitted therein (and, no doubt, provided to counsel for Defendant in this case). On information and belief, Government counsel in this case and Government counsel in that case are in contact on a regular basis. Not only has there been no ***discovery*** of fraud in that case, there have been no ***allegations*** of fraud in that case. This is for good reason. There is no basis for any such allegation, there or here. At the risk of giving this baseless allegation too much dignity, Plaintiff notes that section 6223(f) would not prevent the IRS from issuing a second FPAA to Epsolon based on a discovery of fraud at ***any*** later point in time. Accordingly, there is ***no basis*** to withhold judgment from Epsolon to allow Defendant time for a fishing expedition into its delusions of fraudulent conduct (likely alleged simply to inject yet more "criminal" innuendo and rhetoric into this civil tax matter). Defendant can embark on that expedition in its own time. Presently, Plaintiff respectfully submits that after the Motions are fully briefed and argued, the Court should consider and rule on the Motions.

Respectfully submitted,

/s/ A. Duane Webber
A. Duane Webber
Attorney of Record

George M. Clarke III
Of Counsel

Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006
(202) 452-7000

Attorneys for Plaintiff,
Epsolon Limited

Dated: June 6, 2006