IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Sweeney)

No. 05-999 T

EPSOLON LIMITED, by and through
SLIGO (2000) COMPANY, INC.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATUS REPORT

Pursuant to the Order of the Court, defendant filed a Status Report wherein defendant informed the Court of the status of the criminal case filed by the United States Attorney for the Southern District of New York to prosecute an illegal tax shelter criminal conspiracy case against certain persons involving entities and transactions intimately related to the matters involved in this case. The defendant also stated that, despite the Order staying all proceedings issued by the Court, on April 12, 2006, plaintiff filed a Motion for Summary Judgment in this matter on the issue of whether the FPAA was issued beyond the statute of limitations, and that defendant has cross-moved with respect to the timeliness of the FPAA. The defendant has also moved in the alternative, pursuant to RCFC 56(f), that the Court refuse plaintiff's application for judgment due to the potential that an issue may need to be addressed which will interfere with the criminal case. On May 23, 2006, the Court issued its Order continuing the stay in this case

pending further notice. The Court also ordered plaintiff to file a status report to respond to defendant's concerns with respect to whether ruling on the Cross-Motions for Summary Judgment and defendant's Rule 56(f) Motion will raise issues that will impede the criminal case and the ongoing investigation.

Plaintiff has filed its Status Report in which it has misconstrued certain of defendant's arguments presented in the cross-motion. At pp. 3- 4 of the plaintiff's status report, plaintiff represents that "Defendant believes that a relevant period of limitations was tolled and the period over which that period of limitation was tolled is implicated by the disclosure of Mr. Tucker's identity." This is incorrect. The government's argument is that the statute of limitations is tolled pursuant to § 7609(e)(2) until resolution of the summoned party's response to the summons. Here, as will be presented more fully in the Government's reply brief, it is the resolution of Sidely Austin Brown & Wood's (the "summoned party") response to the summons which determines the period during which the statute of limitations was tolled.

Plaintiff also contends in its report, p. 4, n. 1, that a decision in AD Global which favors the taxpayer with respect to whether § 6229(a) is a separate 3-year statute of limitations for assessing tax attributable to partnership items, or merely a possible extension of the statute of limitations of § 6501, would be sufficient to resolve the case in favor of Epsolon. But for the government's concern regarding the potential for fraud, plaintiff is correct. If AD Global were resolved in favor of the taxpayer, discovery into the potential for fraud surrounding the filing of the return would need to be conducted, as that issue would need to be determined before the case could go forward.

Plaintiff also implies, at pp. 5-6 of its status report, that if fraud existed with respect to

Mr. Tucker's return, discovery in the related Tax Court case of Tucker v. Commissioner, Docket No. 12307-04, would have uncovered it. Plaintiff is incorrect. While it is accurate that numerous documents have been provided to the Government in discovery in that case, plaintiff has failed to inform the Court of the results of several depositions which the Government has attempted to take in the Tax Court concerning the Tucker/Epsolon transactions. In response to questioning by Government counsel in depositions regarding the Tucker/Epsolon transactions, R.J. Ruble, Timothy Speiss, Jeffrey Eischeid, Jeffrey Stein, and James Haber, all exercised their right under the Fifth Amendment against self incrimination and refused to testify.

The Government raised this potential in its earlier Brief in Support of Motion to Stay Proceedings.

Finally, plaintiff cites § 6223(f) and suggests that the government is free to issue a second FPAA to Epsolon in the event the Government discovers fraud "on its own time." The government is not attempting to add items to the FPAA with respect to fraud. The Government is seeking to defend against plaintiff's assertion that the FPAA was issued untimely where plaintiff attempted to prevent a summoned party from properly responding to an IRS summons, then sought in separate litigation to prevent a response to another summons by another summoned party. Now, third party witnesses who could testify regarding the potential fraud are asserting their Fifth Amendment privilege against self-incrimination in response to deposition questions in the related Tax Court proceeding. The Government's alternative Rule 56(f) Motion was filed to permit the criminal proceeding to go forward, following which the government could pursue full and fair discovery into the potential for fraud, as well as the merits of plaintiff's transactions.

The Government stands by its Motion for Partial Summary Judgment and its Rule 56(f) motion, filed in the alternative, requesting that the Court reject plaintiff's Motion for Summary Judgment in the event it reaches the question of whether Mr. Tucker filed a false or fraudulent return with the intent to evade tax.

Respectfully submitted,

June 7, 2006
Date

s/ David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3366

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
Of Counsel
Attorneys for Defendant