# Exhibit N

ORIGINAL

NORTHERN DISTRICT OF TEXAS
OCT - 9 2003
CLERK, U.S. DISTRICT COURT
By Deputy

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN DOE 1, Plaintiffs, v. KPMG, LLP, Defendant. | No. 3 03 CV 2033 H |

## DECLARATION OF KEITH A. TUCKER

SEALED

I, Keith A. Tucker, declare:

1. My current legal residence is 3831 Turtle Creek Boulevard; Unit 6H; Dallas, TX 75219.

2. I am currently employed by Waddell & Reed Financial, Inc. as Chairman and CEO. I have held that position since 1998.

3. I have personal knowledge as to the facts herein.

4. KPMG has been my personal tax adviser since at least 1984 and I have regularly sought tax planning advice from KPMG.

5. In the Spring of 2000, I had discussions with Mr. Eugene Schorr, a tax partner at KPMG who has since retired, about potential strategies for minimizing my Federal income tax liability for the year 2000 in accordance with the Federal income tax laws.

6. A short time after this initial conversation with Mr. Schorr, a tax partner at KPMG who has since retired, Mr. Schorr conferred with other KPMG tax planning

EXHIBIT 6

PENGAD-Bayonne, N.J.

EXHIBIT A
Docket No. 12307-04

[9]

00057

partners, including Mr. Timothy Speiss, who was a partner KPMG's "Innovative Strategies" group. Mr. Speiss, a KPMG tax partner, then met with me to discuss my tax situation and to present various alternatives for potential implementation in the year 2000.

7. Based on these discussions, I agreed with KPMG (Mr. Speiss, a KPMG tax partner) that an approach that KPMG proposed known as "short options" would be appropriate for my particular tax situation.

8. In July of 2000, Mr. Speiss, a KPMG tax partner, agreed to provide me with an engagement letter indicating that KPMG would provide tax advice to me for the year 2000 concerning the implementation of the "short option" proposal. I received that engagement letter in the first week of August 2000.

9. During the second of week of August 2000, KPMG withdrew the engagement letter they had issued to me. KPMG explained that it took this action because the "short options" proposal had been listed as a tax shelter by the Internal Revenue Service ("IRS") pursuant to Notice 2000-44, 2000-2 C.B. 255. Because of this, KPMG stated that they could no longer recommend that proposal.

10. After KPMG's withdrawal of its engagement letter regarding the "short options" strategy, Mr. Speiss, a KPMG tax partner, and I discussed whether there were any other strategies that would be appropriate for my year 2000 tax planning. KPMG, in the person of Mr. Speiss and other KPMG tax partners, attempted to identify and plan alternative transactions.

11. KPMG proposed another strategy in the Fall of 2000, but that strategy failed due to a lack of appropriate financing.

12. In December of 2000, Mr. Speiss, a KPMG tax partner, advised me that KPMG could analyze and develop a customized solution to my 2000 tax planning needs.

13. KPMG ultimately proposed that I consider implementing an investment structure that was designed to meet my particular needs, including certain beneficial tax results.

14. KPMG represented that this proposal was not a short options strategy and would not be subject to Notice 2000-44, and thus could be recommended to me by KPMG. Accordingly, KPMG issued an engagement letter to me that indicated KPMG would provide tax advice concerning the proposal.

15. KPMG developed an investment strategy for me that was comprised of a long-term customized investment structure that had the potential to yield favorable economic and tax-related benefits over a series of years. To this day, I am still engaged in that investment structure.

16. In addition to the tax advice that KPMG provided to me, KPMG recommended that I engage Brown & Wood to provide a legal opinion that would give me additional comfort in the face of an IRS challenge to the structure. Brown & Wood provided such a legal opinion to me.

17. Based upon the tax and legal advice of both KPMG and Brown & Wood, I engaged KPMG to implement and execute the investment structure for me in December of 2000.

18. As part of the tax advice I received from KPMG, KPMG provided to me a memorandum in which KPMG advised, among other things, that the investment structure was not similar to the transactions described in Notice 2000-44.

19. KPMG explicitly assured me that no penalties would be levied in connection with any audit of the investment structure.

20. Pursuant to my agreement with KPMG, I paid KPMG $500,000 for tax advice regarding implementing the investment structure.

21. Based on my prior dealings with KPMG and its representations to me, I believed and expected that KPMG would keep confidential all of the details of their tax advice concerning the investment strategy and all related documents.

22. KPMG did not inform me and I was not aware that KPMG had any obligation to identify and disclose to the IRS certain transactions organized by KPMG. Based on representations made by KPMG, I believed that KPMG did not have an obligation to disclose to any person the fact that I engaged in the investment structure, or any related information. Further, based on the representations made by KPMG, I believed that the investment structure was not an "abusive" tax transaction that was subject to any special rules.

23. On various occasions prior to August 27, 2003, KPMG (including Messrs. Schorr, Speiss, and other KPMG tax partners) consistently advised me that the investment structure that KPMG developed for me was not abusive, and that there was no obligation on me or KPMG to disclose to the IRS or any person that I engaged in the investment structure.

24. On or about April 9, 2002, I was contacted by KPMG to discuss whether I wished to disclose the details of the investment structure to the IRS pursuant to its Announcement 2002-2, 2002-1 C.B. 304, which disclosure would have provided

"amnesty" from the application of any tax penalties by the IRS with respect to the investment strategy.

25. KPMG expressly recommended that I not disclose the investment strategy under Announcement 2002-2. KPMG explained to me that the investment structure was not a "listed" transaction, and in particular was not a transaction described in Notice 2000-44, and that the investment structure had significant economic consequences.

26. In April 2002, KPMG advised me that it had received summonses from the IRS. KPMG advised me that the investment structure was not subject to disclosure to the IRS pursuant to those summonses and that KPMG would not disclose to the IRS KPMG's tax advice to me.

27. In a telephone conference on August 27, 2003, Mr. Speiss, a tax partner at KPMG, advised me for the first time that KPMG had changed its view and reached the conclusion that my name and the tax advice I received from KPMG with respect to the investment structure planned for me by KPMG were responsive to an IRS summons and, therefore, were going to be disclosed to the IRS. Mr. Speiss, a tax partner at KPMG, identified the summons as a summons that requested information regarding Notice 2000-44 transactions. Mr. Speiss, a tax partner at KPMG, explained that he disagreed with this conclusion and that he believed that the investment structure was not substantially similar to the transaction identified as abusive in Notice 2000-44.

28. On September 3, 2003, in response to my telephone calls to him, Mr. David Fowler, a partner at KPMG, called me to inform me that KPMG could only promise that it would not disclose to the IRS before midnight on September 8, 2003, my name and any of the documents in KPMG's files relating to the investment structure.

29. KPMG did not at any time advise me in writing that it intended to disclose my name and documents to the IRS.

30. I have not disclosed to anyone other than my counsel the details of my participation in the investment structure or any documents or the details of my communications with KPMG. To the best of my knowledge, KPMG has not disclosed to anyone any such details or communications.

I declare under penalty of perjury that to the best of my knowledge, the foregoing is true and correct. Executed this 6 day of September, 2003.

Keith A. Tucker