# Exhibit S

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | No. 03 C 9355 |
| | ) | |
| v. | ) | Chicago, Illinois |
| | ) | April 15, 2004 |
| SIDLEY, AUSTIN, BROWN & WOOD, | ) | 11:00 a.m. |
| etc., et al., | ) | |
| | ) | |
| Respondents. | ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MATTHEW F. KENNELLY

APPEARANCES:

For the Petitioner: UNITED STATES DEPARTMENT OF JUSTICE,
Tax Division
PO Box 55
Ben Franklin Station
Washington, DC 20044, by
MR. JOHN A. LINDQUIST, III

For the Respondent: SIDLEY, AUSTIN, BROWN & WOOD, LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603, by
MR. WILLIAM F. CONLON
MR. MICHAEL J. SWEENEY

MARTIN, BROWN & SULLIVAN, LTD.
321 South Plymouth Court
10th Floor
Chicago, IL 60604, by
MR. DANIEL T. HARTNETT

ARNSTEIN & LEHR
120 South Riverside Plaza
Suite 1200
Chicago, IL 60606, by
MR. RICHARD K. HELLERMAN
MR. ROBERT E. MC KENZIE

WHITE & CASE
1155 Avenue of the Americas
New York, NY 10036, by
MS. KATHLEEN PAKENHAM

KATTEN, MUCHIN, ZAVIS, ROSENMAN
525 West Monroe Street
Suite 1600
Chicago, IL 60661, by
MR. HARVEY M. SILETS

FULBRIGHT & JAWORSKI
1301 McKinney
Suite 5100
Houston, TX 77010, by
MR. JASPER G. TAYLOR, III

CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & MARTIN
1200 Smith Street
Suite 1400
Houston, TX 77002, by
MR. JUAN F. VASQUEZ, JR.

BAKER & MC KENZIE
130 East Randolph Drive
Chicago, IL 60601, by
MR. THOMAS V. M. LINGUANTI

COURT REPORTER: LAURA M. BRENNAN
219 South Dearborn Street, Room 2102
Chicago, IL 60604
(312) 427-4393

(The following proceedings were had in open court:)

THE CLERK: 03 C 9355, USA v. Sidley & Austin.

THE COURT: Well, rather than writing everybody's name down, I am just going to write, "cast of thousands," but find a spot. Normal protocol, find a spot and stick in the spot. The court reporter, however, will have to write your names down. So we will start on this side and go across.

MR. TAYLOR: Jasper G. Taylor, III, with Fulbright & Jaworski, on behalf of the Fulbright Does.

MR. SILETS: Harvey Silets on behalf of 27 intervenors.

MS. PAKENHAM: Good morning. Kathleen Pakenham, White & Case, also on behalf of 27 intervenors.

MR. VASQUEZ: Juan F. Vasquez, Jr., on behalf of Chamberlain Does 1 and 2.

MR. MC KENZIE: Robert McKenzie of Arnstein & Lehr on behalf of Arnstein Does.

MR. HELLERMAN: Richard Hellerman, also of Arnstein & Lehr, also on behalf of the Arnstein Does.

MR. LINDQUIST: John Lindquist on behalf of petitioner United States of America.

MR. SWEENEY: Michael Sweeney, Sidley, Austin, Brown & Wood.

MR. CONLON: Good morning, your Honor; Bill Conlon also on behalf of the respondent.

MR. HARTNETT: Dan Hartnett on behalf of the Martin Does.

MR. LINGUANTI: And Thomas Linguanti on behalf of the Baker Does.

THE COURT: First of all, as a preliminary matter, there was one motion that was noticed up for this morning by the Baker & McKenzie people. It is called motion to withdraw, motion to intervene, et cetera. This is on behalf of the Baker Does 1 and 2.

Were there more Baker Does than 1 and 2?

MR. LINGUANTI: Just the two, your Honor.

THE COURT: Just the two.

Did we deal with that? Okay. So that motion is granted. So that is called motion to withdraw motion to intervene by Baker Does 1 and 2. That is granted, okay.

I have got the ruling. That big pile of paper that the person over at the side of the room is holding is the ruling, but before she passes it out, there was one thing --

(Brief interruption.)

