**IN THE**
**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **EPSOLON LIMITED, by and through SLIGO (2000) COMPANY, INC., Tax Matters Partner,** | |
| **Plaintiff,** | **No. 05-999 T** |
| **v.** | **Judge Margaret M. Sweeney** |
| **THE UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

**PLAINTIFF'S SUPPLEMENTAL PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to Rule 56(h) of the Rules of the United States Court of Federal Claims, Plaintiffs submit these Supplemental Proposed Findings of Uncontroverted Fact. These proposed findings are based upon the declarations of Thomas V.M. Linguanti, Esq. (the "Linguanti Declaration") and George M. Clarke III, Esq. (the "Clarke Declaration").

1. Mr. John A. Lindquist, Esq., the Department of Justice Attorney assigned to enforce the "John Doe" summons (the "SABW Summons") issued to Sidley Austin Brown & Wood ("SABW") in the Northern District of Illinois (the "Illinois Action"), represented to the Northern District of Illinois, during the summons enforcement process, that "[t]he [SABW Summons] seeks only identities." (United States' Supplemental Memorandum in Opposition to Intervention, April 13, 2004 at 2 (emphasis in original) (Clarke Declaration, Exhibit I).) Mr. Lindquist also emphasized that "the summons seeks only the [intervening John Does'] identities." (Id. at 9 (emphasis in original).)

2. In compliance with a March 4, 2004 Order in the Illinois Action, Mr. Gregory S. Lynam, Esq., a Baker & McKenzie LLP attorney based in Chicago representing Mr. Tucker, provided Mr. Lindquist with engagement letters between the "Baker Does" and SABW. (Clarke Declaration, Exhibit J.) One of these engagement letters contained a fax banner from KPMG's New York office. (Id. at 2-3.)

3. On March 9, 2004, Mr. Stuart D. Gibson, Esq., the Department of Justice ("DOJ") attorney assigned to Doe 1 v. KPMG, LLP, Dkt. No. 03-2036 (N.D. Tex.) ("the Texas Action") and to a summons enforcement action against KPMG in Department of Justice Tax Division v. KPMG, LLP, Dkt. No. MS 02-295 (D.D.C) (the "DC Action")), forwarded the "Baker Doe" engagement letters to Mr. Armando Gomez, Esq., a Skadden, Arps, Slate, Meagher & Flom ("Skadden Arps"), who was an attorney representing KPMG in the DC Action. (Clarke Declaration, Exhibit K.) In the transmittal letter that conveyed the engagement letters to Mr. Gomez, Mr. Gibson requested that Mr. Gomez have his client, KPMG, LLP ("KPMG"), review the engagement letters and provide, inter alia, "a list of participants" in those transactions by close of business on March 12, 2004. (Id. at 1.)

4. Sometime between March 9, 2004 and March 30, 2004, Messrs Gibson and personnel at Skadden Arps discussed this matter and on March 31, 2004, in preparation for an April 1, 2004 status conference in the DC Matter, Mr. Robert S. Bennett of Skadden Arps provided Mr. Gibson with a letter, responding to, inter alia, Mr. Gibson's March 9, 2004 letter, which explained that "[a]s we have discussed, the John Doe plaintiffs in [the Texas Action] may have been the recipients of the engagement letters referenced in one of your letters to us dated March 9, 2004." (Clarke Declaration, Exhibit L at 2.)

5. In a hearing on April 1, 2004, Mr. Gibson represented to Chief Judge Hogan of the District Court for the District of Columbia that:

> [T]here is a hearing in Chicago on a summons enforcement case [the Illinois Action] in which [the John Does in the Texas Action] are trying to withhold their names in that case. So they are fighting a multifront war and we hope either today or some time next week we'll be able to get those names.

(Trans. of Proc., April 1, 2004 at 20-21 (Clarke Declaration, Exhibit M).)

6. In the Texas Action, Mr. Tucker submitted various documents to the Northern District of Texas under seal, including his declaration. (Clarke Declaration, Exhibit N.) That declaration sets forth, inter alia, Mr. Tucker's name and address. (Id. at 1.)

