IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Sweeney)

No. 05-999 T

EPSOLON LIMITED, by and through
SLIGO (2000) COMPANY, INC.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

**UNITED STATES' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims, the United States hereby responds to plaintiff's Supplemental Proposed Findings of Uncontroverted Fact.[1] This response is based upon the declaration of Stuart Gibson and the Supplemental Declaration of John Linquist, attached hereto.

[1]Any reference made in this response to the "partnership" and various purported entities, is not an admission by defendant that, under the applicable law, a viable partnership or the alleged entities existed.

1. Mr. John A. Lindquist, Esq., the Department of Justice Attorney assigned to enforce the "John Doe" summons (the "SABW Summons") issued to Sidley Austin Brown & Wood ("SABW") in the Northern District of Illinois (the "Illinois Action"), represented to the Northern District of Illinois, during the summons enforcement process, that "[t]he [SABW Summons] seeks only identities." (United States' Supplemental Memorandum in Opposition to Intervention, April 13, 2004 at 2 (emphasis in original) (Clarke Declaration, Exhibit I).) Mr. Lindquist also emphasized that "the summons seeks only the [intervening John Does'] identities." (Id. at 9 (emphasis in original).

Response: Defendant objects as misleading. Plaintiff cites page 2 of the Supplemental Memorandum in Opposition. Plaintiff ignores that immediately following that statement on page 2 of the Government's Opposition, Mr. Lindquist quotes the text of the summons, which demanded:

> the name, address and taxpayer identification number for each United States taxpayer who, during any part of the period January 1, 1996 through October 15, 2003, participated in a transaction which was or later became a 'listed transaction' or other 'potentially abusive tax shelter' organized or sold by the law firm of Sidley Austin Brown & Wood LLP and its predecessor Brown & Wood LLP.

Thus, Mr. Lindquist made it clear exactly what was meant by "identities." Further, plaintiff adds language to Mr. Lindquist's statement from page 9 of that Opposition by adding "[intervening John Does']." Mr. Lindquist specified that the Government was seeking the identities of the John Does - not limited to the intervenors. Again, the identities requested under the summons included Sligo and Epsolon, their addresses and their taxpayer identification numbers.

2. In compliance with a March 4, 2004 Order in the Illinois Action, Mr. Gregory S. Lynam, Esq., a Baker & McKenzie LLP attorney based in Chicago representing Mr. Tucker, provided Mr. Lindquist with engagement letters between the "Baker Does" and SABW. (Clarke Declaration, Exhibit J.) One of these engagement letters contained a fax banner from KPMG's New York office. (Id. at 2-3.)

Response: Defendant admits that Mr. Lindquist received the "Baker Does" engagement letters with Sidley Austin from Mr. Lynam. A true and correct copy of the engagement letters as received by Mr. Lindquist is attached to his supplemental declaration as Exhibit 14.

3. On March 9, 2004, Mr. Stuart D. Gibson, Esq., the Department of Justice ("DOJ") attorney assigned to Doe 1 v. KPMG, LLP, Dkt. No. 03-2036 (N.D. Tex.) ("the Texas Action") and to a summons enforcement action against KPMG in Department of Justice Tax Division v. KPMG, LLP, Dkt. No. MS 02-295 (D.D.C) (the "DC Action")), forwarded the "Baker Doe" engagement letters to Mr. Armando Gomez, Esq., a Skadden, Arps, Slate, Meagher & Flom ("Skadden Arps"), who was an attorney representing KPMG in the DC Action. (Clarke Declaration, Exhibit K.) In the transmittal letter that conveyed the engagement letters to Mr. Gomez, Mr. Gibson requested that Mr. Gomez have his client, KPMG, LLP ("KPMG"), review the engagement letters and provide, inter alia, "a list of participants" in those transactions by close of business on March 12, 2004. (Id. at 1.)

