IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Sweeney)

No. 05-999 T

EPSOLON LIMITED, by and through
SLIGO (2000) COMPANY, INC.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

SUPPLEMENTAL DECLARATION OF JOHN LINDQUIST

I, John A. Lindquist, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Trial Attorney with the U.S. Department of Justice, employed in the Tax Division, Northern Region, with a post of duty at Washington, D.C. I am filing this Declaration to supplement my Declaration of May 9, 2006, which was attached to the United States Cross-Motion for Partial Summary Judgment and Alternative Rule 56(f) Motion filed in this matter on May 12, 2006.

2. As part of my duties as a trial attorney with the Tax Division, I was responsible for obtaining authorization for service by the IRS of a "John Doe" summons upon Sidley Austin Brown & Wood, LLP (now known as Sidley Austin, LLP) ("Sidley Austin"). As part of my duties, I was also assigned to enforce the "John Doe" summons.

3. On October 14, 2003, the United States District Court for the Northern District of

Illinois, issued an order granting leave for the IRS to serve a John Doe summons upon Sidley Austin. A true and correct copy of the Court Order was attached to my Declaration of May 9, 2006, as Exhibit 1.

4. On October 15, 2003, the IRS served a "John Doe" summons upon Sidley Austin (the "John Doe" summons). A true and correct copy of the "John Doe" summons was attached to my Declaration of May 9, 2006, as Exhibit 2.

5. As set forth in the rider to "John Doe" summons, the summons required Sidley Austin to produce:

> the name, address and taxpayer identification number for each United States taxpayer who, during any part of the period January 1, 1996 through October 15, 2003, participated in a transaction which was or later became a 'listed transaction' or other 'potentially abusive tax shelter' organized or sold by the law firm of Sidley Austin Brown & Wood LLP and its predecessor Brown & Wood LLP.

6. By letter dated October 27, 2003, Sidley Austin provided the Service with the identities of some, but not all, of the participants in the described transactions. Sidley Austin represented that it was withholding the identities of those who had either failed to consent or refused to consent to its disclosure of their identities pursuant to the "John Doe" summons. Tucker's identity was not among the identities revealed by Sidley Austin to the IRS in its letter dated October 27, 2003. A true and correct copy of that letter was attached to my Declaration of May 9, 2006, as Exhibit 3.

7. On December 27, 2004, I filed a petition on behalf of the United States to enforce the "John Doe" summons. A true and correct copy of that petition that I filed in United States v. Sidley Austin Brown & Wood LLP, No. 03-9355 (USDC N.D. Ill.)("the Court") was attached to my Declaration of May 9, 2006, as Exhibit 4.

8. On January 14, 2004, the Court ordered Sidley Austin to give its clients who were subject to the "John Doe" summons until January 23, 2004, to advise Sidley Austin of their intention to assert that their identities were protected by privileges.[1]

9. Pursuant to the Order of January 14, 2004, Sidley Austin was also directed to provide copies of all such letters it received to the United States, with client names redacted.

10. Pursuant to the Order of January 14, 2004, the United States received multiple redacted letters from Sidley Austin, including two letters dated January 22, 2004, from Thomas Linguanti of Baker & McKenzie. True and correct copies of these two letters were attached to my Declaration of May 9, 2006, as Exhibit 6.

11. On February 6, 2004, the Court issued an Order pursuant to which all persons who objected to the disclosure of their identities to the Internal Revenue Service ("Service") would be permitted to intervene in the summons enforcement proceeding.

12. Pursuant to the February 6, 2004 Order, a motion to intervene was filed on February 26, 2004, by Baker & McKenzie on behalf of two clients whom it identified as "Baker Doe 1" and "Baker Doe 2." A copy of the Motion to Intervene was attached to my Declaration of May 9, 2006, as Exhibit 8.

13. By order dated March 4, 2004, the Court required all of the proposed interveners to produce to me redacted copies of any engagement letters between themselves and Sidley Austin.

14. By letter dated March 5, 2004, the Baker Does produced redacted versions of their engagement letters with Sidley Austin, true copies of which are attached hereto as Ex. 14.

---

[1]Although the Order referenced "clients" of Sidley Austin, the summons required production of the identities of all U.S. taxpayers that had participated in the transactions specified in the "John Doe" summons.

