# United States Court of Appeals for the Federal Circuit

06-5046

AD GLOBAL FUND, LLC,
by and through NORTH HILLS HOLDING, INC.,
a Partner Other Than the Tax Matters Partner,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

David D. Aughtry, Chamberlain, Hrdlicka, White, Williams & Martin, of Atlanta, Georgia, argued for plaintiff-appellant. With him on the brief was Juan F. Vasquez, Jr. Of counsel was Kevin D. Jewell, of Houston, Texas.

Eileen J. O'Connor, Assistant Attorney General, Tax Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were Richard T. Morrison, Deputy Assistant Attorney General, and Gilbert S. Rothenberg, Robert W. Metzler, and Michael J. Haungs, Attorneys.

M. Todd Welty, Meadows, Owens, Collier, Reed, Cousins & Blau, L.L.P., for amici curiae, J&J Fernandez Ventures, L.P., et al.

Appealed from: United States Court of Federal Claims

Judge Christine O.C. Miller

# United States Court of Appeals for the Federal Circuit

06-5046

AD GLOBAL FUND, LLC,
by and through NORTH HILLS HOLDINGS, INC.,
a Partner Other Than the Tax Matters Partner,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

---

DECIDED: March 2, 2007

---

Before MAYER, PROST, Circuit Judges, and WHYTE, District Judge[*].

WHYTE, District Judge.

This case concerns the interpretation of two sections of the Internal Revenue Code ("IRC"), I.R.C. § 6229(a) and I.R.C. § 6501. Appellant AD Global Fund, LLC ("AD Global") appeals from the judgment of the United States Court of Federal Claims. The Court of Federal Claims held that § 6229(a) provides an extension of time to the statute of limitations in § 6501 for assessing taxes on partnership items, not a separate statute of limitations for partnership items. AD Global Fund, LLC v. United States, 67 Fed. Cl. 657 (2005). Because we agree that § 6229(a) does not provide a separate statute of

---

[*] Honorable Ronald M. Whyte, District Judge, United States District Court for the Northern District of California, sitting by designation.

limitations, but simply creates a minimum period that may extend the regular statute of limitations for partnership items, we affirm.

## I. BACKGROUND

AD Global is a limited liability company formed under the laws of the State of Delaware. North Hills Holding, Inc. ("North Hills") is a notice partner for AD Global. As a notice partner, North Hills filed the underlying civil action on behalf of AD Global and members of AD Global against the United States under I.R.C. § 6226 challenging the validity of a Notice of Final Partnership Administrative Adjustment ("FPAA") issued by the Internal Revenue Service ("IRS").

AD Global is treated as a partnership for federal income tax purposes and is subject to the Uniform Partnership Procedures of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), I.R.C. §§ 6221-6234. The tax treatment of any partnership item[1] (and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item) is determined at the partnership level. I.R.C. § 6221. The IRS may challenge the reporting of any partnership item on a partnership tax return (Form 1065) by issuing an FPAA, which serves as a predicate to its making individual partner tax assessments. I.R.C. §§ 6223(a)(2), 6225(a).

The FPAA at issue concerns AD Global's partnership tax year ending December 31, 1999. AD Global filed its 1999 partnership tax return on April 17, 2000. The IRS initiated administrative proceedings on May 27, 2003. On October 9, 2003, more than three years after AD Global had filed its 1999 return, the IRS issued an FPAA setting

[1] Partnership items include "any item required to be taken into account for the partnership's taxable year." I.R.C. § 6231(a)(3).

forth proposed adjustments and accuracy-related penalties to the partnership items reported in the return.

AD Global moved for summary judgment alleging that § 6229(a) provides a separate statute of limitations for tax assessments on partnership items and that the FPAA was untimely under § 6229(a). The Court of Federal Claims denied AD Global's motion for summary judgment, concluding that the regular statute of limitations in § 6501(a) applies and that § 6229(a) merely provides a minimum period for assessments for partnership items that may extend the time period set forth in § 6501(a). If the conclusion of the Court of Federal Claims is correct, § 6501(a) sets forth the assessment period for all assessments, including those attributable to partnership items, and allows assessments within 3 years after an individual partner files his or her return. AD Global does not claim that the FPAA was untimely if § 6501(a) applies.

This appeal follows the order denying AD Global's motion for summary judgment which was certified for interlocutory appeal. We have jurisdiction pursuant to 28 U.S.C. § 1292(c)(1).

## II. DISCUSSION

This court reviews questions of statutory interpretation without deference. <u>U.S. Steel Group v. United States</u>, 225 F.3d 1284, 1286 (Fed. Cir. 2000). "As in all statutory construction cases, we begin with the language of the statute. The first step is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." <u>Barnhart v. Sigmon Coal Co.</u>, 534 U.S. 438, 450 (2002) (internal quotations and citations omitted). The inquiry ends "if the

statutory language is unambiguous and the statutory scheme is coherent and consistent." Id. (internal quotations and citation omitted).

