IN THE
UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| EPSOLON LIMITED, by and through SLIGO (2000) COMPANY, INC., Tax Matters Partner, | |
| Plaintiff, | No. 05-999 T |
| v. | Judge Margaret M. Sweeney |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

## PLAINTIFF'S SUPPLEMENTAL MEMORANDMUM REGARDING THE APPLICATION OF THE RECENT DECISION OF THE FEDERAL CIRCUIT IN *AD GLOBAL*

On April 11, 2006, Plaintiff filed a Motion for Summary Judgment the resolution of which requires a determination of the relationship between section 6229[1] and the period of limitations of section 6501, as well as the application of the period of limitations suspension provision of section 7609(e)(2), to the facts of this case. On May 12, 2006, the United States filed a Cross-Motion for Partial Summary Judgment based on the same issues. On June 12, 2006, Plaintiff filed its Response and Reply to the Cross-Motion and Motion ("Plaintiff's Response and Reply").

After a telephone conference among the parties and the Court, by Order dated January 23, 2007, the Court directed the United States, on or before February 28, 2007, to file any reply with respect to Plaintiff's Response and Reply. The United

[1] All references to "section" or "Code" are references to the Internal Revenue Code of 1986, as amended.

States filed a Reply on February 28, 2007 ("Defendant's Reply"). Two days later, on March 2, 2007, the United States Court of Appeals for the Federal Circuit issued its opinion in *AD Global Fund, LLC v. United States*, Docket No. 06-5046. On March 5, 2007, the United States filed a Notice of Filing with the Court which attached that decision. Plaintiff files this supplemental memorandum to explain the implications of the *AD Global* opinion on the resolution of the motions of the parties.

The parties agree that their motions ask this Court to resolve three legal questions. The first question is whether "[s]ection 6229 operates as a possible extension of the statute of limitations of § 6501." (Defendant's Reply at 6-8; *see* Plaintiff's Response and Reply at 17-21.) The second question is whether "[t]he statute of limitations [of § 6501(a)] is suspended by 7609(e)(2) until the response by Sidley Austin to the summons is resolved" (and the date of that resolution, if relevant). (Defendant's Reply at 10-19; *see* Plaintiff's Response and Reply at 13-17.) The third question is whether "[i]ssuing the FPAA[2] suspends the statute of limitations of § 6501(a)" (Defendant's Reply at 8-10; *see* Plaintiff's Response and Reply at 21-24). The Government can prevail in this action only if the Court answers each of the three questions in the Government's favor. Plaintiff will prevail if the Court answers any one of the questions in Plaintiff's favor

The answers to each of these legal questions will resolve a largely agreed application of the facts to the law in this case.

[2] "FPAA" refers to a notice of Final Partnership Administrative Adjustment." The FPAA in this case was issued on June 17, 2005. (Defendant's Reply at 4).

1. If question one is decided in favor of the Government, the parties agree that section 6229(a) is not relevant to the date on which the section 6501 period of limitations expires because section 6229(a), under such a construct, is merely a "minimum period" or potential "extension" of the period of limitations set out in section 6501. As the Government posits, "[s]ection 6229 provides for an extension of [the section 6501] period in the event the partnership return is filed after the partner's return." (Defendant's Reply at 3 n.7.) Because it is agreed that the partnership return in this case was filed on the same day as (and not after) the partner's return was filed (*i.e.*, on April 15, 2002) (Defendant's Reply at 2 n.3.), section 6229(a) is inapplicable if the Government's view prevails. The Federal Circuit has now decided this issue for the Government, and held that "§ 6229(a) unambiguously sets forth a minimum period for assessment of partnership items that may extend the regular statute of limitations in § 6501(a)." (*AD Global*, Slip. Op. at 4; *see also* Notice of Filing at 1). Accordingly, this legal question, pending reversal or reconsideration on appeal, has been resolved by *AD Global* in the Government's favor. Section 6229(a) establishes only a minimum period during which an assessment can be made if the section 6501(a) period is otherwise closed. It is not a separate period of limitations. As such, section 6229(a) has no import to these proceedings.

