IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Sweeney)

No. 05-999 T

EPSOLON LIMITED, by and through
SLIGO (2000) COMPANY, INC.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

DEFENDANT'S REPLY TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM RE: *AD GLOBAL FUND V. UNITED STATES*[1]

Following the decision by the Federal Circuit in *AD Global Fund v. United States*, the defendant notified the Court that a decision had been entered and attached a copy of that decision. Subsequently, with leave of the Court, plaintiff filed a supplemental brief arguing, *inter alia*, that the holding of *AD Global Fund* prevents 26 U.S.C. § 6229(d)[2] from suspending the statute of limitations upon issuance of the FPAA. This reply addresses plaintiff's argument.

In addition, the Government has discovered recently published authority regarding its concern that fraud may have been committed in preparation of the returns at issue in this case. If

[1]*AD Global v. United States*, 2007 WL 624366 (Fed. Cir. March 2, 2007).

[2]All references herein to sections are to Title 26, U.S.C., unless otherwise designated.

the Court were to determine that the statute of limitations would otherwise bar the assessment in this case, the Government has moved for leave to take discovery pursuant to Rule 56(f) to determine if the unlimited statute of limitations of 26 U.S.C. § 6501(c)(1) applies. In the event that Rule 56(f) motion is granted, the Government has moved for the stay already in place to be extended to the Rule 56 discovery, due to its impact on the criminal case of *United States v. Jeffrey Stein, et al.*, S05 Crim. 888 (LAK) (SDNY).

**Introduction**

The Government has established in its briefing to date that Mr. Tucker's individual tax return for the year 2001 was deemed filed on April 15, 2002.[3] The 3-year statute of limitations of § 6501(a) would have expired on April 15, 2005. As a result of the summons served on Sidley Austin, however, the statute of limitations was suspended beginning on April 15, 2004 – six months after the service of the summons.[4] As of the date the statute of limitations was suspended, April 15, 2004, there remained one year left to run on the statute. The suspension was not lifted until March 3, 2005, at the earliest. Therefore, the statute of limitations for Mr. Tucker's 2001 taxable year was open at least until March 3, 2006. As a result, the FPAA was timely when mailed nine months earlier on June 17, 2005.[5] Upon the mailing of the FPAA, § 6229(d) suspended the statute of limitations so that the subsequent assessment of March 22, 2006, was timely.

[3]A tax return filed before the due date is considered as filed on the due date. § 6501(b)(1).

[4]Pursuant to § 7609(e)(2), the statute of limitations is suspended for a period beginning 6 months after service of the summons, and ending on the date of final resolution of the summoned party's response.

[5]*See* § 7609(e)(2).

**1. The date Sidley Austin resolved its response to the summons served upon it was no earlier than March 3, 2005.**

Plaintiff asserts in its supplemental memorandum that "relevant Government witnesses admit that they knew the identity of Mr. Tucker and the relevance of his identity in the context of the summons enforcement litigation on or before April 15, 2004."[6] As explained in the Government's Reply Brief, the relevant question as to the length of the suspension pursuant to § 7609(e)(2) is when did Sidley Austin finally resolve its response to the summons served upon it– not what information did the Government have from other sources which may have been called for by the Sidley Austin summons.[7] Thus, plaintiff's argument that DOJ attorney Stuart Gibson knew of Tucker's identity from the *KPMG* summons litigation[8] is irrelevant to the end of the suspension resulting from the *Sidley Austin* summons. Further, plaintiff's insinuations that DOJ attorney John Lindquist knew Tucker's identity[9] does not answer the question of when

---

[6]Pl. Suppl. pp. 3-4.

[7]Section 7609(e)(2) provides as follows:

> (2) SUSPENSION AFTER 6 MONTHS OF SERVICE OF SUMMONS. – In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period –
>
> > (A) beginning on the date which is 6 months after the service of such summons, and
> >
> > (B) ending with the final resolution of such response.

[8]Pl. Suppl. pp. 3-4.

[9]Pl. Suppl. p. 4.

