**IN THE**
**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **EPSOLON LIMITED, by and through SLIGO (2000) COMPANY, INC., Tax Matters Partner,** | |
| **Plaintiff,** | **No. 05-999 T** |
| **v.** | **Judge Margaret M. Sweeney** |
| **THE UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

## PLAINTIFF'S SURREPLY

Epsolon Limited ("Plaintiff" or "Epsolon"), by and through its Tax Matters Partner, Sligo (2000) Company, Inc., whose sole owner is Keith A. Tucker ("Mr. Tucker"), respectfully submits this Surreply (Surreply") to the Reply of the United States ("Defendants' Reply") to Plaintiff's Response and Reply ("Plaintiff's Response") to Cross-Motion of the United States for Partial Summary Judgment, and in the Alternative Rule 56(f) Motion in accordance with the Court's Order, dated May 21, 2007. For the reasons set forth below, the "John Doe" summons issued by the Internal Revenue Service (the "Service") to Sidley Austin Brown & Wood on October 13, 2003, which requested the name, address, and taxpayer identification number of certain U.S. taxpayers including Mr. Tucker (the "Summons"), was resolved, within the meaning of section 7609(e)(2),[1] with respect to Mr. Tucker as of April 14, 2004 and section 7609(e)(2) did not suspend the period of limitations under section 6501(a) relating to Mr. Tucker's tax return for 2001.

[1] All "section" references are to the Internal Revenue Code of 1986, as amended.

Plaintiff has moved this Court for summary judgment that the Notice of Final Partnership Administrative Adjustment ("FPAA") issued to Plaintiff was untimely, that Epsolon's return for the taxable year ended December 31, 2001 has become final and cannot be adjusted to reflect determinations made in the FPAA, and that the period for assessing tax against Mr. Tucker has expired (either on April 15, 2005, or at the latest on March 3, 2006). Among other things, Defendant has argued in opposition that the Summons was not resolved prior to April 15, 2004, and that section 7609(e)(2), a provision which suspends a taxpayer's period of limitations in "the absence of the resolution" of a third party's response to a summons issued with respect to that taxpayer's tax liability, suspended Mr. Tucker's section 6501 period of limitations for 2001 beginning on April 15, 2004, and ending on March 3, 2005 (and therefore that the FPAA was timely issued). Defendant also has filed a cross motion for summary judgment relating to these matters.

In Defendant's Reply (at 16-17), the government acknowledges that it must show that information sought in the Summons was not already in its possession in order for the Summons to be valid (Powell v. United States, 379 U.S. 48 (1964)), but then implies that although the Service possessed the information sought in the Summons with respect to Mr. Tucker, at least as early as April 14, 2004, it did not have possession of that information as required under the relevant jurisprudence to render any potential enforcement of the Summons with respect to Mr. Tucker moot. This is wrong.

**ANALYSIS**

In Powell, the Supreme Court set forth the standard for enforcement of a summons, which includes a requirement that that the Service "must show . . . that the information sought is not already within the Commissioner's possession . . . ." Powell, 379 U.S. at 57-58; see also

United States v. Garrett, 571 F. 2d 1323, 1328 (5th Cir. 1978) (holding that "actual possession of the information by the IRS" would defeat a summons) If the information sought *is* already within the Commissioner's possession, the summons cannot be enforced and is moot.

Defendant argues that because Powell addressed enforcement of a summons it does not apply to the issue here. (Defendant's Reply at 16-17.) This is simply wrong. While Powell did indeed address enforcement of a summons, if a summons cannot be enforced, no further legal proceedings can be undertaken with respect to the summons. There can be no further "resolution of the summoned party's response to the summons" because the summons becomes nothing more than an unenforceable piece of paper when the Service receives the requested information. See, e.g., United States v. Monumental Life Insurance Company, 440 F.3d 729, 735 (6th Cir. 2006) (holding that when the summonsed party "has demonstrated that the [information sought in the summons is] already in the IRS's possession, the IRS has not satisfied this aspect of the Powell requirements"). Even if the IRS does not possess the information requested at the time that it issues the summons, the subsequent receipt of that information, by whatever means, precludes the enforcement of that summons. See id. at 731-732. Possession of the information by the IRS rendered the Summons unenforceable, and the lack of enforceability resolved the Summons, under section 7609(e)(2) and all other provisions, because the Summons became legally meaningless with respect to Mr. Tucker.

Defendant also argues that the Service did not have the information sought in the summons in its possession on April 15, 2004 (the date on which the Service asserts section 7609(e)(2) suspended the period of limitations for Mr. Tucker's 2001 return). (Defendant's Reply at 17-19.) In support of this proposition, Defendant cites three cases (United States v. Davis, 636 F. 2d 1028 (5th Cir. 1981), United States v. Schwartz, 469 F. 2d 977 (5th Cir. 1972),

and United States v. First National State Bank of New Jersey, 616 F.2d 668 (3th Cir. 1980)) that each concern a situation in which the Service did not possess the summonsed information in a functional or practically useful form. On the facts of the instant case, these authorities are inapposite.

