**IN THE**
**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **EPSOLON LIMITED, by and through SLIGO (2000) COMPANY, INC., Tax Matters Partner,** | |
| **Plaintiff,** | **No. 05-999 T** |
| **v.** | **Judge Margaret M. Sweeney** |
| **THE UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

**PLAINTIFF'S MOTION TO CERTIFY AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. §1292(d)(2)**

On October 10, 2007, this Court entered its Order (together with an opinion of the same date, the "Opinion and Order") that denied Plaintiff's Motion for Summary Judgment and granted the Partial Motion for Summary Judgment of the United States. Now, pursuant to Rule 7(b) of the Rules of the Court of Federal Claims, Rule 5(a)(3) of the Federal Rules of Appellate Procedure, and 28 U.S.C. §1292(d)(2), Epsolon Limited, by and through its Tax Matters Partner, Sligo (2000) Company, Inc., whose managing member is Keith A. Tucker (together with his wife, the "Tuckers"), respectfully moves that this Court amend that Order to include the express findings prescribed by 28 U.S.C. §1292(d)(2) and thus certify the Order for interlocutory appeal to the United States Court of Appeals for the Federal Circuit.

Counsel for Plaintiff has discussed the subject of this motion with counsel for Defendant and Defendant will oppose this motion.

**FACTS**

On June 17, 2005, the Internal Revenue Service (the "Service") issued a Notice of Final Partnership Administrative Adjustment ("FPAA") to Epsolon. (Opinion and Order at 3.) On

September 5, 2005, Plaintiff, by and through its tax matter partner Sligo, filed the Complaint in this case. (*Id* at 4). On March 22, 2006, the Service assessed the tax associated with this partnership proceeding. (*Id*. at 5.) Plaintiff's Motion for Summary Judgment and the Motion for Partial Summary Judgment of the United States both raised the legal issue as to whether, pursuant to section 6229(d),[1] the issuance of the FPAA in this case "suspended the section 6501(a) statute of limitations such that the March 22, 2006 assessment on the Tuckers was timely." (*Id*. at 33.) This Court, in deciding that the FPAA suspends the period of limitations under section 6501(a) relating to the Tuckers, agreed that such legal issue was controlling in this case (*id*. at 32) and determined that there was not any precedent in the Federal Circuit, including in the opinion in *AD Global Fund, LLC v. United States*, 481 F.3d 1351 (Fed. Cir. 2007), that previously had addressed that question. (Opinion and Order at 34). This case presently is subject to a stay of the proceedings generally (with the exception of the motions addressed by the Court in the Opinion and Order) as a result of a pending criminal case that is before the U.S. District Court in the Southern District of New York. (*Id*. at 6).

**DISCUSSION**

Title 28 U.S.C. §1292(d)(2) provides that a judge of this Court may certify an issue for interlocutory appeal if: (i) the issue is "a controlling question of law;" (ii) as to which "there is a substantial ground for difference of opinion;" and (iii) "an immediate appeal from that order may materially advance the ultimate termination of the litigation." A question of law is "controlling" if it "'materially affect[s] issues remaining to be decided in the trial court.'" *Pikes Peak Family Housing, LLC v. United States*, 40 Fed. Cl. 673, 686 (1998), *quoting Brown v. United States*, 3 Cl. Ct. 409, 411 (1983). A substantial ground for difference of opinion with respect to an issue

[1] Unless otherwise indicated, all references to "section" or "Code" are references to the Internal Revenue Code of 1986, as amended.

"requires an absence of controlling judicial authority on an issue." *McDonnell Douglas Corp. v. United States*, 27 Fed. Cl. 204, 205 (Ct. Fed. Cl. 1992). Whether interlocutory review of an issue will materially advance the resolution of a case "depends in large part on considerations of 'judicial economy' and the need to avoid 'unnecessary delay and expense' and 'piecemeal litigation.'" *Coast Fed. Bank, FSB v. United States*, 49 Fed. Cl. 11, 14 (Ct. Fed. Cl. 2001), *quoting Northrop Corp. v. United States*, 27 Fed. Cl. 795, 800 (Ct. Fed. Cl. 1993).

**A. A Controlling Question of Law Exists.**

The Court acknowledged that "[t]he parties agree that the period of limitations on assessment of tax under 26 U.S.C. § 6501 would have expired" in the absence of a conclusion by the Court, *inter alia*, that "issuing the June 17, 2005 FPAA suspended the section 6501(a) statute of limitations period." (Opinion and Order at 19.) The review of the question of the proper interpretation of the statutory language in section 6229(d) requires consideration of only the barest of facts, *i.e.*, those set out in less than one page above, all of which are agreed. *See AD Global Fund, LLC v. United States*, 68 Fed. Cl. 663, 665 (Ct. Fed. Cl. 2005) (observing that "[i]ssues of statutory interpretation often involve issues of law that are appropriate for certification" and certifying for interlocutory appeal the question of whether section 6229(a) establishes a separate period of limitations). Setting aside a speculative assertion by Defendant that is not even at issue before the Court,[2] a determination by the Federal Circuit that section 6229(d) does not operate to extend the period of limitations under section 6501 when the Service

[2] In its Cross Motion for Summary Judgment, Defendant asserted, without any evidence or other support, that it "would need to conduct discovery to determine whether the unlimited statute of limitations of § 6501(c)(1) applies because Mr. Tucker had filed a false or fraudulent return with intent to evade tax." (*Id*. at 26.) Defendant's unfounded and naked assertion in this regard was not alleged or placed at issue in this Court in the FPAA and no Answer has ever been filed (the case was stayed prior to the filing of the Answer). The Court rightfully set aside Defendant's assertion in the Opinion and Order at 20 n.34.

issues an FPAA will fully resolve this case. Because such a decision "materially affect[s] issues remaining to be decided in [this] court" (*Jade Trading, LLC v. United States*, 65 Fed. Cl. 443, 447 (Ct. Fed. Cl. 2005)), the issue to which this motion relates necessarily involves a controlling question of law.

