IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Sweeney)

No. 05-999 T

EPSOLON LIMITED, by and through
SLIGO (2000) COMPANY, INC.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION
TO CERTIFY AN INTERLOCUTORY APPEAL

Defendant hereby objects to plaintiff's motion to certify an interlocutory appeal ("Pl. Motion"), with respect to this Court's holding that 26 U.S.C. § 6229(d) suspended the statute of limitations of 26 U.S.C. § 6501.

Section 1292(d)(2) of Title 28 provides that the Federal Circuit may permit an appeal to be taken from an interlocutory order of the Court of Federal Claims if the order includes "a statement that [1] a controlling issue of law is involved with respect to which [2] there is a substantial ground for difference of opinion and that [3] an immediate appeal from that order may materially advance the ultimate termination of the litigation." Interlocutory appeals are reserved only for exceptional cases. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996). Plaintiff contends that the three-prong test of 28 U.S.C. § 1292(d)(2) is met with respect to the issue of

whether 26 U.S.C. § 6229(d) operates to extend the statute of limitations of 26 U.S.C. § 6501. The defendant does not agree that this issue is one on which there is a "substantial ground for difference of opinion."

In *Klamath Irrigation Dist. v. United States*, 69 Fed. Cl. 160, 163 (2005) (citations omitted), the Court of Federal Claims described the circumstances under which a substantial ground for difference of opinion could exist:

> The Federal Circuit has held that one basis for this "substantial ground" may be two different, but plausible, interpretations of a line of cases. More often, however, this criterion manifests itself as splits among the circuit courts, an intracircuit conflict or a conflict between an earlier circuit precedent and a later Supreme Court case, or, at very least, a substantial difference of opinion among the judges of this court. . . . None of these circumstances exist here. Nor does the fact that the issues presented are ones of first impression mean necessarily that there is a "substantial ground for difference of opinion."

Plaintiff's Motion agrees that there is no split in the circuits, nor even a difference of opinion of judges of this Court on the issue. Rather, plaintiff contends that the issue is one not yet decided in the Federal Circuit. Plaintiff puts forth its own interpretation of § 6229(d) as contrasted with the Government's interpretation of the section (which this Court adopted) to form the supposed basis for the substantial difference of opinion. However, a difference of interpretation among the parties is not a basis for a "substantial difference of opinion." *Thorndike v. United States*, 72 Fed. Cl. 580 (2006); *Klamath*, 69 Fed. Cl. at 163.

As the Government showed in its prior briefs, the three cases that have decided this issue to date have all decided it in favor of the Government. *Grapevine v. United States,* 71 Fed. Cl. 324, 340 (2006); *AD Global v. United States*, 67 Fed. Cl. 657, 694, (2005)*; Rhone-Poulenc Surfactants and Specialties, L.P. v. Commissioner*, 114 T.C. 533, 552-553 (2000). Further, the Government does not agree with plaintiff's description of the nature of the arguments presented.

Plaintiff contends that the Government's argument is one based upon the broad purpose of the statute and that plaintiff's argument is based upon the plain meaning of the statute. (Pl. Motion at 5.) It is the Government's contention that the plain meaning of § 6229(d) suspends the period of limitations of § 6501, and that interpretation is confirmed when the broad purpose of the statute is considered. *Epsolon Limited v. United States*, No. 05-999, slip. op. at 34 (Fed. Cl. October 10, 2007).

While there may not be controlling judicial authority in the Federal Circuit on this issue, the only cases to decide the issue to date have all held that § 6229(d) extends the statute of limitations of § 6501. Despite plaintiff's attempt to inflate its argument into one that forms the basis for a "substantial ground for difference of opinion," that argument remains merely a difference of interpretation between the parties. This Court has decided the issue in favor of the Government – a decision that is in accord with the decisions of two other judges of this Court, as well as a decision of the Tax Court. There is simply no precedent, controlling or persuasive, upon which plaintiff can rely to support its contention that a substantial ground for difference of opinion exists.

**CONCLUSION**

Plaintiff has failed to establish that a substantial ground for difference of opinion exists with respect to this Court's Order of October 10, 2007. Therefore, defendant requests that plaintiff's Motion to Certify an Interlocutory Appeal be denied.

Respectfully submitted,

s/ David R. House

DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366
(202) 540-9440 (facsimile)

JAMES T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims

s/David Gustafson

Of Counsel