**IN THE**
**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **EPSOLON LIMITED, by and through SLIGO (2000) COMPANY, INC., Tax Matters Partner,** | |
| **Plaintiff,** | **No. 05-999 T** |
| **v.** | **Judge Margaret M. Sweeney** |
| **THE UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO CERTIFY AN INTERLOCUTORY APPEAL**

Epsolon Limited ("Plaintiff" or "Epsolon"), by and through its Tax Matters Partner, Sligo (2000) Company, Inc., whose managing member is Keith A. Tucker ("Mr. Tucker"), respectfully submits this Reply to Defendant's Objection to Plaintiff's Motion to Certify an Interlocutory Appeal ("Defendant's Objection"). Under Title 28 U.S.C. §1292(d)(2), this Court may certify an issue for interlocutory appeal if: (i) the issue is "a controlling question of law;" (ii) as to which "there is a substantial ground for difference of opinion;" and (iii) "an immediate appeal from that order may materially advance the ultimate termination of the litigation." Defendant's Objection challenges only prong (ii), *i.e.*, whether there is a substantial ground for difference of opinion. However, as demonstrated in Plaintiff's Motion to Certify an Interlocutory Appeal Pursuant to 28 U.S.C. §1292(d)(2) ("Plaintiff's Motion") at 4-5, there is a substantial ground for difference

of opinion relating to the legal question of the proper interpretation of section 6229(d).[1] Further, the interests of judicial economy strongly favor certification of this issue for an interlocutory appeal. The case otherwise is, and likely will remain, stayed for at least nine more months. The resolution of the section 6229(d) question in favor of Plaintiff in the interim on appeal would dispose of this entire matter and obviate the need for, and cost of, discovery, trial, and other related proceedings.

## I. There Is A Substantial Ground For A Difference of Opinion.

The key issue is not where the difference of opinion resides, but rather whether that difference of opinion is based upon a substantial ground. Accordingly, the standard does not require a split between circuit courts or a dispute between judges of the same court, but merely requires "an absence of controlling judicial authority on an issue." *McDonnell Douglas Corp. v. United States*, 27 Fed. Cl. 204, 205 (Ct. Fed. Cl. 1992). A dispute between two parties reflects a sufficient difference of opinion as long as it is based upon a substantial ground. *See Coast Federal Bank v. United States*, 49 Fed. Cl. 11, 14 (2001) (there was a substantial ground for a difference of opinion based upon the extent and depth of the parties' dispute, which suggested room for disagreement, despite the lack of any disagreement among courts with regard to the issue); *see also, Wolfchild v. United States,*78 Fed. Cl. 472, 483-484 (2007) (similarly concluding there was sufficient ground for difference of opinion in the absence of disagreement among courts). Significantly, a disagreement is sufficient to constitute a substantial ground when there are two different, but plausible, interpretations of a statute. *See, e.g., AD Global Fund, LLC v. United States*, 68 Fed. Cl. 663, 665 (2005) (concluding that different, but plausible,

[1] Unless otherwise indicated, all references to "section" or "Code" are references to the Internal Revenue Code of 1986, as amended.

interpretations of section 6229(a) gave rise to a substantial ground for difference of opinion sufficient for certification). In the instant case, there are two different interpretations of section 6229(d), and Plaintiff's position certainly is plausible.

Plaintiff contends that the plain language of section 6229(d) that references the period "specified in subsection (a)" is a reference to the 3-year minimum period of section 6229(a), which is the only period "specified" therein. Judge Halpern's concurrence and dissent in *Rhone-Poulenc Surfactants, L.P. v. Commissioner*, 114 T.C. 533 (2000), joined by two other judges of the United States Tax Court, reasoned that the plain language of the statute necessitated this conclusion that section 6229(d) "plainly refers to the 3-year minimum period" and not to section 6501. *Id.* at 560. The Federal Circuit in *AD Global Fund, LLC v. United States*, 481 F. 3d 1351 (Fed. Cir. 2007), similarly interpreted this provision when it concluded "that §6229(a) unambiguously sets forth a minimum period for assessments of partnership items that may extend the regular statute of limitations in §6501." *Id.* at 1354. None of the cases cited in Defendant's Objection (*Grapevine*, *AD Global*, and *Rhone-Poulenc Surfactants*) had the benefit of the Federal Circuit's guidance on that question to use as a starting point for analyzing section 6229(d). This plain-meaning alternative to the general purpose-based interpretation advanced by Defendant and adopted by this Court should be presented to the Court of Appeals for the Federal Circuit for a decision as to the proper interpretation of section 6229(d).