THE COURT: There was one thing that I wanted to comment on, and that is in the supplemental memorandum filed by the government the other day. The contention is made -- and this addresses something that had come up I think in our last session where I had -- really not on anything on the merits, but on the issue of whether I should suspend the statute of

limitations, a request that at that point I was given no authority on, although I will say parenthetically I have now been given some authority about a different context on that same issue, an opinion by Judge Friendly, I think. I had made some comments in that about why the case had taken the amount of time that it had.

In any event, the government's supplemental memorandum essentially -- well, it doesn't essentially say. It says that the January 12th order, that the government opposed the motion for notification on the grounds that the BDO Seidman case established that members of the class had no right to intervene and that I granted the motion over the opposition of the United States. I was concerned about that because, first, it suggested to me that I may have misspoken before and, also, because, quite frankly, it wasn't consistent with my memory.

So I went back and looked at the motion for order of notification that was filed by Mr. Conlon back on the 8th of January, the response to that that was filed -- here we go -- by the government on the 9th of January, and the transcript of January 12th. And with all due respect, I think that what you have said in the supplemental memorandum is what I would charitably refer to as a revisionist history because the first opening line of the January 9th "Opposition To Motion for Order of Notification" says as follows:

"The United States of America hereby opposes Sidley,

Austin, Brown & Wood's motion for order of notification in the summons enforcement action to the extent it provides for intervention in this proceeding by members of the John Doe class."

And the final line, the conclusion, says precisely the same thing, that I should deny the motion to the extent it provides for intervention in the proceeding by members of the John Doe class. In other words, it doesn't oppose it on any other grounds, just to the extent that it provides for intervention, and I dealt with that in the colloquy on January the 12th.

I, first of all, said I don't read the order as giving anybody a right to intervene, but then I suggested the addition of a sentence: "This order shall not be construed as creating a right to intervention." I said, "That solves your problem."

I looked and I looked real hard in the ensuing five or six pages of the transcript for anything that suggested that the government had other objections, and there were none. So when I said that an agreed order is entered, that is exactly what happened. An agreed order was entered.

All right, we have got an opinion here. What I have concluded is that there is a basis for intervention on the part of the Does to address a single and what I regard as fairly narrow issue and this will be -- you don't have to all write this down. It is going to be clear in the opinion. You can

pass it out. Just give the pile to the end and tell them to pass it down.

That is the single and what I believe to be narrow and focused issue of whether the summons is too vague and ambiguous to be enforced. I do not believe that the question of trying to litigate whether Sidley Austin is actually an organizer or seller or whether particular transactions were actually abuse of tax shelters or listed transactions is an appropriate basis for intervention, and the order explains that. I don't think that any of the other grounds that were stated by the intervenors, proposed intervenors, for intervention are appropriate bases, but I believe that there is at least a potentially colorable argument that the summons -- and this is not to be construed as a decision on the merits, please, and I am not trying to amend anything I said in the opinion.

There is at least the potentially colorable argument that the summons is not definite enough, and it is fairly clear to me from the opposition or from the response that the Sidley firm filed to the government's motion for summary enforcement that they don't have any intention of litigating that issue. So I believe that that is a basis for enforcement.

We are going to decide this matter on the same extremely expedited basis that I have done everything that I have been asked to do in this case so far, and I give you a schedule at the tail end of this. I, again, want one brief

from the intervenors, which I believe is due on next Tuesday, so three business days from now. I want a brief from the government three days after that, that is the 23rd, and I believe I have set a ruling date of the 27th or something.

MR. HELLERMAN: 29th.

THE COURT: The 29th of April, which is two weeks from today for me to rule on that.

So that is the ruling. So the motion to intervene has been granted in part as it relates to that only. And I want these briefs to be very short, you know, six, seven pages at most. It is a focused issue, and it goes to the question of whether the thing is definite enough. I could have made some decisions about that on my own or at least attempted to, but I didn't think the government had really addressed it. I am not being critical, but I wanted the government to have an opportunity to address that in more detail as well as the intervenors because, with the intervenors, it was one of a bunch of things. So it is addressed although perhaps not as much as you wanted.

So anything anybody needs to or wants to bring up? Mr. Silets.

MR. SILETS: Your Honor, not having read this, of course --

THE COURT: Right.