7. KPMG also submitted, under seal, as part of the Texas Action 2,499 pages of materials that KPMG designated as "Exhibit E." Exhibit E contained tax returns, financial statements, bank statements, workpapers, internal KPMG memoranda, and other similar materials that outlined in great detail: (i) the name, address, and taxpayer identification number of Mr. Keith A. Tucker; (ii) the names, addresses, and taxpayer identification numbers of the other parties to Mr. Tucker's transactions; and (iii) specific information regarding the actual transactions entered into by Mr. Tucker. An excerpt from these materials is attached as Exhibit O to the Clarke Declaration.

8. The declaration and other materials in “Exhibit E” contained all of the information expressly requested in the SABW summons with respect to Mr. Tucker. (Clarke Declaration, Exhibit N at 1 (name and address); Clarke Declaration, Exhibit O at “KPMG App. 1002” (taxpayer identification number).)

9. On April 12, 2004, the Northern District of Texas unsealed the declaration of Mr. Tucker and all 2,499 pages of "Exhibit E." See generally John Doe 1 v. United States, 325 F. Supp. 2d 746 (N.D. Tex. 2004). This allowed Mr. Gibson (or one of his agents) to copy Mr. Tucker's declaration and Exhibit E on April 12, 2004.

10. As of April 13, 2004, the United States, as an intervenor in the case, had complete copies of the declaration of Mr. Tucker and the 2,499 pages of materials in Exhibit E. (Intervenor-Defendant's Memorandum in Opposition to Plaintiffs' Emergency Motion to Alter or Amend Judgment, dated April 13, 2004, at 2 (explaining that "[t]he United States has already obtained copies of [such] documents") (Clarke Declaration, Exhibit P)).

11. On April 14, 2004, Mr. Lindquist initiated a telephone call to Mr. Linguanti, counsel for Mr. Tucker in the SABW matter, and informed Mr. Linguanti in a telephone voice message that Defendant:

(i) had discovered the identity of Mr. Tucker;

(ii) knew that Mr. Tucker was Baker Doe 1; and

(iii) would not oppose a motion to withdraw Baker Doe 1 from intervention in the SABW matter because the knowledge of the United States with respect to the foregoing matters "resolves your issues in this case."

(Linguanti Declaration at 2.)

12. Mr. Gibson was involved in informing DOJ and Internal Revenue Service ("IRS") personnel of Mr. Tucker's identity and the "Exhibit E" information containing all of Mr. Tucker's identifying information. (Emails from David A. Hubbert (Chief of Eastern Region of DOJ Civil Tax) (the "Hubbert Email") to various DOJ and IRS personnel (including Mr. Gibson), April 12, 2004 (Clarke Declaration, Exhibit Q).)

13. One person copied on the Hubbert Email, Mr. Michael Halpert, is the same agent that timely issued, on April 15, 2004, a Statutory Notice of Deficiency ("SNOD") to Mr. Tucker for the year 2000. (Clarke Declaration, Exhibit R at 6.) That SNOD contained the name, address, and taxpayer identification number of Mr. Tucker (id. at 1) and forms the basis for the current litigation between Mr. Tucker and the Service in Tucker v. Commissioner, Tax Court No. 12307-04.

14. At an April 15, 2004 hearing, during which Mr. Linguanti submitted and the Northern District of Illinois granted the "Baker Does" Motion to Withdraw, Mr. Lindquist made the following statement to Judge Kennelly in the Northern District of Illinois:

> I would like to again request a stay of the statute given this limited intervention. I would note that Judge Barefoot Sanders in the case involving the Baker Does in Texas did grant a stay pending his ruling on their motion to enjoin enforcement. He did grant enforcement on the 12th.

(Trans. of Proc., April 15, 2004 at 10) (Clarke Declaration, Exhibit S).)

15. The tax associated with this partnership proceeding was not assessed by the IRS until March 22, 2006. (Clarke Declaration, Exhibit T.)

Respectfully submitted,

/s/ A. Duane Webber

A. Duane Webber
Attorney of Record

George M. Clarke III
Of Counsel

Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006
(202) 452-7000

David G. Glickman
Robert H. Albaral
Of Counsel

Baker & McKenzie LLP
2300 Trammel Crow Center
2001 Ross Avenue
Dallas, TX 75201
(214) 978-3000

Attorneys for Plaintiff,
Epsolon Limited

Dated: June 12, 2006