Response: Defendant objects to this proposed finding as irrelevant. The summons enforcement with respect to KPMG is separate and apart from the issue of whether Sidley Austin's response to the summons served on it was finally resolved.

Defendant further objects to this proposed finding as misleading. The KPMG summons enforcement proceeding did not involve the type of transaction at issue in this case, the short option strategy (SOS) type of the Son of BOSS shelter. As of the date of Exhibit K, KPMG had already informed the Service (erroneously) that it had fully complied with the summons that had requested information about the SOS shelter participants. As a result, the SOS summons was not part of the KPMG enforcement litigation. (Declaration of Stuart Gibson, para. 3, filed herewith.) The correspondence attached as Exhibit K to the Declaration of Mr. Clark was related to

KPMG's decision to "change the tone" of discussions between KPMG and the Service. (Id.)

4. Sometime between March 9, 2004 and March 30, 2004, Messrs Gibson and personnel at Skadden Arps discussed this matter and on March 31, 2004, in preparation for an April 1, 2004 status conference in the DC Matter, Mr. Robert S. Bennett of Skadden Arps provided Mr. Gibson with a letter, responding to, inter alia, Mr. Gibson's March 9, 2004 letter, which explained that "[a]s we have discussed, the John Doe plaintiffs in [the Texas Action] may have been the recipients of the engagement letters referenced in one of your letters to us dated March 9, 2004." (Clarke Declaration, Exhibit L at 2.)

Response: Defendant objects to this proposed finding as irrelevant. The summons enforcement with respect to KPMG is separate and apart from the issue of whether Sidley Austin's response to the summons served on it was finally resolved. Further objects to the term "this matter" as vague and misleading.

Without waiving the above objections, defendant states that Mr. Gibson discussed KPMG's agreement to cooperate with the Service by identifying all previous tax shelters and tax shelter participants. (Gibson Declaration, para. 4.) At the time of Mr. Bennett's letter of March 31, 2004, it remained uncertain as to whether the engagement letters attached to plaintiff's Exhibit K had anything to do with the Texas Baker Does. (Id.)

5. In a hearing on April 1, 2004, Mr. Gibson represented to Chief Judge Hogan of the District Court for the District of Columbia that:

> [T]here is a hearing in Chicago on a summons enforcement case [the Illinois Action]in which [the John Does in the Texas Action] are trying to withhold their names in that case. So they are fighting a multifront war and we hope either today or some time next week we'll be able to get those names.

(Trans. of Proc., April 1, 2004 at 20-21 (Clarke Declaration, Exhibit M).)

Response: Defendant objects to this proposed finding as irrelevant. The summons enforcement with respect to KPMG is separate and apart from the issue of whether Sidley Austin's response to the summons served on it was finally resolved. Mr. Gibson explained in the proceeding cited by plaintiffs that the KPMG summons enforcement did not include the summons at issue in the Baker Doe litigation. (Exhibit M at 9.) Further, the fact that the Baker Doe litigation was with KPMG and not Sidley Austin confirms that the Texas Baker Doe proceedings were separate from the issue of whether Sidley Austin had finally resolved the summons issued to it.

6. In the Texas Action, Mr. Tucker submitted various documents to the Northern District of Texas under seal, including his declaration. (Clarke Declaration, Exhibit N.) That declaration sets forth, inter alia, Mr. Tucker's name and address. (Id. at 1.)

Response: Defendant objects to this proposed finding as irrelevant. The summons enforcement with respect to KPMG and the Baker Doe litigation are separate and apart from the issue of whether Sidley Austin's response to the summons issued to it was finally resolved.

Without waiving the stated objection, defendant admits that the documents submitted under seal to the District Court for the Northern District of Texas included Mr. Tucker's declaration which sets forth his name and address.