15. The redacted versions of the Baker Does' engagement letters referenced that Sidley Austin had previously represented or advised Diversified Group, Incorporated ("Diversified") and provided that, by acceptance of these letters, the Baker Does waived any legal conflict that might arise from such current, past or future representations. Ex. 14.

16. As of March 5, 2004, based upon published litigation involving Diversified, it appeared that Diversified was a promoter of tax shelters. *See Diversified Group, Inc. v.. Daugerdas*, 139 F. Supp.2d 445 (S.D.N.Y. 2001) and *Diversified Group, Inc. v. Daugerdas*, 304 F.Supp.2d 507 (SDNY Sept. 5, 2003).

17. Based upon the reference to Diversified in the Baker Does' engagement letters, I suspected that the Baker Does were participants in a Diversified tax shelter.

18. The redacted versions of the Baker Does' engagement letters with Sidley Austin also contained a fax line at the top of the last two pages which reflected that the engagement letters had been faxed by KPMG on February 5, 2001. Ex. 14.

19. Based upon this reference to KPMG in the copies of the baker Does' engagement letters, as of March 5, 2004, I suspected that the accounting firm of KPMG LLP ("KPMG") was also involved in the Baker Does' tax shelter transaction.

20. I subsequently learned in March, 2004, that Thomas Linguanti was also counsel of record for two clients in a Texas district court action against KPMG, wherein it appeared that the Texas Does were attempting to stop KPMG from complying with an IRS summons.

21. I suspected that the Baker Does and the Texas Does were the same based upon the correlation between the Baker Does and the Texas Does – namely, both cases involved two taxpayers who, through the same counsel, were attempting to prevent the IRS from discovering

their participation in a tax shelter that involved KPMG.

22. On or about April 13, 2004, I learned that there had been a decision in the Texas district court case and that the identities of the Texas Does had been made public. *See John Doe 1 v. KPMG, LLP*, 325 F.Supp.2d 746 (N.D. Tex. 2004).

23. On April 13, 2004, I left a phone message for Mr. Thomas Linguanti that I had learned that the identities of the Texas Does had been made public and that, insofar as it appeared that the Baker Does were the same as the Texas Does, the Baker Does should withdraw their pending motion to intervene.

24. Mr. Thomas Linguanti did not return my phone message of April 13, 2004.

25. On April 14, 2004, "Baker Doe 1" and Baker Doe 2" filed a Motion to Withdraw their Motion to Intervene in the summons enforcement action in *United States v. Sidley Austin Brown & Wood, LLP*, Dkt No. 03-9355 (N.D. Ill.). A true and correct copy of that Motion was attached as Exhibit 9 to my declaration dated May 9, 2006, filed in this case.

26. I did not personally receive a copy of the Baker Does' motion to withdraw prior to a hearing on April 15, 2004, in which that motion to withdraw was granted as an unopposed motion. At the same hearing, the remaining taxpayers' motions to intervene were granted.

27. The Baker Does' Motion to withdraw suggests that I had told Mr. Thomas Linguanti on April 13, 2004, that I knew the identities of the Baker Does. Mr. Thomas Linguanti reiterates this allegation in a declaration dated June 10, 2006, filed in the above-captioned action, asserting that:

> Counsel for the United States, Mr. John Lindquist, represented to me that the United States of America: (i) had discovered the identities of Messrs. Tucker and Hechler; (ii) knew that Messrs. Tucker and Hechler were Baker Doe 1 and Baker Doe 2, respectively; and (iii) would not oppose a motion to withdraw Baker Doe 1 and Baker Doe 2 from intervention in the SABW matter because the knowledge of the Untied States with respect to the foregoing matters "resolves your issues in this case."

28. These representations by Mr. Thomas Linguanti are not correct. I did not know the identities of the Baker Does on April 13, 2004 and did not tell Mr. Thomas Linguanti that I knew the identities of the Baker Does.

29. As Mr. Thomas Linguanti well knows, the only way that I could have known that the Baker Does and the Texas Does were in fact the same would have been if either he or Sidley Austin had disclosed the Baker Does' identities to me.

30. Mr. Thomas Linguanti never disclosed the identities of the Baker Does to me and did not disclose their identities in the Baker Does' motion to withdraw their motion to intervene.