Section 6229(a) is entitled "Period of limitations for making assessments" and provides:

> Except as otherwise provided in this section, the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of--(1) the date on which the partnership return for such taxable year was filed, or (2) the last day for filing such return for such year (determined without regard to extensions).

Section 6501(a) provides in pertinent part: "Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed . . . ."

The Court of Federal Claims concluded that the language in § 6229(a) is ambiguous because both AD Global and the United States' interpretations of the statutory language are plausible. It found the United States' interpretation plausible because § 6229(a) does not explicitly state that it is an exception to the general statute of limitations in § 6501 and uses the terminology "shall not expire before" rather than language traditionally associated with statutes of limitations. Nevertheless, the court found AD Global's interpretation plausible because § 6229(a) is entitled "period of limitations" and § 6229 refers to "periods of limitations" throughout.

Reading § 6229(a) together with § 6501, we conclude that § 6229(a) unambiguously sets forth a minimum period for assessments of partnership items that may extend the regular statute of limitations in § 6501. Section 6501 explicitly provides that it applies to any tax imposed by the title, which would include tax imposed for

partnership items. See Andantech L.L.C. v. Comm'r, 331 F.3d 972, 976-77 (D.C. Cir. 2003) ("The plain language of § 6501 compels its applications to all assessments."). No exception is provided for assessment of taxes for partnership items.[2] Section 6501 simply cross-references § 6229(a) as an "extension" of period for partnership items. See I.R.C. § 6501(n)(2) ("For extension of period in the case of partnership items (as defined in section 6231(a)(3)), see section 6229."); Crnkovich v. United States, 202 F.3d 1325, 1335 n.7 (Fed. Cir. 2000). Moreover, the statute of limitations set forth in § 6501 is couched in mandatory terms setting forth the maximum period within which tax assessments must be made: "shall be assessed within 3 years after the return was filed."

By contrast, the language in § 6229(a) does not state a maximum period. Section 6229(a) employs the term "shall not expire before," which creates a minimum period during which the period for tax assessments for partnership items may not end. This minimum period may expire before or after the maximum period provided in § 6501. Rhone-Poulenc Surfactants & Specialties, L.P. v. Comm'r, 114 T.C. 533, 542 (2000).

We are not persuaded by the trial court's conclusion that use of the phrase "period of limitations" renders the statute ambiguous as to whether it creates a separate statute of limitations. Where Congress "includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that

---

[2] AD Global argues that the statute of limitations in § 6501 cannot apply to partnership items because the period specified in § 6501 is not incorporated into § 6229(a). However, § 6501(a) is the general statute of limitations. If § 6229(a) were to operate as a separate statute of limitations, it would be the exception to the general rule in § 6501.

Congress acts intentionally and purposely in the disparate inclusion or exclusion." Barnhart, 534 U.S. at 452. Unlike the unequivocal language creating a statute of limitations in § 6501, § 6229(a) contains no mandatory words establishing a time within which assessments must be made. As we noted in Crnkovich, 202 F.3d at 1335 n.7, the three-year limitations period in § 6229(a) does not unambiguously define an end date for making an assessment because it uses the phrase "shall not expire before" and thus "leaves open the possibility that the applicable limitations period may expire after the periods set forth therein." Because § 6229 does not state an end date or otherwise set forth a maximum period, it does not, on its face, create a statute of limitations.

Based on the plain text of the statute, § 6229(a) does not create an independent statute of limitations. Because we conclude the statute is unambiguous as to this issue, we do not reach an analysis of the legislative history and legislative intent.

We also conclude that this interpretation is consistent with the overall statutory scheme. AD Global argues that Congress enacted TEFRA so that partnership items may be determined in a single proceeding at the partnership level rather than through "fragmented, duplicative, and potentially inconsistent separate proceedings for each partner." TEFRA generally requires determination of the tax treatment of partnership items at the partnership level. I.R.C. § 6221. In the partnership-level administrative proceeding, the IRS may adjust items reported on the partnership tax return which, in turn, would affect the corresponding items on the income tax returns of the individual partners. See I.R.C. § 6226(c); Crnkovich, 202 F.3d at 1328. Each partner receives notice of the beginning of such an administrative proceeding, may participate in the

proceeding, and receives notice of the FPAA. See I.R.C. §§ 6223, 6224(a); Crnkovich, 202 F.3d at 1328.

This scheme contemplates that adjustments to partnership items are made in one proceeding before assessments are made at the individual partner level. Our interpretation may extend the regular statute of limitations in § 6501(a) for assessments to individual partners, but it does not alter the statutory scheme of determining partnership items in one partnership-level proceeding. Our construction, therefore, is consistent with a statutory scheme that intends that adjustments to a partnership tax return be completed in one consistent proceeding before individual partners are assessed for partnership items.

## III. CONCLUSION

For the aforementioned reasons, we affirm.

AFFIRMED