2. As to question two, the relevant Government witnesses admit that they knew the identity of Mr. Tucker and the relevance of his identity in the context of the summons enforcement litigation on or before April 15, 2004. Stuart D. Gibson,

Esq., one of the Department of Justice attorneys involved in the summons and related litigation, admits that he knew that the "Texas Does" in the Texas action and the "Baker Does" in the summons enforcement action were the same two people, one of whom is Mr. Keith A. Tucker (the relevant taxpayer who owns Sligo, the tax matters partner of Epsolon, the Plaintiff herein). (Declaration of Stuart D. Gibson, dated February 22, 2007 ¶5.) Mr. Gibson also admits that he discovered Mr. Tucker's identifying information on or before April 15, 2004. (*Id.* ¶¶6-8.) The United States concedes in this litigation that Mr. Gibson "informed DOJ and IRS personnel of Mr. Tucker's identity" after so learning it. (United States' Response to Plaintiff's Supplemental Proposed Findings, dated February 28, 2007 ¶12.) Even John A. Lindquist, Esq., the other Department of Justice attorney involved with the summons litigation, while continuing to claim that somehow he did not ***know*** the identities of the Baker Does were the same as those of the Texas Does (Declaration of John Lindquist, dated February 22, 2007 at 28-29), admits that he took affirmative actions in the summons enforcement proceeding based on the appearance that "the Baker Does were the same as the Texas Does" (*id.* at 23). These admissions resolve the factual questions relevant to the application of the second legal issue in Plaintiff's favor. (*See* Plaintiff's Response and Reply at 12-16.) The legal issue addressed in the parties' prior briefs is now ready for resolution by the Court.

3. Even if question two is resolved in favor of the Government (which it should not be), the Government cannot prevail in its motion for summary judgment unless

the Court also decides question three in the Government's favor. If the Court determines, notwithstanding the facts set out above, that the suspension provision in section 7609(e)(2) was triggered, the period of limitations in section 6501(a) would be suspended starting on or about April 16, 2004 and that suspension would continue until the summons was resolved (at which time the section 6501(a) period would begin to run again). While the parties dispute the ending date of that suspension, assuming there is any suspension at all, the Government concedes that, barring extraordinary circumstances not identified in the papers filed by the parties, the section 6501(a) period (including the additional year) would have expired not later than March 3, 2006 (Reply at 3 n.6). Because the parties agree that the assessment in this case was not made until March 22, 2006 (United States' Response to Plaintiff's Supplemental Proposed Findings ¶15), nineteen days after March 3, 2006, the answers to the first two questions alone do not resolve this case in favor of the Government. The assessment was timely only if the issuance of the FPAA tolled the period of limitations under section 6501.

Although the *AD Global* decision does not directly address this legal question of whether the issuance of an FPAA tolls the period of limitations of section 6501(a), the language in the Federal Circuit's opinion indicates that it does not. The sole basis for the Government's position that the issuance of an FPAA extends section 6501(a) is its argument that the language in section 6229(d) that requires "the running of the period in subsection (a)" of section 6229 to be "suspended" upon the issuance of an FPAA, is not a reference to "the period in subsection (a)" of section

6229 (*i.e.*, the "minimum period"), but rather is "a reference to the statute of limitation of § 6501(a)." (Defendant's Reply at 8; for the Plaintiff's position *see*, *e.g.*, Plaintiff's Response and Reply at 21-24.) The Court in *AD Global*, however, held that "§ 6229(a) ***unambiguously*** sets forth ***a minimum period*** for assessment of partnership items that may extend the regular statute of limitations in § 6501(a)" (*AD Global*, Slip. Op. at 4 ( emphasis added).) This holding indicates that the reference in section 6229(d) to section 6229(a) is not ultimately a reference to section 6501(a), but rather is a reference to the "minimum period for assessment of partnership items" (*i.e.*, the period of section 6229(a)). Indeed, the Federal Circuit appears to acknowledge that "the period specified in § 6501 is not incorporated into § 6229(a)." *AD Global*, Slip Op. at 5 n.2. Because the reference in section 6229(d) is to the "minimum period" of section 6229(a) and not to section 6501(a), the issuance of the FPAA did not toll the section 6501 period.[3]

Section 6229(a) can only be "***unambiguously*** . . . a minimum period" if it is ***consistently*** a minimum period. The Government's desire to have its cake (by interpreting section 6229(a) to set out only a minimum period) and eat it too (by interpreting the section 6229(d) reference to section 6229(a) to be a reference instead to section 6501(a) so as to shoehorn in section 6229(d)'s extension provision) must fail.

---

[3] Based on the facts in this case, the minimum period of section 6229(a) also is not tolled by the issuance of the FPAA. Under the Government's theory and the holding of the Federal Circuit in *AD Global*, that period expired on April 15, 2005. As a result, the issuance of the FPAA on June 17, 2005 could not have tolled the minimum period of section 6229(a) which was already closed at that time.

Respectfully submitted,

/s/ A. Duane Webber
A. Duane Webber
*Attorney of Record*
George M. Clarke III
*Of Counsel*
Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006
(202) 452-7000

Dated: March 17, 2007