Sidley Austin had finally resolved its response.[10] As is demonstrated in the Government's reply brief, that date was no earlier than March 3, 2005.

**2. The effect of the Federal Circuit's decision in *AD Global*.**[11]

Plaintiff acknowledges that the Federal Circuit in *AD Global* held that § 6229(a) is not a stand-alone 3-year statute of limitations for partnerships. Accordingly, the Government has prevailed with respect to the question of whether § 6229(a) is a stand-alone statute of limitations for partnership items or (as the Federal Circuit has affirmed) is, rather, an extension of the general statute of limitations found in § 6501(a).[12]

Plaintiff is mistaken, however, in contending that the language of *AD Global* also rendered the suspension of § 6229(d) inoperable in this case.[13] The Federal Circuit in *AD Global* does not address the question of § 6229(d). Both the plain meaning of the statute and cases that have directly considered the issue of whether § 6229(d) suspends the general statute of

---

[10]Plaintiff's insinuations that Mr. Lindquist knew of Mr. Tucker's identity overstate the nature of the Declarations. Mr. Gibson's Declaration makes clear he was unaware whether the documents unsealed in the KPMG litigation included all information sought in the Sidley Austin summons. Further, as set forth in the Government's Reply Brief, those documents did not come from Sidley Austin. Plaintiff's allegation of "affirmative steps" taken by Mr. Lindquist appear to be the sole phone call to the Baker Does' attorney about withdrawing their appearance in the Sidley Austin summons proceeding. (Lindquist Decl. ¶ 23.) Reading further in Mr. Lindquist's declaration it is apparent that Mr. Tucker's identity as a participant in the Sidley Austin summons proceeding was never confirmed to him by the Baker Does' attorney or Sidley Austin until June 29, 2004, and the remainder of the information regarding Tucker's taxpayer ID number and the identities of SLIGO and Epsolon were not produced by Sidley Austin until March 3, 2005. (Lindquest Decl. ¶¶ 28-37.)

[11]*AD Global v. United States*, 2007 WL 624366 (Fed. Cl. March 2, 2007).

[12]*Id.*

[13]Pl. Suppl. at 6.

limitations of § 6501(a) agree that the suspension applies.[14] The decision in *AD Global* is consistent with the position that § 6501(a) is suspended by § 6229(d), whether or not § 6229(a) operates to extend the general statute of limitations.

Plaintiff argues,[15] however, that, where the statute of limitations of § 6501(a) is not extended by § 6229(a), then the suspension of the statute of limitations contained in § 6229(d) does not apply. The plain meaning of the statutes contradict plaintiff. Specifically, § 6229(d) provides (emphasis added):

> (d) SUSPENSION WHEN SECRETARY MAKES ADMINISTRATIVE ADJUSTMENT.– If notice of a final partnership administrative adjustment with respect to any taxable year is mailed to the tax matters partner, *the running of the period specified in subsection (a) shall be suspended –*
>
> (1) for the period during which an action may be brought under section 6226 (and, if a petition is filed under section 6226 with respect to such administrative adjustment, until the decision of the court becomes final), and
>
> (2) for one year thereafter.

Section 6229(a) provides (emphasis added):

> (a) GENERAL RULE.– Except as otherwise provided in this section, *the period for assessing any tax imposed by subtitle A* with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of . . .

Thus, pursuant to § 6229(d), the issuance of an FPAA expressly suspends the *period specified in subsection (a).* The period specified in § 6229(a) is "*the period for assessing any tax imposed by*

---

[14]*Grapevine Imports v. United States*, 71 Fed. Cl. 324 at 340 (2006); *Rhone-Poulenc*, 114 T.C. 533 at 552-553 (2000).

[15]Pl. Supp. pp. 5-6.

*subtitle A*."[16] The period for assessing any tax imposed by subtitle A is defined in § 6501(a).[17] Thus, the suspension of § 6229(d) is applicable to § 6501(a) whether or not it is also extended by § 6229(a).