The government quotes the Fifth Circuit's explanation in Davis that the "already possessed" principle in Powell is "a gloss on §7609(b)'s prohibition of unnecessary summonses, rather than an absolute prohibition against the enforcement of any summons to the extent that it requests the production of information already in the possession of the IRS." Davis, 636 F. 2d at 1037. In Davis, the court addressed issues relating to drug trafficking, evasion of income tax on drug trafficking income, and a summons issued by the Service to obtain information from the drug trafficker's attorneys. The Service denied that it had any of the information requested in the summons, and the evidence before the court indicated that only a small portion of the requested documents, received from a different summonsed party, was in the possession of the Service. The court considered the totality of the information requested versus the information alleged to be already in the possession of the Service, and explained that "[w]hen a summons as a whole is not harassing, when the bulk of the materials summoned is not demonstrably in the possession of the IRS, and where the marginal burden of supplying information which might already be in the possession of the IRS is small, as was the case here, enforcement of the summons in its entirety is not an 'unnecessary examination or inspection' within the meaning of §7605(b)," and thus the "already possessed" rule should not apply. Davis, 636 F. 2d at 1038.

The principle reflected in Davis has no application in this case. The Service possessed all of the information requested in the Summons with respect to Mr. Tucker at least by April 14, 2004. (Plaintiff's Response at 13-15.) The Summons did not request any other information with

respect to Mr. Tucker that was missing as of that date. (Id. at 15-17.) Further, the Service actually used all of the information requested in the Summons (along with other substantial information obtained by that date) to issue, on April 15, 2004, a Statutory Notice of Deficiency to Mr. Tucker with respect to his tax return for 2000 (the "2000 SNOD"). (Plaintiff's Supplemental Proposed Findings of Uncontroverted Fact ¶13, (Exhibit R).) In this matter, by April 14, 2004, the Service possessed not just the "bulk of the materials summoned," but *all* of the information requested in the Summons (and more), and the Service was able to fully access and functionally use that information prior to April 15, 2004. Compare Monumental Life Insurance Company, 440 F.3d at 734 (distinguishing Davis on similar grounds and characterizing Davis as a situation "in which there was little evidence that the IRS actually had possession of the summonsed documents").

The government also cites Schwartz for the proposition that the Service is not in possession of requested records, even if it has access to them for a period of time, if "the information sought was not readily available." (Defendant's Reply at 18.) Plaintiff does not quibble with the court's holding in Schwartz, where it was "clearly demonstrated that the company's bookkeeper [whose records had been made available to the IRS] herself did not have this information," and the Service therefore could not have been in possession of such information. Schwartz, 469 F 2d at 985. In other words, while the Service had some information and perhaps had seen some additional information (id. at 983-984), it did not actually have possession of the information that the summons requested. Despite the Government's legal protestations here, the evidence demonstrates that the Service possessed by April 14, 2004 at the latest, all of the information that it sought in the Summons with respect to Mr. Tucker. The ready dominion and control of the Service over this information was apparent

when it used the information requested in the Summons to issued the 2000 SNOD on the very next day.

The government further claims support from First National for the proposition that the Service can issue a summons for materials that it has in its possession when, "as a practical matter, the information was not in the possession of the Service." (Defendant's Reply at 18.) As with the holding in Schwartz, Plaintiff does not take issue with the principle asserted, but only with the suggestion that it has some application to the facts before this Court. In First National, while the Service possessed the materials requested (certain forms), the Service could not access them because they were stored together with numerous similar forms filed by other taxpayers. Although the forms were "technically . . . within the physical proprietary control of the Government," because the Service stored the forms "without any indexing system or method of retrieval," they were, "as a practical matter, neither accessible to nor available to" the Service. First National, 616 F. 2d at 673-674. These facts are readily distinguishable from the facts relating to the Summons that requested information relating to Mr. Tucker. The name, address, and taxpayer identification number for Mr. Tucker all were readily "accessible" and "available to" the Service, both as a literal matter and a "practical matter," not later than April 14, 2004. Accordingly, the holding in First National does not support the government's attempt to circumvent the mandate of the Supreme Court in Powell.

**CONCLUSION**

For the reasons set forth above, and in Plaintiff's other filings, the Summons was resolved with respect to Mr. Tucker on or prior to April 14, 2004 when the Service had the requested information in its possession. The Summons did not operate under section 7609(e)(2) to suspend the period of limitations under section 6501(a). Accordingly, the section 6501(a)

period of limitations for assessing tax with respect to Mr. Tucker's 2001 income tax liability expired on April 15, 2005. The FPAA that the Service issued on June 17, 2005, therefore is invalid and cannot form the basis for an assessment because it was issued after the expiration of the relevant period of limitations under section 6501.

Respectfully submitted,

/s/ A. Duane Webber
A. Duane Webber
Attorney of Record

George M. Clarke III
Of Counsel

Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006
(202) 452-7000

David G. Glickman
Robert H. Albaral
Of Counsel

Baker & McKenzie LLP
2300 Trammel Crow Center
2001 Ross Avenue
Dallas, TX 75201
(214) 978-3000

Attorneys for Plaintiff,
Epsolon Limited

Dated: May 29, 2007