### B. Substantial Ground for Difference of Opinion Exists.

Because there is "an absence of controlling judicial authority" relating to the issue to which this motion relates, there is a "substantial ground for difference of opinion" with respect to that issue. *See McDonnell Douglas Corp. v. United States*, 27 Fed. Cl. 204, 205 (Ct. Fed. Cl. 1992). Although the absence of any controlling authority may be evidenced by a split among the circuit courts, such a split is not a necessary predicate to an interlocutory appeal. *Id.*; *see also Coast Fed. Bank, FSB v. United States, 49 Fed. Cl. 11, 14 (Ct. Cl. 2001)*. As acknowledged by this Court, no circuit court has addressed the issue addressed by this motion, including the Federal Circuit in *AD Global*, which "did not address whether the issuance of an FPAA suspends the general statute of limitations under section 6501." (Opinion and Order at 34.) Although other circuit courts have addressed the reach of section 6229(a) (*see* Opinion and Order at 24), no other circuit court has addressed whether section 6229(d) and an FPAA operate to extend section 6501(a) with respect to a particular taxpayer.

In the absence of a split in the circuit courts, this Court has held that "[t]he extent and depth of the parties' dispute on [an] issue" may support a substantial ground for difference of opinion. *Coast Fed. Bank, FSB*, 49 Fed. Cl. at 14. The arguments presented to the Court with respect to the interaction of section 6229(d) and section 6501(a) were of an extent and depth that reflect such a substantial ground for difference of opinion. The parties filed competing, well-briefed motions, replies, and supplemental filings and participated in an extended oral argument

that related primarily to this matter. (Opinion and Order at 17.) Moreover, Defendant's position and the Court's holding with respect to this issue are based largely on "the purpose" and "statutory scheme of TEFRA" (Opinion and Order at 34), while the plain language of section 6229(d) supports Plaintiff's position and the Court did not hold to the contrary. *Cf. Board of Governors of Federal Reserve System v. Dimension Financial Corp.*, 474 U.S. 361, 373-374 (1986) ("[a]pplication of 'broad purposes' of legislation at the expense of specific provisions ignores the complexity of the problems Congress is called upon to address and the dynamics of legislative action"). Thus, this issue reflects a classic confrontation of the plain meaning of the statutory language of section 6229(d) (in the context of the other provisions of section 6229) against the perceived purpose of the statute. As such, it is an issue about which there is a substantial basis for different opinions.

Finally, in the first case to consider the question, *Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner,* 114 T.C. 533 (2000), Judge Halpern, in a detailed and well-reasoned concurrence and dissent, concluded based on the plain text of the statute that section 6229(d) "plainly refers to the 3-year minimum period" and not to section 6501 (as this Court held). *Id*. at 560. This is the same "3-year minimum period" that the Federal Circuit recently clarified was "unambiguously set[] forth" by section 6229(a), the statute so referenced. *AD Global Fund, LLC v. United States*, 481 F.3d 1351, 1354 (Fed. Cir. 2007). Based on the foregoing, there is a substantial ground for difference of opinion with respect to the legal issue to which this motion relates.

**C. An Interlocutory Appeal May Materially Advance this Litigation.**

This case presently is stayed pending trial in *Stein v. United States*, Docket No. 05-888 (S.D.N.Y.). Although opening statements were scheduled to begin in *Stein* on October 23, 2007,

on October 18, 2007, the Southern District of New York removed the counsel of one of the defendants in that case and now has set a status conference for November 16, 2007 to establish a new trial date. Order, *Stein v. United States*, Docket No. 05-888 (October 18, 2007). Although the duration of any trial in *Stein* cannot be definitively established by the parties or the court, the Southern District originally blocked holidays as far out as May of 2008 when trial previously was scheduled. Minute Order, *Stein v. United States*, Docket No. 05-888 (October 18, 2007). Accordingly, even if the court in *Stein* schedules a trial to commence in January 2008, the end of that trial – and the ***beginning*** of discovery and trial preparations in the present case – easily could be delayed until late summer of next year. Given that the commencement of discovery in this case likely is at least nine months away (and more likely even longer), resolution of the section 6229(d) issue by the Federal Circuit now is in the best interests of judicial economy and "institutional efficiency." *Forsyth v. Kleindienst*, 599 F.2d 1203, 1208 (3rd Cir. 1979) (explaining that such is the major purpose of 28 U.S.C. 1292); *see also Lorentz v. Westinghouse Electric Corp.*, 472 F. Supp. 954, 956 (D. Pa. 1979) (denying certification because discovery was completed and trial was scheduled and there would be no "institutional efficiency").

## CONCLUSION

Given that all of the predicates for an interlocutory appeal pursuant to 28 U.S.C. §1292(d)(2) are established, the Court should grant Plaintiff's Motion to Certify an Interlocutory Appeal, and, as provided by Rule 5(a)(3) of the Federal Rules of Appellate Procedure, amend its Opinion and Order to certify the section 6229(d) issue for interlocutory appeal.

Respectfully submitted,

/s/ A. Duane Webber
A. Duane Webber
Attorney of Record

George M. Clarke III
Of Counsel

Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006
(202) 452-7000

Attorneys for Plaintiff,
Epsolon Limited

Dated: October 24, 2007