Further, there is a sharp tension between (i) the TEFRA consistency interest cited as a rationale for this Court's conclusion that the period referred to by section 6229(d) as that specified in section 6229(a) is the section 6501(a) limitations period, and (ii) the Federal Circuit's recent decision in *AD Global Fund, LLC v. United States*, 481 F.3d 1351, 1354 (Fed. Cir. 2007), that the period specified in section 6229(a) is the minimum period. Because section

6229(a) is a minimum period rather than a stand-alone period of limitations, different partners necessarily will have different limitations periods. All partners in a partnership could be assessed pursuant to a consistent period of limitations only if section 6229(a) was the single and sole period of limitations for the assessment of tax against all partners with respect to partnership items. The Federal Circuit rejected that interpretation. Thus, the Federal Circuit's holding in *AD Global* mandates inherent inconsistencies in the application of the TEFRA provisions to the various partners in a partnership. Given both the rationale and the result in *AD Global*, the Court's reliance on a generalized consistency purpose for the TEFRA provisions rather than an interpretation of the words in the statute reveals a substantial ground for difference of opinion based on the relevant precedents. *See, e.g., Board of Governors of Federal Reserve System v. Dimension Financial Corp.*, 474 U.S. 361, 373-374 (1986) ("[a]pplication of 'broad purposes' of legislation at the expense of specific provisions ignores the complexity of the problems Congress is called upon to address and the dynamics of legislative action").

**II. The Benefits of Certification Substantially Outweigh Any Potential Burdens.**

Defendant's Objection correctly observes that interlocutory relief is appropriate only in exceptional cases, but selectively omits the explication of when a case is exceptional, *i.e.*, "exceptional cases where there is a possibility of ***unnecessary delay and expense*** or protracted and expensive litigation." *Coast Federal Bank*, 49 Fed. Cl. at 13 (emphasis added). In determining whether to grant certification, this Court analyzes the burdens and benefits of certification, including factors such as the probability of reversal, hardship on the parties, and judicial proceedings avoided by the potential reversal of an interlocutory ruling. *Vereda, LTDA. v. United States,* 46 Fed. Cl. 569, 570 (2000). In this case, the benefits of an interlocutory appeal for judicial economy are substantial because a Federal Circuit reversal (*i.e.*, a ruling in favor of

Plaintiff) would save time and resources for this Court and the litigants by resolving a dispositive legal issue while the case is stayed indefinitely for all other purposes. Such a resolution would avoid the expensive and time-consuming discovery, trial, and related proceedings that otherwise would occur before any ultimate opportunity to appeal the Court's recent ruling. Further, the potential burdens of an interlocutory appeal are slight. The issue is narrow, is separate and distinct from the other issues in the case, and has been extensively briefed. Because the benefits of an interlocutory appeal far exceed any potential burdens, this Court should give the Federal Circuit an opportunity to address the section 6229(d) issue currently by certifying the issue relating to section 6229(d) for an interlocutory appeal.

**CONCLUSION**

For the reasons set forth above and in Plaintiff's Motion, Plaintiff respectfully submits that Plaintiff's Motion should be granted.

Respectfully submitted,

/s/ A. Duane Webber
A. Duane Webber
Attorney of Record

George M. Clarke III
Of Counsel

Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006
(202) 452-7000

Dated: November 18, 2007