MR. SILETS: -- it strikes me, though, that there

might be factual disputes that will touch upon the --

THE COURT: I don't believe so, Mr. Silets. It is a question of whether a subpoena is too vague or not, and I presume that you are going to argue to me about what these standards mean and what they don't mean and how much it leaves to the imagination and how much it leaves to the discretion of the summons respondent and so on, not factual disputes.

If I thought it involved factual disputes, quite frankly, I would have denied the petition to intervene for the reasons that I stated with regard to the other factual issue because I don't think that that is what a summons enforcement proceeding is about.

So I think it is just a question. It is the kind of thing that civil lawyers have to deal with all the time with regard to discovery requests, too vague and ambiguous.

Okay, anybody else want to say anything?

MR. VASQUEZ: Your Honor --

THE COURT: Say your name again.

MR. VASQUEZ: Juan Vasquez.

Can intervenors be given the opportunity for a reply --

THE COURT: No.

MR. VASQUEZ: -- on the 21st?

THE COURT: No, because it has already been addressed in some way. So you are actually getting two cracks at it.

MR. LINDQUIST: Your Honor, John Lindquist.

THE COURT: Yes.

MR. LINDQUIST: I would like to again request a stay of the statute given this limited intervention. I would note that Judge Barefoot Sanders in the case involving the Baker Does in Texas did grant a stay pending his ruling on their motion to enjoin enforcement. He did grant enforcement on the 12th.

THE COURT: I understand what you are saying. The question --

Let me ask you this. Is what you are asking me to do is you are asking me to impose a stay on the running of the statute from today through the date of my ruling?

MR. LINDQUIST: Yes, your Honor.

THE COURT: Okay. Address that, whoever wants to address it.

I am just not relying on what Judge Sanders did in a slightly or maybe somewhat different context. It was Judge Friendly, right? It was a fairly old case, at least for some us of considered old, from the '60s, in which Judge Friendly, as part of a granting of a stay of enforcement pending appeal, essentially cut off the statute of limitations or suspended its running; and so that is the authority that I was looking for.

So who would like to say anything about that? I will give anybody a chance to talk.

MR. LINGUANTI: Your Honor, despite the fact that Baker Does have moved to withdraw, perhaps we can address it given that Barefoot Sanders is --

THE COURT: No, because you are out of the case. Let's start at this end.

MR. VASQUEZ: Your Honor, under 7609 now you have allowed us to intervene. We automatically -- the statute is automatically tolled.

THE COURT: Well, maybe Mr. Lindquist wants to wear both a belt and suspenders at the same time. So if it is going to be tolled anyway, why shouldn't I just go ahead and make it formal?

MR. SILETS: I don't think you have the authority to do it.

MR. LINGUANTI: Brockamp, your Honor. It is a Supreme Court case which says there is no basis for equitable tolling. In that case, it was a refund suit, but it is the most recent case from 1997, if you are addressing specifically the question of equitable tolling.

Equitable tolling is not necessary here because as I pointed out in the John Doe --

THE COURT: Statutory tolling.

MR. LINGUANTI: Precisely.

THE COURT: Do you think there is any doubt about statutory tolling, Mr. Lindquist?

MR. LINDQUIST: Yes, I do think that there is doubt about statutory tolling.

The Court could construe the motions to intervene as motions under 7609(a) such that the granting of -- the partial granting of that motion automatically triggers an (e)(1) extension. But the (e)(2) -- the (e)(2) stay is not protecting us adequately.

MR. VASQUEZ: The (e)(2) stay also comes into effect today because the government initially filed their initial motions on October 15th, so that the (e)(2) stay comes into place on April 15th, which is today.

THE COURT: Anybody else?

You don't need to say anything else.

Does anybody else want to say anything? Fine.

The statute of limitations is tolled from today until I rule, okay. So the government's oral request for that is granted. It may be that it is completely superfluous, and it may be that it is completely illegal. So be it.

All right, I will see you two weeks from today. Thanks.

MR. LINDQUIST: Thank you, your Honor.

MR. CONLON: Thank you, your Honor.

MR. HARTNETT: Thank you.

MR. VASQUEZ: Thank you.

MR. SILETS: Thank you, your Honor.

MR. SWEENEY: Thank you.

(Which were all the proceedings had in the above entitled cause on the day and date aforesaid.)

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

LM Brennan 4-19-04

Laura M. Brennan Date
Official Court Reporter
Northern District of Illinois