7. KPMG also submitted, under seal, as part of the Texas Action 2,499 pages of materials that KPMG designated as "Exhibit E." Exhibit E contained tax returns, financial statements, bank statements, workpapers, internal KPMG memoranda, and other similar materials that outlined in great detail: (i) the name, address, and taxpayer identification number of Mr. Keith A. Tucker; (ii) the names, addresses, and taxpayer identification numbers of the other parties to Mr. Tucker's transactions; and (iii) specific information regarding the actual transactions entered into by Mr. Tucker. An excerpt from these materials is attached as Exhibit O to the Clarke Declaration.

Response: Defendant objects to this proposed finding as irrelevant. The summons enforcement with respect to KPMG and the Baker Doe litigation are separate and apart from the issue of whether Sidley Austin's response to the summons served on it was finally resolved.

Without waiving the above stated objection, defendant admits that the information contained in Exhibit E included that information described in paragraph 7 (i) and (ii). Objects to the description of the information described in paragraph (iii) as vague and misleading. While some information regarding the transaction was contained in Exhibit E, by no means was all of the information surrounding the transaction contained in Exhibit E. (Declaration of Stuart Gibson, para. 7.)

8. The declaration and other materials in "Exhibit E" contained all of the information expressly requested in the SABW summons with respect to Mr. Tucker. (Clarke Declaration, Exhibit N at 1 (name and address); Clarke Declaration, Exhibit O at "KPMG App. 1002" (taxpayer identification number).)

Response: Defendant objects to this proposed finding as irrelevant. The summons enforcement action with respect to KPMG and the Baker Doe litigation in Texas are separate and apart from the issue of whether Sidley Austin's response to the summons served on it was finally resolved.

Without waiving the above objection, denies the implication that the materials provided in "Exhibit E" were the equivalent of full resolution of the Sidley Austin summons. Those materials were unsealed in the Baker Doe proceeding in Texas, and consisted of approximately 2,500 pages of documents, and involved KPMG's response to a summons served upon KPMG. Sidley Austin's compliance with the summons served on Sidley Austin did not occur until March of 2005, if then.

9. On April 12, 2004, the Northern District of Texas unsealed the declaration of Mr. Tucker and all 2,499 pages of "Exhibit E." See generally John Doe 1 v. United States, 325 F. Supp. 2d 746 (N.D. Tex. 2004). This allowed Mr. Gibson (or one of his agents) to copy Mr. Tucker's declaration and Exhibit E on April 12, 2004.

Response: Defendant objects to this proposed finding as irrelevant. The summons enforcement action with respect to KPMG and the Baker Doe litigation are separate and apart from the issue of whether Sidley Austin's response to the summons served on it was finally resolved.

Without waiving the above stated objection, defendant admits that Exhibit E was unsealed by Order of the District Court for the District of Texas on April 12, 2004. Defendant also admits that this Order allowed the Government to obtain a copy of Exhibit E. Due to the difficulties in copying nearly 2,500 pages of documents, a full copy of Exhibit E was not made by the Government until April 13, 2004. (Gibson Declaration, para. 9.)

10. As of April 13, 2004, the United States, as an intervenor in the case, had complete copies of the declaration of Mr. Tucker and the 2,499 pages of materials in Exhibit E. (Intervenor-Defendant's Memorandum in Opposition to Plaintiffs' Emergency Motion to Alter or Amend Judgment, dated April 13, 2004, at 2 (explaining that "[t]he United States has already obtained copies of [such] documents") (Clarke Declaration, Exhibit P)).

Response: Defendant objects to this proposed finding as irrelevant. The summons enforcement action with respect to KPMG and the Baker Doe litigation are separate and apart from the issue of whether Sidley Austin's response to the summons served on it was finally resolved.

Without waiving this objection, the United States admits that a clerk in the United States Attorney's office in Dallas, Texas had made copies of Exhibit E as of April 13, 2004. (Gibson Declaration, para. 9)

11. On April 14, 2004, Mr. Lindquist initiated a telephone call to Mr. Linguanti, counsel for Mr. Tucker in the SABW matter, and informed Mr. Linguanti in a telephone voice message that Defendant:

(i) had discovered the identity of Mr. Tucker;

(ii) knew that Mr. Tucker was Baker Doe 1; and

(iii) would not oppose a motion to withdraw Baker Doe 1 from intervention in the SABW matter because the knowledge of the United States with respect to the foregoing matters "resolves your issues in this case."