31. Upon withdrawal of the Baker Does' motion to intervene, I requested that counsel for Sidley Austin turn over the identities of the Baker Does. In response to this request, counsel for Sidley Austin apprised me that Sidley Austin would not turn over the identities of the Baker Does to the Service without a court order or written consent from the Baker Does.

32. Shortly thereafter, counsel for Sidley Austin informed me that Sidley Austin had requested that counsel for the Baker Does provide Sidley Austin with written consent to disclose

the summoned identities of the Baker Does to the Service and that the Baker Does had refused to provide Sidley Austin with written consent.

33. On April 28, 2004, the Court entered judgment granting the United States' Petition to enforce the "John Doe" summons. A copy of that judgment was attached to my Declaration of May 9, 2006, as Exhibit 10.

34. On June 29, 2004, after the expiration of the period during which an appeal from the Court's April 28, 2004 order could be taken under FRAP 26(a), Sidley Austin sent me an e-mail in which it represented that it was disclosing the "balance of the names and address of the interveners in the John Doe action," to which was attached a list which included the name "Keith Tucker." A redacted true and correct copy of that email and list was attached to my Declaration of May 9, 2006, as Exhibit 12.

35. In the list attached as Exhibit 12, Sidley Austin disclosed the name "Keith Tucker" under the heading "Diversified - Spread Options," but did not disclose the identifying Social Security Number for Keith Tucker. Nor did Sidley Austin disclose, at that time, the names and identifying Employment Identification Numbers for any participating entities, including, but not limited to, the controlled U.S. entities Sligo (2000) and Epsolon.

36. At that time, upon my inquiry, counsel for Sidley Austin represented to me that this additional summoned information was not readily available because the New York offices of Sidley Austin had been destroyed on September 11, 2001. However, upon my demand, Sidley Austin was subsequently able to recover the names of the participating entities from its retained copies of the opinions which it had issued.

37. On March 3, 2005, counsel for Sidley Austin hand delivered to me a supplemental

response to the "John Doe" summons in which Sidley Austin for the first time identified the names of participating entities, including, but not limited to, the controlled U.S. entities Sligo (2000) and Epsolon. A redacted true and correct copy of Sidley Austin's supplemental production on March 3, 2005, was attached to my Declaration of May 9, 2006, as Exhibit 13.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Washington, D.C., on this 20th day of February, 2007.

JOHN A. LINDQUIST
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, DC 20044

[redacted]

One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, Illinois 60601, USA

Tel: +1 312 861 8000
Fax: +1 312 861 2899
chicago.information@bakernet.com
www.bakernet.com

Tel: +1 312 861 8229
Fax: +1 312 616 7346
gregory.s.lynam@bakernet.com

Asia Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe & Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South America
Bogota
Brasilia
Buenos Aires
Calgary
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

**VIA E-MAIL & U.S. EXPRESS MAIL**

March 5, 2004

John Lindquist, Esq.
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044

Re: United States of America v. Sidley Austin Brown & Wood, LLP

Dear Mr. Lindquist:

Pursuant to Judge Kennelly's March 4, 2004, Order, enclosed please find redacted versions of "Baker" Doe 1 and "Baker" Doe 2's engagement letters with Brown & Wood, LLP. The only redactions made to the engagement letters are the "Baker" Does' names, addresses, and signatures. Additionally, neither "Baker" Doe's files contain confidentiality agreements with Brown & Wood or Sidley Austin Brown & Wood.

If you have any questions regarding the redacted engagement letters, or the absence of confidentiality agreements, please contact Tom Linguanti at (312) 861-2623 or me at (312) 861-8229.

Sincerely,

Gregory S. Lynam

GSL/mm
Enclosures

cc: William F. Conlon, *Sidley Austin Brown & Wood LLP*

PENGAD-Bayonne, N. J.
GOVERNMENT EXHIBIT
14

BROWN & WOOD LLP

ONE WORLD TRADE CENTER
NEW YORK, NY 10048-0557
TELEPHONE: 212-839-5300
FACSIMILE: 212-839-5599

[redacted]

December 26, 2000

Re: Special U.S. Federal Income Tax Counsel

Dear [redacted]

You have asked that we act as special U.S. federal income tax counsel to you in connection with certain investment transactions in which you have engaged involving the acquisition of an interest in a foreign corporation through an S corporation and your entering into various digital foreign currency option trades, both in your individual capacity and through the foreign corporation ("Transactions"). In that capacity, you have asked that we provide you with an opinion regarding certain of the U.S. federal income tax consequences of the Transactions (i) in connection with the closing of the Transactions and (ii) in connection with your filling a U.S. federal income tax return reporting the transactions on April 15, 2001. In the case of the latter opinion, we will only be obligated to provide such opinion in the event that there has been no adverse change in the statute, regulations, or administrative or judicial interpretation thereof subsequent to the closing of the Transactions.