Plaintiff's argument was raised and dismissed out of hand by the Court of Federal Claims in *Grapevine v. United States*.[18] In that case, the court stated:

> plaintiffs claim that [§ 6229(d)] only refers to the limitations period in 6229(a) and not the one in section 6501(a), leading it to conclude that § 6229(d) has no impact in staying the separate statute of limitations in section 6501(a).[19]

The *Grapevine* Court held that, rather than making a direct reference to § 6501(a) in § 6229(d), as Grapevine contended it must, and apparently plaintiff here contends, Congress employed the "only way it could to ensure that section 6229(d) applied to the longer of the two limitations period potentially involved in a given case– that of section 6501(a) as potentially extended by 6229(a)."[20] Thus, whether § 6501(a) provides the period of limitation without reference to the extension of § 6229(a), as here, or is extended by § 6229(a), the suspension of § 6229(d) applies.[21]

Both the holding and language of the Federal Circuit in *AD Global* confirm the

---

[16]*Grapevine Imports v. United States,* 71 Fed. Cl. 324, 340 (2006); *Rhone-Poulenc v. Commissioner*, 114 T.C. 533 at 552-553 (2000).

[17]*AD Global v. United States*, 2007 WL 624366, at *2 (Fed. Cir. March 2, 2007).

[18]*Grapevine Imports,* 71 Fed. Cl. 324 (2006)

[19]*Grapevine Imports,* 71 Fed. Cl. at 339 (2006)

[20]*Id.*

[21]*Grapevine, supra; AD Global v. United States*, 67 Fed. Cl. 657, 694 (2006); *Rhone-Poulenc v. Comissioner*, 114 T.C. 533 at 552-553 (2000)

interpretation that § 6229(d) operates to suspend the statute of limitations of § 6501 whether or not it has also been extended by § 6229(a). Plaintiff claims to find support for its argument in footnote 2 of *AD Global*, but quotes only a portion of it.[22] The entire footnote states:

> **AD Global** argues that the statute of limitations in § 6501 cannot apply to partnership items because the period specified in § 6501 is not incorporated into § 6229(a). However, § 6501(a) is the general statute of limitations. If § 6229(a) were to operate as a separate statute of limitations, it would be the exception to the general rule in § 6501.[23]

Of course, the portion plaintiff quotes is that part of the footnote which sets out the court's understanding of AD Global's argument. Plaintiff neglects to include in its brief the next sentence in the footnote, in which the Federal Circuit rejects AD Global's argument and states that § 6501 is the general statute of limitations which is incorporated into § 6229(a). The Federal Circuit went on to state that its holding is consistent with the statutory scheme of TEFRA:

> Our construction, therefore, is consistent with a statutory scheme that intends that adjustments to a partnership tax return be completed in one consistent proceeding before individual partners are assessed for partnership items.[24]

If plaintiff were correct in its interpretation that the statute of limitations of § 6501 is not suspended by the issuance of an FPAA pursuant to § 6229(d), then the government would be required to assess the individual partners separately BEFORE the "one consistent proceeding" under TEFRA could be completed. As the court in *Grapevine* pointed out:

> Under [plaintiff's] view, the IRS would be obliged either to (i) issue the FPAA, complete all litigation with respect thereto (with the partnership incentivized to delay that litigation), and issue an individual notice of deficiency all prior to the running of the section 6501(a) limitations period; or (ii) attempt to bypass the

---

[22]Pl. Suppl. at 6.

[23]*AD Global v. United States*, 2007 WL 624366, at * 3(Fed. Cl. March 2, 2007).

[24]*AD Global v. United States*, 2007 WL 624366, at *3-4 (Fed. Cl. March 2, 2007).

> TEFRA partnership rules altogether and issue the partner an individual notice of deficiency prior to resolving the partnership issues.[25]

Such a construction is totally inconsistent with the Federal Circuit's comments quoted above.