(Linguanti Declaration at 2.)

Response: Defendant denies the allegations in plaintiff's Supplemental Proposed Finding 11. (Lindquist Supplemental Declaration, paras. 22-37.) By way of further response, this dispute with respect to Supplemental Proposed Finding 11 is not material to resolution of the Government's Cross Motion for Summary Judgment. This Proposed Finding does not state that Sidley Austin provided a full response to the summons served upon it, nor could it. (Linquist Supplemental Declaration, at paragraph 31-37.) As presented in the Supplemental Declaration of John Lindquist, at paragraph 37, Sidley Austin did not resolve it response to the summons by disclosing the identities of SLIGO and Epsolon until March 3, 2005, if then. (Government's Prop. Finding 23.)

12. Mr. Gibson was involved in informing DOJ and Internal Revenue Service ("IRS") personnel of Mr. Tucker's identity and the "Exhibit E" information containing all of Mr. Tucker's identifying information. (Emails from David A. Hubbert (Chief of Eastern Region of DOJ Civil Tax) (the "Hubbert Email") to various DOJ and IRS personnel (including Mr. Gibson), April 12, 2004 (Clarke Declaration, Exhibit Q).)

Response: Defendant objects to this proposed finding as irrelevant. The summons enforcement with respect to KPMG is separate and apart from the issue of whether Sidley Austin's response to the summons served on it was finally resolved.

Without waiving this objection, admits that Mr. Gibson informed DOJ and IRS personnel of Mr. Tucker's identity.

13. One person copied on the Hubbert Email, Mr. Michael Halpert, is the same agent that timely issued, on April 15, 2004, a Statutory Notice of Deficiency ("SNOD") to Mr. Tucker for the year 2000. (Clarke Declaration, Exhibit R at 6.) That SNOD contained the name, address, and taxpayer identification number of Mr. Tucker (id. at 1) and forms the basis for the current litigation between Mr. Tucker and the Service in Tucker v. Commissioner, Tax Court No. 12307-04.

Response:

Defendant objects to this proposed finding as irrelevant. The summons enforcement with respect to KPMG is separate and apart from the issue of whether the summons issued to Sidley Austin was finally resolved by Sidley Austin.

Without waiving the above objection, defendant admits the first sentence in this proposed finding. Defendant also admits that the SNOD contained the name, address and taxpayer identification number of Mr. Tucker and that Mr. Tucker filed a petition in Tax Court with respect to that SNOD styled *Tucker v. Commissioner*, Tax Court No. 12307-04. Objects to the statement in the second sentence that the SNOD "forms the basis of the current litigation" as vague. States that the Commissioner has amended his response to that petition as a result of additional information discovered during that proceeding.

14. At an April 15, 2004 hearing, during which Mr. Linguanti submitted and the Northern District of Illinois granted the "Baker Does" Motion to Withdraw, Mr. Lindquist made the following statement to Judge Kennelly in the Northern District of Illinois:

> I would like to again request a stay of the statute given this limited intervention. I would note that Judge Barefoot Sanders in the case involving the Baker Does in Texas did grant a stay pending his ruling on their motion to enjoin enforcement. He did grant enforcement on the 12th.

(Trans. of Proc., April 15, 2004 at 10) (Clarke Declaration, Exhibit S).)

Response: Defendant admits the statement made in paragraph 14.

15. The tax associated with this partnership proceeding was not assessed by the IRS until March 22, 2006. (Clarke Declaration, Exhibit T.)

Response: Defendant admits the statement made in paragraph 15.

Respectfully submitted,

s/ David R. House

DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366
(202) 540-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims

s/David Gustafson