You acknowledge that any U.S. federal income tax opinion that we issue in connection with your participation in the Transactions will not guarantee the U.S. federal income tax consequences thereof, but will provide only that such tax consequences are "more likely than not" to occur.

We hereby agree to so represent you. We wish to point out that although we are not representing or advising the Diversified Group Incorporated or any of its affiliates ("Diversified") in connection with the Transactions, in the past we have represented or advised Diversified with respect to certain matters and may continue to do so in the future. By your acceptance of this letter you waive any legal conflict that may arise from such current, past or future representations.

By your acceptance of this letter you agree that any controversy or claim arising out of or relating to this letter, and the matters addressed herein, shall be settled by arbitration

administered by the American Arbitration Association in accordance with its Commercial Rules and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The arbitration proceeding shall be conducted in New York City, New York. The arbitrator shall have the authority to award any remedy or relief that a court of competent jurisdiction could order or grant. Except as necessary in court proceedings to enforce this arbitration provision or an award rendered hereunder, neither a party nor an arbitrator may disclose the existence, content or results of any arbitration hereunder without the prior written consent of both parties. The parties acknowledge that this letter evidences a transaction involving interstate commerce. The parties agree that United States Federal Arbitration Act shall govern the interpretation and enforcement of this arbitration provision.

Please return an acknowledged copy of this letter as evidence of your acceptance of the terms hereof.

Very truly yours,

Brown & Wood LLP

Acknowledged

[redacted]

BROWN & WOOD LLP

ONE WORLD TRADE CENTER
NEW YORK, NY 10048-0557
TELEPHONE: 212-839-5300
FACSIMILE: 212-839-5599

December 26, 2000

[redacted]

**Re: Special U.S. Federal Income Tax Counsel**

Dear [redacted]

You have asked that we act as special U.S. federal income tax counsel to you in connection with certain investment transactions in which you have engaged involving the acquisition of an interest in a foreign corporation through an S corporation and your entering into various digital foreign currency option trades, both in your individual capacity and through the foreign corporation ("Transactions"). In that capacity, you have asked that we provide you with an opinion regarding certain of the U.S. federal income tax consequences of the Transactions (i) in connection with the closing of the Transactions and (ii) in connection with your filing a U.S. federal income tax return reporting the transactions on April 15, 2001. In the case of the latter opinion, we will only be obligated to provide such opinion in the event that there has been no adverse change in the statute, regulations, or administrative or judicial interpretation thereof subsequent to the closing of the Transactions.

You acknowledge that any U.S. federal income tax opinion that we issue in connection with your participation in the Transactions will not guarantee the U.S. federal income tax consequences thereof, but will provide only that such tax consequences are "more likely than not" to occur.

We hereby agree to so represent you. We wish to point out that although we are not representing or advising the Diversified Group Incorporated or any of its affiliates ("Diversified") in connection with the Transactions, in the past we have represented or advised Diversified with respect to certain matters and may continue to do so in the future. By your acceptance of this letter you waive any legal conflict that may arise from such current, past or future representations.

By your acceptance of this letter you agree that any controversy or claim arising out of or relating to this letter, and the matters addressed herein, shall be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Rules and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The arbitration proceeding shall be conducted in New York City, New York. The arbitrator shall have the authority to award any remedy or relief that a court of competent jurisdiction could order or grant. Except as necessary in court proceedings to enforce this arbitration provision or an award rendered hereunder, neither a party nor an arbitrator may disclose the existence, content or results of any arbitration hereunder without the prior written consent of both parties. The parties acknowledge that this letter evidences a transaction involving interstate commerce. The parties agree that United States Federal Arbitration Act shall govern the interpretation and enforcement of this arbitration provision.

Please return an acknowledged copy of this letter as evidence of your acceptance of the terms hereof.

Very truly yours,

Brown & Wood LLP

Acknowledged

[redacted]