As is shown above, the holding of *AD Global*, and the language of the opinion, are consistent with the plain meaning of the statute and the case law interpreting § 6229(d). The issuance of the FPAA in this matter suspended the statute of limitations of § 6501.[26]

**3. Recent authority supports the Government's alternative Rule 56(f) motion.**

As is shown above, and in the Government's briefs filed with respect to the statute of limitations, the issuance of the FPAA and subsequent assessment of taxes against Mr. Tucker were timely. In the alternative, the Government has moved pursuant to Rule 56(f) for discovery to determine whether there was a false or fraudulent return filed in this matter. Pursuant to § 6501(c)(1), where a false or fraudulent return is filed, there is an unlimited statute of limitations for assessment of tax. Therefore, if § 6501(c)(1) is available, the FPAA and assessment of taxes are timely in any event.

The Government has presented numerous documents in its Motion for Stay and subsequent briefs which give cause for concern regarding the potential for fraud with respect to the returns filed by Epsolon and Mr. Tucker. In a recent opinion issued by the United States Tax Court, *Allen v. Commissioner*, the Tax Court held that fraud on the part of the *return preparer* is sufficient to invoke the unlimited statute of limitations of § 6501(c)(1), even if there was no

---

[25]*Grapevine Imports*, 71 Fed. Cl. 324, 340

[26]*Grapevine Imports*, 71 Fed. Cl. 324, 340 (2006); *Rhone-Poulenc v. Comissioner*, 114 T.C. 533 at 552-553 (2000).

fraud on the part of the taxpayer.[27] In this case, the returns filed by Epsolon and Mr. Tucker were prepared by Timothy Speiss of KPMG.[28]

KPMG has already admitted that a "number of KPMG tax partners engaged in conduct that was unlawful and fraudulent, including: (1) preparing false or fraudulent returns for shelter clients."[29] Again, Government's counsel in this case does not have the information necessary to determine whether that admission extends to the returns prepared and filed in this case. Government's counsel does contend that this establishes a sufficient basis to grant Rule 56(f) discovery in the event that the Court were to find against the Government as to the normal statute of limitations issues already briefed. However, for reasons stated in the Government's Brief in Support of Defendant's Motion to Suspend, that discovery would necessarily interfere with the criminal case in *United States v. Jeffrey Stein, et al.*, S05 Crim. 888 (LAK) (SDNY). Therefore, the Government requests that, if the Court reaches the issue of whether the unlimited statute of limitations of § 6501(c)(1) applies because Mr. Tucker filed a false or fraudulent return with the intent to evade tax, the Court refuse plaintiff's application for judgment pursuant to RCFC 56(f) to allow discovery on this issue, but only after the prosecution has concluded and the instant case is no longer stayed.

---

[27]*Allen v. Commissioner*, No. 11016-5, 128 T.C. No. 4. A copy of the slip opinion is attached hereto as Exhibit 1.

[28]The relevant portion of Epsolon's return is attached as Exhibit A to the Declaration of Keith Tucker filed with plaintiff's Motion for Summary Judgment. The relevant portion of Mr. Tucker's Form 1040 is attached to his declaration as Exhibit D, part I, filed with plaintiff's Motion for Summary Judgment.

[29]Deferred Prosecution Agreement, ¶ 2, attached as Exhibit 1 to the Declaration of David House filed with the Government's Motion to Stay.

## CONCLUSION

The statute of limitations of § 6501 governs the assessment of tax attributable to partnership items. As of the issuance of the FPAA, the statute of limitations of § 6501 was open and suspended pursuant to § 7609(e)(2)(B). The statute of limitations to assess tax against Mr. Tucker for 2001 remains open and suspended as a result of the issuance of the FPAA and the filing of this suit pursuant to § 6229(d)(1). Therefore the United States asks the Court to grant the United States' Motion for Partial Summary Judgment by holding that the adjustments reflected in the 2001 FPAA are not barred by limitations, so that the Court may determine Epsolon's 2001 partnership items.

In the alternative, if the Court were to reach the issue of whether Mr. Tucker filed a false or fraudulent return with the intent to evade tax resulting in the application of the unlimited statute of limitations of § 6501(c)(1), then the Court should refuse plaintiff's application for judgment pursuant to RCFC 56(f) and should continue the stay in this matter.

Respectfully submitted,

s/ David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366
(202) 540-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims
s/David Gustafson
Of Counsel